Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RONALD E. ENABNIT, ESQ. (SBN 138062)
3638 American River Drive
Sacramento, California 95864
Telephone:   (916) 978-3434
Facsimile:   (916) 978-3430
renabnit@mathenysears.com

Attorneys for Defendant TRIAD FAMILY SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P., by and through his Guardian ad Litem, SHANNON VILLANUEVA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 4:17-cv-05679-YGR (SK)<br><br>**DEFENDANT TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>First Amended Complaint filed: May 15, 2018 |

Defendant TRIAD FAMILY SERVICES ("TRIAD") hereby responds to plaintiff's First Amended Complaint. TRIAD denies any act or omission which amounts to a violation of the statute referenced in the First Amended Complaint and denies any act or omission which would subject it to liability for the claims asserted by plaintiff. In answering the 117 paragraphs of the First Amended Complaint, if TRIAD made any statement which appears to be an admission of fault, liability or wrongdoing, which would subject it to liability under the statutes and claims referenced in the First Amended Complaint, such an admission was made inadvertently.

**INTRODUCTION**

1.   TRIAD admits the allegations in Paragraph 1.

2. TRIAD denies the allegation that M.M. was placed in Moore's home four days before she was hospitalized on 10/3/15. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the identity of the specific drug which resulted in M.M.'s hospitalization, and therefore denies the same. TRIAD admits the remaining allegations in Paragraph 2.

3. TRIAD admits the first sentence in Paragraph 3. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 3 as they pertain to County of Alameda and Maas, and therefore denies the same. TRIAD denies the allegations in the second sentence of Paragraph 3 as they pertain to TRIAD.

4. TRIAD admits that M.M. was not removed from the foster home and that J.P. was not removed until after M.M.'s death. TRIAD denies the legal contention in the first sentence in Paragraph 4 regarding the allegation that its alleged acts or omissions allowed a minor to ingest narcotics. Defendants deny the allegations in the second sentence in Paragraph 4, other than to admit that J.P.'s sister died on October 16, 2015.

5. TRIAD denies the inflammatory, improper and conclusory allegations in Paragraph 5, regarding having M.M.'s blood on its hands, but it admits that M.M.'s death was senseless and tragic.

## JURISDICTION AND VENUE

6. TRIAD is not required to admit or deny legal contentions, such as claims regarding jurisdiction. Nevertheless, TRIAD denies that the statutes cited by plaintiff state a basis for subject matter jurisdiction over it and there is no basis for supplemental jurisdiction against it. Triad is nonprofit corporation which provides foster family services, and it is not a state actor or a public actor.

7. TRIAD denies the contentions in Paragraph 7, and venue is proper in the Eastern District of California, because that is where TRIAD resides and where the incidents which are the subject of this litigation occurred.

## PARTIES

5. (sic – this should be Paragraph 8) TRIAD admits that J.P. is a male citizen of the

United States, but it is without sufficient knowledge or information to form a belief as to the truth of the allegations in the erroneously numbered Paragraph 5, and therefore denies the same.

6. (sic – this should be Paragraph 9) TRIAD admits the allegations in the erroneously numbered Paragraph 6.

7. (sic – this should be paragraph 10) TRIAD admits the allegations in the last sentence in the erroneously numbered Paragraph 7. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the erroneously numbered Paragraph 7, and therefore denies the same.

8. TRIAD admits the allegations in Paragraph 8.

9. TRIAD admits the allegations in Paragraph 9.

10. TRIAD admits the allegations in the first sentence of Paragraph 10. TRIAD admits that it is a nonprofit corporation foster family agency, that it has established and maintained a foster care program, and that it has worked with Alameda County and other governmental entities for the placement of foster children in homes it has certified. TRIAD denies the remaining overly broad, vague and ambiguous allegations in Paragraph 10, including the allegation that it is a public actor.

11. TRIAD admits that Maria Moore operated the certified foster home in which plaintiff and his sister were placed on October 1, 2015, and that this placement ended when M.M. died on October 16, 2015. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies the same.

12. In answering Paragraph 12, there are no material allegations as the Paragraph contains legal arguments or assertions. To the extent, Paragraph 12 contains material allegations, TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13. TRIAD denies the allegations in Paragraph 13.

14. The allegations in Paragraph 14, are vague and ambiguous, conclusory in nature, and assert legal contentions, for which no response is required. TRIAD denies the allegations made against it in paragraph 14.

///

**STATEMENT OF FACTS**

15-18. In answering Paragraphs 15-18, there are no material allegations as these Paragraphs contain legal arguments and purported statements of law. To the extent, the Paragraphs contain material allegations or statements of legal duties on the part of TRIAD, that TRIAD was a state actor, or that it acted under color of state law, then TRIAD denies such allegations contained in Paragraphs 15-18.

19-20. TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraphs 19-20, and therefore denies the same.

21. TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in the first sentence in Paragraph 21, and therefore denies the same. TRIAD denies the allegations in the second sentence in Paragraph 21.

22. The allegations in Paragraph 22 are vague and ambiguous and assert conclusory legal contentions. TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraph 22 regarding the words "monitor" and "vetted" and the phrase "in part" and therefore denies the same. TRIAD admits the remaining allegations in Paragraph 22.

23. TRIAD lacks sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraph 23 about Sue May's job title, and therefore denies the allegation regarding her job title. TRIAD admits that the placement was on October 1, 2015, and it denies that the placement was on September 1, 2015. TRIAD admits the remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 do not fully and completely the terms of the Placement Agreements. The obligations of TRIAD in the Placement Agreement are stated as 14 enumerated paragraphs in that document and in the 16 enumerated paragraphs of the Placement Agency – Foster Family Agency Agreement. In answering Paragraph 24, there are no material allegations, as this Paragraph contains legal arguments, legal duties and purported statements of law. TRIAD admits, however, that it agreed to perform the four services incompletely referenced in Paragraph 24.

25. The allegations in Paragraph 25 are vague and ambiguous, state legal contentions, and misstate and take out of context the terms of the Placement Agreement. TRIAD admits the

1  allegations in the second sentence of Paragraph 25, but it denies the allegations in the first sentence
2  of Paragraph 25. TRIAD denies that it expressly contracted with Alameda County to perform
3  government functions. TRIAD denies that it acted under color of state law and that it was a state
4  actor.

5        26.    In answering Paragraph 26, there are no material allegations as this Paragraph
6  contains legal arguments and purported statements of law. TRIAD admits that it is licensed and
7  regulated by the State of California by the statutes cited in Paragraph (at the times cited in the
8  Complaint), but the best evidence of the statutes and regulations regarding foster family agencies
9  are those statutes and regulations themselves. There are additional statutes and regulations which
10 regulate and govern the activities of foster family agencies. Foster family agencies are not state
11 agencies or state actors, and do not act under color of state law.

12       27.    TRIAD admits the allegations in the first sentence of Paragraph 27, except the
13 placement was on October 1, 2015, and TRIAD certified the home of "Maria Moore." TRIAD
14 denies the allegations in the second sentence of Paragraph 27.

15       28.    TRIAD admits the allegations in the first sentence of Paragraph 28, but the
16 placement was on October 1, 2015.

17       29.    Paragraph 29 contains legal arguments, conclusory contentions and purported
18 statements of law, for which no response is required. TRIAD admits that the placement with Moore
19 was subject to the direction, approval, supervision, control and/or guidance of Alameda County,
20 but to the extent that this paragraph alleges that TRIAD was a state actor and that it acted under
21 color of state law, then TRIAD denies such an allegation.

22       30.    TRIAD admits the allegations in the first sentence of Paragraph 30. TRIAD is
23 without sufficient knowledge and belief to form a belief as to the truth of the remaining allegations
24 in Paragraph 30, and therefore denies the same.

25       31-34. TRIAD is without sufficient knowledge and belief to form a belief as to the truth of
26 the allegations in Paragraphs 31-34, and therefore denies the same; with the exception that a
27 hospital document stated that M.M. was seen for "Altered level of consciousness" and
28 Amphetamine abuse."

35.     TRIAD denies each of the allegations in Paragraph 35, except it admits it was provided a "Patient Visit Information" document dated October 3, 2015, which stated that M.M. was seen for "Altered level of consciousness" and Amphetamine abuse."

36.     TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in the second sentence of Paragraph 36, and therefore denies the same. TRIAD denies the allegations in the first sentence of Paragraph 36, except it admits it was provided a "Patient Visit Information" document dated October 3, 2015, which stated that M.M. was seen for "Altered level of consciousness" and "Amphetamine abuse."

37.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are vague, unintelligible and ambiguous. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the same.

39.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 39, and therefore denies the same. TRIAD admits the allegation in Paragraph 39 regarding the statements in a medical record from St. Joseph's Medical Center, but it denies that a specific referral was made. TRIAD admits the remaining allegations in Paragraph 39.

40.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41.     TRIAD denies that the "only response" of Maas was to state "poor thing", although TRIAD admits that MAAS uttered the phrase "poor thing." TRIAD admits the remaining allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are vague and ambiguous, and lack foundation. TRIAD admits that it had contact with Alameda County on October 4, 5 and 6, 2015, regarding the medical treatment received by M.M., but it denies the vague and ambiguous term that these were "abuse or neglect referrals," because plaintiff has not adequately defined these words.

43-46.  TRIAD is without sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraphs 43-46, and therefore denies said allegations.

47. The allegations in Paragraph 47 are vague and ambiguous, and lack foundation. In answering Paragraph 47, there are no material allegations as this Paragraph contain legal arguments and purported statements of law, for which no material response is required. The best evidence of the duties cited in this paragraph are the provisions of Welfare & Institutions Code §16501(f) itself and the Emergency Response Protocol stated in the California Manual of Policies and Procedures – Child Welfare Services. TRIAD denies that it was a state actor or acted under color of state law, and that it breached any statutory or regulatory duty that applied to foster family agencies.

48. TRIAD denies the allegations in Paragraph 48.

49. TRIAD denies the allegations in Paragraph 49.

50-52. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 50-52 and therefore denies said allegations.

53. TRIAD admits that it performs the tasks described in Paragraph 53 because it is a foster family agency and such tasks are performed by a foster family agency. TRIAD denies that it performs any "public functions" as a foster family agency, to the extent that this phrase implies that TRIAD is a state or public actor, and that it acted under color of state law.

54. In answering Paragraph 54, there are no material allegations as this Paragraph contains legal arguments and purported statements of law, for which no material response is required. TRIAD admits that it had duties related to the protection of J.P. and M.M. and to supervise and monitor their foster home placement. Those duties are specified in various statutes and regulations, including some of those cited in Paragraph 54. TRIAD denies any allegation in Paragraph 54 that it is a state or public actor and that it acted under color of state law.

55. The allegations in Paragraph 55 are vague and ambiguous. In answering Paragraph 55, there are no material allegations as this Paragraph contains legal arguments and purported statements of law, for which no material response is required. TRIAD admits that it had duties related to the protection of J.P. and M.M. and to supervise and monitor their foster home placement. The statutes cited in Paragraph 55, state how public agencies are to perform their duties for children in foster care. The duties of a foster family agency are specified in various other statutes and

7
*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

1  regulations, including some of those cited in Paragraph 54.  TRIAD denies any allegation in
2  Paragraph 55 that it is a state or public actor and that it acted under color of state law.

3    56. The allegations in Paragraph 56 are vague and ambiguous; and, in particular, the
4  reference to the "10/3/15 referral."  TRIAD admits the factual allegations regarding the visits by
5  Willis.  TRIAD admits that it had duties related to the protection of J.P. and M.M. and to supervise
6  and monitor their foster home placement.  Those duties are specified in various statutes and
7  regulations, including some of those cited in Paragraph 26.  TRIAD denies any allegation in
8  Paragraph 56 that it is a state or public actor.  TRIAD denies the allegations in the third sentence
9  of Paragraph 56.

10   57. The allegations in Paragraph 57 are vague and ambiguous.  TRIAD denies the
11 allegations in Paragraph 57.  TRIAD denies any allegation in Paragraph 57 that it is a state or public
12 actor and that it acted under color of state law.

13   58. In answering Paragraph 58, there are no material allegations as this Paragraph
14 contains legal arguments and purported statements of law, for which no material response is
15 required.  TRIAD admits it solicits, investigates, and trains social workers to fulfill its duties as a
16 foster family agency.  TRIAD is without sufficient knowledge or information to form a belief as to
17 the truth of the allegations in Paragraph 58, regarding how its actions impact the finances and
18 operations of Alameda County and therefore deny said allegations.  TRIAD denies any allegation
19 in Paragraph 58 that it is a state or public actor and that it acted under color of state law.

20   59. TRIAD denies the allegations in Paragraph 59.

21   60.  In answering Paragraph 60, there are no material allegations as this Paragraph
22 contains legal arguments and purported statements of law and legal obligations, for which no
23 material response is required.  TRIAD admits that, as a foster family agency, it had statutory and
24 regulatory duties related to the protection of J.P. and M.M. and to supervise and monitor their foster
25 home placement.  Those duties and the separate duties of county child welfare departments are
26 specified in various statutes and regulations, including some of those cited in Paragraphs 47, 54
27 and 60.  TRIAD denies any allegation in Paragraph 60 that it is a state or public actor or that it
28 breached a duty relative to the Emergency Response Protocol, which applies to government entities.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

61. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 as they pertain to the County and its employees, and therefore deny the same. TRIAD denies the allegations made against it in Paragraph 61.

62. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and they pertain to the County and its employees, and therefore deny the same. TRIAD denies the allegations made against it in Paragraph 62.

63. TRIAD denies the allegations in Paragraph 63.

64. TRIAD denies that M.M.'s access to drugs was predictable. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore denies the same.

65. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies the same.

66. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore denies the same.

67. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 67 and therefore denies the same.

68. TRIAD admits the allegations in Paragraph 68

69. TRIAD admits the allegations in Paragraph 69.

70. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore denies the same.

71. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies the same.

72. TRIAD admits the allegation was senseless. The remaining allegations are vague and ambiguous and contain legal contentions and are conclusory. TRIAD denies that its acts and/or decisions contributed to M.M.'s death, or amounted to abuse or neglect of M.M. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72, to the extent that they pertain to other persons or parties.

73. TRIAD denies that its conduct was a cause of the damages alleged in Paragraph 73.

1   TRIAD is without sufficient knowledge or information to form a belief as to the truth of the
2   remaining allegations in Paragraph 73.

3        74.     TRIAD denies the allegations in Paragraph 74.

4        75.     TRIAD denies the allegations in Paragraph 75.

5        76.     TRIAD is without sufficient knowledge or information to form a belief as to the
6   truth of the allegations in Paragraph 76, and therefore deny said allegations. TRIAD denies that is
7   liable to plaintiff for his attorney's fees and costs.

8        77.     TRIAD denies the allegations and requests in Paragraph 77.

9        78.     TRIAD incorporates by reference each of its prior responses to plaintiff's First
10  Amended Complaint.

11       79.     TRIAD denies the allegation that its employees acted under color of state law, or
12  that it was a state or public actor. TRIAD is without sufficient knowledge or information to form
13  a belief as to the truth of the remaining allegations in Paragraph 79, and therefore denies said
14  allegations.

15       80.     In answering Paragraph 80, there are no material allegations as this Paragraph
16  contains legal arguments and purported statements of law, for which no material response is
17  required. TRIAD denies that it was a state or public actor and that it acted with deliberate
18  indifference.

19       81.     TRIAD denies the allegations in Paragraph 81 that are made against it. TRIAD is
20  without sufficient knowledge or information to form a belief as to the truth of the remaining
21  allegations in Paragraph 81 and therefore denies the same.

22       82.     The allegations in Paragraph 82 state legal contentions and conclusions, for which
23  no response is required. TRIAD denies the allegations in Paragraph 82 that are made against it,
24  including the allegation that it had custody of the foster children. TRIAD is without sufficient
25  knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph
26  82 and therefore denies the same.

27       83.     TRIAD denies the allegations in Paragraph 83 that are made against it. TRIAD is
28  without sufficient knowledge or information to form a belief as to the truth of the remaining

1  allegations in Paragraph 83 and therefore denies the same.

2      84. TRIAD denies the allegations made against it in paragraph 84. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies the same.

    85. TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

    86. TRIAD denies the allegations in Paragraph 86 that are made against it. TRIAD denies that it was a state or public actor, and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 86 and therefore denies the same.

    87. In answering Paragraph 87, there are no material allegations as this Paragraph contains legal arguments and purported statements of law, for which no material response is required. TRIAD denies each allegation made against it in Paragraph 87.

    88. In answering Paragraph 88, there are no material allegations as this Paragraph contains legal arguments and purported statements of law, for which no material response is required. TRIAD denies each allegation made against it in Paragraph 88.

    89. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies said allegations.

    90. TRIAD denies the allegations in Paragraph 90 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies the same.

    91. TRIAD denies the allegations in Paragraph 91 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore denies the same.

    92. TRIAD denies the allegations in Paragraph 92 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore denies the same.

///

93. TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

94. TRIAD denies the allegations in Paragraph 94 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94 and therefore denies the same. TRIAD denies that it was a state actor or public actor, and that it acted under color of state law.

95. TRIAD denies the allegations in Paragraph 95 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95 and therefore denies the same. TRIAD denies that it was a state actor or public actor, and that it acted under color of state law.

96. TRIAD denies the allegations in Paragraph 96 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 and therefore denies the same.

97. TRIAD denies the allegations in Paragraph 97 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 97 and therefore denies the same.

98. TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

99. The allegation regarding "state law" is vague and ambiguous. TRIAD denies the allegations in Paragraph 99 that are made against it. TRIAD denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore denies the same.

100. TRIAD denies the allegations in Paragraph 100 that are made against it. TRIAD denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 100 and therefore denies the same.

101. TRIAD denies the allegations in Paragraph 101 that are made against it. TRIAD

denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 101 and therefore denies the same.

102. TRIAD denies the allegations in Paragraph 102 that are made against it. TRIAD denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102 and therefore denies the same.

103. TRIAD denies the allegations in Paragraph 103 that are made against it. TRIAD denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103 and therefore denies the same.

104. TRIAD denies the allegations in Paragraph 104 that are made against it. TRIAD denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore denies the same.

105. TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

106-108. It appears that the allegations in Paragraphs 106-108 are not made against TRIAD. To the extent that any of said allegations are made against TRIAD, then TRIAD denies the allegations in Paragraphs 106-108 that are made against it. TRIAD denies that it was a state actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraphs 106-108 and therefore denies the same.

109. TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

110. The allegations in Paragraph 110 are vague and ambiguous and state legal contentions and conclusions, for which no response is required. TRIAD denies that it was a state actor and that it acted under color of state law. To the extent a response is required, TRIAD denies

the allegations against it in paragraph 110.

111-112.    TRIAD denies the allegations in Paragraphs 111-112 that are made against it. TRIAD denies that it was a state actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraphs 111-112 and therefore denies the same.

113.    TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies the same.

114-117.    TRIAD denies the allegations in Paragraphs 114-117 that are made against it. TRIAD denies that it was a state actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraphs 114-117 and therefore denies the same.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In answering the Prayer for Relief, there are no material allegations as the Prayer contains legal contentions and demands. To the extent that the Prayer contains material allegations, TRIAD denies every allegation contained in the said paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State A Claim)**

As a separate and affirmative defense to the First Amended Complaint, TRIAD alleges that the First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(No Deprivation of Rights)**

As a separate and affirmative defense to the First Amended Complaint, TRIAD denies that it has deprived plaintiff of any rights, privileges or immunities granted by the laws or Constitution of the United States, or by the laws or Constitution of the State of California.

///

///

## THIRD AFFIRMATIVE DEFENSE

### (Actual Cause)

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that the acts alleged of in the First Amended Complaint, on the part of TRIAD, did not actually cause the injuries complained of by plaintiff. As such, TRIAD is not liable for the injuries complained of herein.

## FOURTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that there is no proximate causation to link the injuries complained of by plaintiff with any actions on its part.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Persons)

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that the occurrence of the incidents complained of, and the loss and damage, which plaintiff allegedly sustained, were caused wholly or in part by the fault of persons, firms, corporations, or entities other than TRIAD, and such fault either eliminates or comparatively reduces the percentage of fault, if any, of TRIAD with respect to the matters complained of in the First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

TRIAD denies that it was a state actor, or a public actor, and that it acted under color of state law.  If, however, it is adjudicated that TRIAD was a state actor, or a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges the negligence claim is barred by the applicable statutes of limitations, including the six-month statute of limitations associated with the filing of a tort claim.

///

**SEVENTH AFFIRMATIVE DEFENSE**

**(Policy, Custom or Practice)**

As a separate, distinct and affirmative defense to the First Amended Complaint, and to each and every claim contained therein, TRIAD alleges that it has no policy, custom or practice which violates any person's civil rights.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Control of Third Persons)**

As a separate, distinct and affirmative defense to the First Amended Complaint, and to every claim contained therein, TRIAD alleges that any damages suffered by plaintiff as alleged in the First Amended Complaint were the sole, proximate or legal result of the acts and/or omissions of third parties, who were not employees or agents of TRIAD.

**NINTH AFFIRMATIVE DEFENSE**

**(Acts in Good Faith)**

TRIAD denies that it was a state actor, a public actor, or that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate and distinct affirmative defense to the First Amended Complaint, TRIAD alleges that its employees, officials, officers and agents, and managing agents acted with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

**TENTH AFFIRMATIVE DEFENSE**

**(Immunities – State and Federal)**

TRIAD denies that it was a state actor or that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate and distinct affirmative defense to the First Amended Complaint, TRIAD alleges that the First Amended Complaint, should be dismissed because it is immune and/or are entitled to absolute and/or qualified immunity based on the applicable federal and state laws and case law, including the quasi-judicial and quasi-prosecutorial immunities, and the immunities stated in the Government Code, including, but not

limited to Section 815, et seq. and 820.2.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Discretionary Immunity)**

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate, distinct and affirmative defense to the First Amended Complaint, and to every cause of action contained therein, TRIAD alleges that any acts on its part was discretionary, and not ministerial in nature. As such, TRIAD is not liable for the injuries complained of herein.

## TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that plaintiff has failed to mitigate any or all the damages alleged in the First Amended Complaint and, is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on plaintiff's part.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages)**

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that plaintiff has not alleged sufficient facts to state a claim for punitive or exemplary damages against it.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Malicious Intent/Deliberate Indifference)**

TRIAD denies that it was a state actor, a public actor, or that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate, distinct and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, TRIAD alleges that it did not act with malicious intent or deliberate indifference to deprive plaintiff of his constitutional rights or to cause other injury. TRIAD,

1  therefore, alleges that it is immune from liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Government Code)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law.  If, however, it is adjudicated that TRIAD was a state actor, a public actor or that it acted under color of state law, then TRIAD asserts the following affirmative defense:  As a separate, distinct and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, TRIAD alleges that plaintiff has failed to comply with Government Code Sections 905-945.4.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Government Code)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law.  If, however, it is adjudicated that TRIAD was a state actor, a public actor, that it acted under color of state law, then TRIAD asserts the following affirmative defense:  As a separate and distinct affirmative defense to the First Amended Complaint, TRIAD asserts all the affirmative defenses provided in Government Code Sections 810 through 1000, including but not limited to sections 815, 815.2, 815.6, 818, 818.6, 818.8, 820.2, 820.8, 820.2, 820.8, 821.4, 821.6, 822.2, 840 and 840.6.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Immunity - Good-Faith Reliance)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law.  If, however, it is adjudicated that TRIAD is a state actor, a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense:  As a separate and affirmative defense to the First Amended Complaint, TRIAD alleges that if it performed any acts or made any omissions alleged against it, it did so in good-faith reliance on, and enforcement of, legitimate laws, rules and regulations.  TRIAD therefore asserts that it is are immune from liability.

WHEREFORE, Triad Family Services prays for judgment against plaintiff as follows:

1. That plaintiff takes nothing by way of his First Amended Complaint;
2. That the First Amended Complaint be dismissed with prejudice and that judgment

be entered in favor of Triad Family Services;

3. That all costs of suit, including attorneys' fees, be awarded to Triad Family Services; and

4. That this Court award such further relief as the Court may deem just and proper.

Dated: June 5, 2018                                                 **MATHENY SEARS LINKERT & JAIME LLP**

By: /s/ Ronald E. Enabnit
RONALD E. ENABNIT, ESQ.
Attorneys for Defendant TRIAD FAMILY SERVICES