Darren J. Kessler, SBN 114986
3060 El Cerrito Plaza, Suite 371
El Cerrito, CA 94530
Tel: 510-524-7750
E-mail: darren.j.kessler@gmail.com

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9603
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. P., by and through his Guardian Ad Litem, SHANNON VILLANUEVA<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive.<br><br>Defendants. | Case No: 4:17-cv-05679-YGR<br><br>**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO STAY; AND, CROSS-MOTION TO CERTIFY COUNTY DEFENDANTS' NOTICE OF APPEAL AS FRIVOLOUS**<br><br>Date: August 7, 2018<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor |

# **TABLE OF CONTENTS**

Summary of Facts & Argument.................................................................................. 1

Argument………………………………………………………………………………….3

    I.     This Court should certify the County Defendants' appeal as frivolous. ................. 3

          A.     This Court has jurisdiction........................................................................ 3

          B.     Defendants Maas and May's appeal has no arguable basis
                in fact or law.............................................................................................. 5

                1.  Plaintiff adequately alleged Fourteenth Amendment claims ................. 5

                      a.    *Ward* does not apply; J.P. has standing to pursue these claims ...... 5

                      b.    Disputed facts as to J.P.'s damages preclude interlocutory
                          review ……………………. ............................................................... 7

                      c.    Breach-of-duty arguments cannot be decided on interlocutory
                          review ............................................................................................... 8

                2. Plaintiff adequately alleged a First Amendment claim;
                    J.P.'s intimate association rights were clearly established
                    as of 1984……………………………………………………………….9

                3. Qualified immunity is not available to social-worker defendants Maas
                    and May under either the First and/or
                    the Fourteenth Amendments................................................................. 12

    II.    The County Defendants' request for a stay on discovery should be denied ......... 13

Conclusion…..................................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Creighton,* 483 U.S. 635 (1987) ................................................................................ 10

*Apostol v. Gallion,* 870 F.2d 1335 (7th Cir.1989) ........................................................................... 4

*Behrens v. Pelletier,* 516 U.S. 299 (1996) ............................................................................... passim

*Carey v. Piphus,* 435 U.S. 247 (1978) ............................................................................................ 8

*Carnell v. Grimm,* 74 F.3d 977 (9th Cir.1996) ............................................................................. 10

*Chuman v. Wright,* 960 F.2d 104 (9th Cir. 1992) ....................................................................... 2, 4

*Cunningham v. City of Wenatchee,* 345 F.3d 802 (9th Cir. 2003) .................................................. 8

*DeShaney v. Winnebago Dep't of Soc. Servs.,* 489 U.S. 189 (1989) ............................................... 6

*Deorle v. Rutherford,* 272 F.3d 1272 (9th Cir.2001) ................................................................ 8, 10

*Eng v. Cooley,* 552 F.3d 1062 (9th Cir.2009) ................................................................................. 7

*George v. Morris,* 736 F.3d 829 (9th Cir. 2013) ............................................................................. 4

*In re George,* 322 F.3d 586 (9th Cir. 2002) .................................................................................... 5

*Giebel v. Sylvester,* 244 F.3d 1182 (9th Cir.2001) ....................................................................... 10

*Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982) ............................................... 13

*Graham v. Cty. of L.A.*, No. CV 10-05059 DDP (Ex), 2011 WL 3754749
    (C.D. Cal. Aug. 25, 2011) .......................................................................................................... 11

*Henry A. v. Willden,* 678 F.3d 991 (9th Cir. 2012) ......................................................................... 6

*Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508 (2002) ............................................................ passim

*Jeffers v. Gomez,* 267 F.3d 895 (9th Cir. 2001) .............................................................................. 7

*Johnson v. Bay Area Rapid Transit Dist.,* 724 F.3d 1159 (9th Cir. 2013) ...................................... 7

*Johnson v. Cty. Of L.A.,* 340 F.3d 787 (9th Cir. 2003) ................................................................... 4

*Johnson v. Jones,* 515 U.S. 304 (1995) ........................................................................................... 7

*KRL v. Estate of Moore,* 512 F.3d 1184 (9th Cir.2008) .................................................................. 7

*Kaur v. City of Lodi*, No. 2:14-CV-00828-TLN-AC, 2017 WL 2833404
    (E.D. Cal. June 30, 2017) ........................................................................................................... 12

*Keates v. Koile,* 883 F.3d 1228 (9th Cir. 2018) ............................................................................ 11

| | |
|---|---|
| *Kennedy v. City of Ridgefield,* 439 F.3d 1066 (9th Cir. 2006) | 6, 7 |
| *Knox v. Southwest Airlines,* 124 F.3d 1103 (9th Cir.1997) | 7 |
| *Lee v. City of L.A.*, 250 F.3d 668 (9th Cir. 2001 | 11 |
| *L.W. v. Grubbs,* 92 F.3d 894 (9th Cir. 1996) | 6 |
| *Malhiot v. S. Cal. Retail Clerks Union,* 735 F.2d 1133 (9th Cir. 1984) | 5 |
| *Mann v. City of Sacramento*, No. 2:17-01201 WBS, 2017 U.S. Dist. LEXIS 152383 (E.D. Cal. Sept. 19, 2017) | 11 |
| *Maropulos v. County of Los Angeles,* 560 F.3d 974 (9th Cir.2009) | 8 |
| *Mitchell v. Forsyth,* 472 U.S. 511 (1985) | 7 |
| *O'Loughlin v. Doe,* 920 F.2d 614 (9th Cir. 1990) | 5 |
| *Patel v. Kent Sch. Dist.,* 648 F.3d 965 (9th Cir. 2011) | 6 |
| *Plotkin v. Pac. Tel. & Tel. Co.,* 688 F.2d 1291 (9th Cir. 1982) | 3 |
| *Rigdon v. Georgia Bd. of Regents,* 594 F. Supp. 2d 1312 (S.D. Ga. 2008) | passim |
| *Roberts v. United States Jaycees,* 468 U.S. 609 (1984) | passim |
| *Rodriguez v. Cty. of Los Angeles,* 891 F.3d 776 (9th Cir. 2018) | 4 |
| *Rodriguez v. Cty. of Los Angeles,* 96 F. Supp. 3d (C.D. Cal. 2014) | 8 |
| *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962 (9th Cir.2005) | 10 |
| *Tamas v. Department of Social & Health Services,* 630 F.3d 833 (9th Cir. 2010) | 6 |
| *United States Supreme Court Roberts v. U.S. Jaycees,* 468 U.S. 609 (1984) | passim |
| *United States v. Hickey,* 580 F.3d 922 (9th Cir. 2009) | 4 |
| *In re Valerie A.,* 152 Cal. App. 4th 987, 61 Cal. Rptr. 3d (2007) | 11 |
| *Voss v. Rolland,* 592 F.3d 242 (1st Cir. 2010) | 7 |
| *Ward v. City of San Jose,* 967 F.2d 280 (9th Cir. 1991) | passim |
| Wheeler v. City of Santa Clara, F.3d (9th Cir. July 3, 2018) 2018 WL 3235544 | 2 |
| *Wood v. Ostrander,* 879 F.2d 583 (9th Cir.1989) | 10 |

**STATUTES**

| | |
|---|---|
| 42 U.S.C. § 1983 | 11 |

**MISCELLANEOUS**

Welfare & Institutions Code § 16002 ................................................................................................ 11

PLAINTIFF J.P., by and through his Guardian ad Litem, Shannon Villaneuva, hereby opposes the County Defendants' Motion to Stay, filed by the County of Alameda, Diane Davis Maas and Sue May, and, moves to certify the underlying Notice of Appeal as frivolous.

## SUMMARY OF FACTS & ARGUMENT

These proceedings stem from a motion to dismiss filed by the County Defendants' (County of Alameda, Diane Maas, and Sue May) [Dkt. 21]. Because this Court is familiar with this record and the facts, plaintiff merely incorporates his factual statement from his opposition to the County Defendants' motion to dismiss [Dkt. 23] here by reference.[1] This Court heard oral argument on this matter and issued an Order Granting in Part and Denying in Part County Defendants' Motion to Dismiss dated April 25, 2018 [Dkt. 52].

At issue now is the County Defendants' request for interlocutory review.

> Defendants COUNTY OF ALAMEDA, DIANE DAVIS MAAS and SUE MAY appeal to the United State Court of Appeal for the Ninth Circuit from those portions of the District Court's April 24, 2018 order denying their motion to dismiss on Plaintiff's claims under 42 U.S.C. section 1983 **on the basis of qualified immunity, and all issues inextricably intertwined therewith**, including but not limited to whether any constitutional violation is stated in Plaintiff's Complaint.

Notice of Appeal (Dkt. 57 at p. 1) (emphasis added). Based on this Notice of Appeal, the County Defendants now also seek a stay of discovery based on authorities allowing divestiture of jurisdiction for non-frivolous appeals. They contend the plaintiff's complaint "did not establish a cognizable violation of Plaintiff's rights under the First or Fourteenth Amendment" and that "the law was not clearly established." (County Defendants' Motion to Stay [Dkt. 63 at p.2:21-27].)

However, in the underlying Motion to Dismiss, social-worker defendants Maas and May did *not* raise qualified immunity as to J.P.'s danger-creation and inadequate-care claims. Nor did

---

[1] Plaintiff has not submitted copies of the related papers or the transcript from the argument on the County Defendants' motion to dismiss in support of this motion because Plaintiff awaits this Court's instruction, referenced at oral argument, that it would advise the parties how to file/re-file the underlying moving papers. (*See,* Transcript at 59:10-13.) At this juncture, plaintiff requests this Court take judicial notice of all documents and the transcript referenced in this brief.

- 1 -

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Maas and May contend that the governing Fourteenth Amendment law was not clearly established. Rather, they argued three issues relating to: (1) foster-child standing; (2) 1983 damages; and (3) intimate association.

*First,* they contended the plaintiff lacked standing under *Ward v. City of San Jose*. It is undisputed that siblings cannot pursue a loss-of-companionship or society claim in the Ninth Circuit under *Ward v. City of San Jose* and its progeny. *See, e.g., Wheeler v. City of Santa Clara*, -- F.3d – (9th Cir. Jul. 3, 2018) 2018 WL 3235544. No authority extends *Ward* to extinguish a foster child's rights to be free from a state-created danger or inadequate care as proscribed by the Fourteenth Amendment, or the right to association with his family members under the First Amendment. Therefore, these standing theories lacks merit.

*Second,* the County Defendants contended J.P. failed to allege actionable damages because the plaintiff did not allege he was molested or physical abused. It is undisputed that the underlying complaint is replete with facts supporting emotional harm, and, that emotional harm is legally sufficient. To the extent these defendants contend there is a factual dispute as to damages, that issue is not subject to interlocutory appeal. Therefore this Court retains jurisdiction as to the plaintiff's Fourteenth Amendment claims against Maas and May.

*Third*, the County Defendants contend a First Amendment right to intimate association between family members was not clearly established in 2015, despite Supreme Court precedent from 1984. *Roberts v. United States Jaycees,* 468 U.S. 609 (1984). A sibling's right to associate with his sibling is also codified in numerous statutes in California, which defendant social workers Maas and May, responsible for foster children, must comply with.

Accordingly, this Court should certify the Maas and May's qualified-immunity claims are frivolous or have been waived. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). In addition,

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

the County's appeal lacks merit because qualified immunity is not available to this municipal entity. Accordingly, this Court should also certify the County's appeal as frivolous.

Even if this Court declines to so certify at this time, it should deny the pending request for a stay of discovery. Here, a stay pending interlocutory review on whether the plaintiff's First Amendment rights were clearly established would *not* serve the purpose of shielding the County Defendants from engaging in discovery on the pending danger-creation and inadequate-care claims. *See, Rigdon v. Georgia Board of Regents*, 594 F.Supp.2d 1312, 1317-18 (2008) (denying motion to stay pending interlocutory appeal for qualified-immunity rulings on due-process claims because defendant still faced race-discrimination trial). As to issues the County Defendants did not or could not raise, this Court retains jurisdiction to continue with other stages of the case. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

By contrast, plaintiff will suffer significant prejudice if he had to wait for the Ninth Circuit to adjudicate the County Defendants' appeal. Memories fade with time as to pending claims not on appeal as against: (1) the County for municipal liability, (2) Maas and May for danger-creation and inadequate-care claims; (3) Triad Family Services on myriad claims, as well as, (4) Maria Moore for negligence. Accordingly, this stay should be denied.

## ARGUMENT

**I. This Court should certify the County Defendants' appeal as frivolous.**

**A. This Court has jurisdiction.**

The general rule that district courts are divested of jurisdiction over cases pending interlocutory appeal does not apply when a district court certifies an appeal as frivolous or waived. *Behrens v. Pelletier*, 516 U.S. 299, 310–11 (1996). "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, we have authorized the district court to go forward in

- 3 -

appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790-91 (9th Cir. 2018). The Ninth Circuit has "decline[d] to apply the divestiture rule in a slavish manner that ignores the reality of what happened in the trial court." *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009). Frivolous appeals can "significantly disrupt and delay trial court proceedings" and, in so doing, may "injure the legitimate interests of other litigants and the judicial system." *Apostol v. Gallion,* 870 F.2d 1335, 1338 (7th Cir.1989). "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.1992).

In *Rodriguez v. County of Los Angeles,* the district court allowed the plaintiffs to try their civil-rights case alleging cell extractions violated the plaintiffs' Bane Act and Eighth Amendment rights without first certifying the pending appeal as frivolous or waived. The defendants appealed the plaintiffs' verdict, contending the district court lacked jurisdiction to try the case. The Ninth Circuit disagreed. Although the district court erred by not preemptively certifying the appeal as frivolous before trying the case, such error was harmless. *Rodriguez*, 891 F.3d at 791.

In addition, a district court retains jurisdiction over qualified-immunity matters when they turn on questions of disputed facts. *Id.* at 791-792; *George v. Morris*, 736 F.3d 829, 833-34, 836- (9th Cir. 2013); *Johnson v. Cty. Of L.A.*, 340 F.3d 787, 791 n.1 (9th Cir. 2003). In *Rodriguez,* the Ninth Circuit issued an order to show cause inviting the defendants to identify any issue over which a court of appeal would retain exclusive jurisdiction. *Rodriguez,* 891 F.3d at 792. Absent such a showing, the Ninth Circuit ruled the *Rodriguez* defendants' appeal was frivolous. *Id.*

Here, the County Defendants cannot identify any issue over which the Ninth Circuit has exclusive jurisdiction—i.e. a non-frivolous legal question as to qualified immunity. This Court therefore retains jurisdiction over this case and may certify the underlying appeal as frivolous.

- 4 -

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

**B. Defendants Maas and May's appeal has no arguable basis in fact or law.**

An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984), *In re George*, 322 F.3d 586, 591 (9th Cir. 2002). If a defendant's challenge to the denial of a qualified-immunity defense is devoid of merit, the court can declare it as such and move forward with the case. *Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

These defendants raised three arguments. *First*, they contend plaintiff lacked standing under *Ward*. *Second*, plaintiff failed to allege he was molested or physically abused. *Third*, the seminal 1984 United States Supreme Court (*Roberts v. U.S. Jaycees,* 468 U.S. 609, 617 (1984)) decision did not set forth clearly-established law under the First Amendment. (Defendants' MPA, Dkt. 21, at pps. 2:13-15, 4:2-3, 6:25-28, 7:1-10.) The first two arguments merge, and all fail.

**1. Plaintiff adequately alleged Fourteenth Amendment claims.**

**a. *Ward* does not apply; J.P. has standing to pursue these claims.**

Defendants Maas and May contend J.P. lacks standing because his sibling died.

> The fatal defect in Plaintiff's Fourteenth Amendment claim is that he does not allege a violation of his own constitutional right to shelter or to be free of abuse at the hands of others. **There are no facts indicating that Plaintiff personally suffered any abuse or neglect in the subject foster home, and in fact, he did not**.

Reply, Dkt. 24, at p. 2:12-14 (emphasis added). Defendants continue: "his claim rests solely on the alleged abuse or neglect suffered by his sister which resulted in her death." (Id. at p.e, 9-10.)

> Plaintiff's Fourteenth Amendment claim must be dismissed with prejudice, as he has not plead facts establishing a violation of his own, personal constitutional right to safety in the foster care setting. His claim relies entirely on the violation of his sister's constitutional right, and seeks to recover damages flowing from her death. Plaintiff lacks standing to assert such a claim under established law.

*Id.* at 3:22-25. What defendants are really arguing, however, is that J.P. cannot pursue wrongful-death claims. Plaintiff agrees with that issue, and, is not pursuing wrongful-death claims.

- 5 -

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

In *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991), the Ninth Circuit held that a sibling has no Fourteenth Amendment loss-of-familial-association rights because a sibling does not have an interest in companionship. *Ward v. City of San Jose*, 967 F.2d 280, 283 (9th Cir. 1991). *Ward* does not apply here; plaintiff is not pursuing a wrongful-death claim.

Instead, foster children have well-established Fourteenth Amendment rights to be free from state-created danger and to adequate care under the Fourteenth Amendment where a special relationship exists. *DeShaney v. Winnebago Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 972 (9th Cir. 2011); *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996); See, e.g. *Tamas v. Department of Social & Health Services*, 630 F.3d 833 (9th Cir. 2010). Under the Fourteenth Amendment tests, plaintiff must also allege the County defendants exhibited reckless indifference. *Tamas*, 630 F.3d 844-45; *Kennedy v. City of Ridgefield*, 439 F.3d 1066, 1064 (9th Cir. 2006); *Henry A. v. Willden*, 678 F.3d 991, 1001 (9th Cir. 2012). Here, there is "no question" that the plaintiff was in defendants' custody, in foster care, and entitled to Fourteenth Amendment protections thereby meeting all Article III requirements. See, *Voss v. Rolland*, 592 F.3d 242, 251 fn. 18 (1st Cir. 2010).

This Court held "plaintiff has adequately pleaded both danger-creation and special-relationship theories of Fourteenth Amendment liability." (Order Granting in Part and Denying in Part County Defendants' Motion To Dismiss re Dkt. 21, at Dkt. 52, page 5:14-15.) The complaint alleged facts to support both theories as follows.

> Defendants' misconduct deprived [J.P.] (and his sister) of Fourteenth Amendment rights by affirmatively placing, deciding, or recommending that [J.P] (and [his sister]) continue to be placed in Moore's foster-care home, without engaging in any necessary acts to protect these foster siblings from future harm after [M.M.] ingested methamphetamine on 10/3/15. Defendants' misconduct resulted in [J.P] (and [M.M.]) living with a foreseeable and significant risk of danger they otherwise would not have faced—that [J.P.] or his sister would die of a methamphetamine overdose. (Complaint ¶ 82.)

Order, at p. 6:16-20. This Court also noted as follows regarding danger-creation:

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 6 -
PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

> The County Defendants are correct that the complaint is devoid of any allegations that plaintiff ingested methamphetamine or suffered any physical injury. **However, there can be no serious dispute that, taking the allegations as true, plaintiff was exposed to a danger he would not have faced had Maas and/or May removed him and his sister from their foster home, namely "expos[ure] to methamphetamine and its toxic effects including the possibility of death."** (Complaint ¶ 62.) The County Defendants' efforts to argue otherwise are not well taken.

Order, at p. 6:23-71 (emphasis added). And the Court held that the complaint adequately alleged facts to support reckless indifference by the individual defendants.

> Viewing the complaint in a light most favorable to plaintiff, the Court finds that plaintiff adequately pleads facts that, if true, would establish that individual County Defendants Maas and May acted with deliberate indifference to a substantial risk of harm to plaintiff. For example, plaintiff alleges that prior to M.M.'s death, M.M. was "hospitaliz[ed] for ingesting methamphetamine while in the exclusive care and custody of the same foster parent [as plaintiff's] for the previous four days." (Id. ¶ 81 (emphasis supplied).) Moreover, plaintiff alleges: "Defendants were subjectively aware of these facts from which an inference could be drawn that a substantial risk of harm existed. Either they drew that inference or would have been compelled to draw that inference." (Id.) According to plaintiff, despite being "on constructive notice about the details of 10/3/15, and the likelihood narcotics would again be available for the foster siblings to ingest" (id. ¶ 35 (emphasis supplied)), the County Defendants failed to inform the Dependency Court of facts regarding M.M.'s methamphetamine exposure (id. ¶ 40). Moreover, the County Defendants allegedly "failed to make any Emergency Referral Protocol assessment" despite receiving numerous abuse or neglect referrals. (Id. ¶ 52.) **In light of these allegations, the Court concludes that plaintiff has adequately pleaded a danger-creation theory of Fourteenth Amendment liability.**

Order at 7:17-8:4.

The alleged facts establish J.P.'s standing to pursue his Fourteenth Amendment claims.

**b. Disputed facts as to J.P.'s damages preclude interlocutory review.**

The Ninth Circuit's jurisdiction to conduct an interlocutory review of a district court's qualified-immunity ruling is limited to pure questions of law based on undisputed facts. *Mitchell v. Forsyth*, 472 U.S. 511, 528, 530 (1985); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *Behrens v. Pelletier*, 516 U.S. 299, 312–13 (1996); *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir.2009); *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir.2006); *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001); *KRL v. Estate of Moore*, 512 F.3d 1184, 1188–89 (9th Cir.2008); *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1164 (9th Cir. 2013).

- 7 -

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Appellants must "present the appellate court with a legal issue that does not require the court to 'consider the correctness of the plaintiff's version of the facts....'" *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003) (quotations omitted). "An order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order." *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir.2009) (citations omitted). If viable Constitutional violations are pled, qualified-immunity defenses based on disputed facts are not subject to interlocutory review. *Hope v. Pelzer*, 536 U.S. 730, 738, 122 S.Ct. 2508, 2514 (2002); *Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir.2001); *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 990, 1006 (C.D. Cal. 2014).

Defendants contend J.P. lacked standing because he did not allege he was physically abused or molested. Yet mental and emotional distress are cognizable injuries under Section 1983. *Carey v. Piphus*, 435 U.S. 247 (1978). It is undisputed the plaintiff alleged sufficient facts to support his personal emotional-harm damages.

> THE COURT: Well, you're not suggesting that emotional damage isn't recoverable, are you?
>
> MS. WIDEN: That's not in the cases.
>
> THE COURT: So that's what you think?
>
> MS. WIDEN: I think there has to be -- **there has to be an accompanying -- some type of other type of physical or - molestation, or something like that**.
>
> THE COURT: What authority do you have for that proposition?
>
> MS. WIDEN: Well, my authority is that the cases that have been cited don't address emotional harm, and I think that *Ward* does address that.

Hearing Transcript, p. 15:16-16:2 (emphasis added).

### c. Breach-of-duty arguments cannot be decided on interlocutory review.

Defendants Maas and May clarified at oral argument that their Fourteenth Amendment argument was one that was not in their moving papers. They do not contend they owed no duties to the plaintiff. Rather, they contend they did not breach any duty they owed to the plaintiff.

> MS. WIDEN: **He was safe in the placement.**

- 8 -

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

| | |
|---|---|
| 1 | THE COURT: He was safe in a house where there was - |
| 2 | MS. WIDEN: **He wasn't harmed. He wasn't -- wasn't harmed.** |
| 3 | THE COURT: **Just because someone is not harmed means they're safe?** |
| 4 | MS. WIDEN: **I think under the case law that I've read, yes.** |
| 5 | THE COURT: Do you believe that having that child in that house any day longer would have been a safe environment for that child? |
| 6 | MS. WIDEN: That is not -- that's not my decision to make. That was made by a juvenile - |
| 7 | THE COURT: I'm asking you - |
| 8 | MS. WIDEN: -- court, and I think that the foster mother was permitted to keep the children. I mean, I'm not -I don't want to get into the facts too much, but.... |
| 9 | THE COURT: But what I'm talking about, **I have to look at this Complaint and read it in a plausible sense. I have two children in a house, one of whom has died of ingesting methamphetamine, and you want me to plausibly read that the second child is safe in that house? That's what you're asking me to do?** |
| 10 | MS. WIDEN: Your Honor, **I would agree under the allegations of the Complaint -** |
| 11 | THE COURT: Which is what we're looking at. |
| 12 | MS. WIDEN: -- that's true -- **perhaps "safe" is not the right word.** |
| 13 | THE COURT: **I would agree**. |
| 14 | MS. WIDEN: I apologize to the Court on my misuse of words. **I think what I'm trying to argue here is that there was no breach of the duty alleged to the minor.** |
| 15 | THE COURT: You know, we're not at that stage. This is not summary judgment. All I'm trying to figure out is whether they stated a claim, and **if your argument is that having that child in that environment was not a danger, then you lose that argument**. |

Hearing Transcript, p. 17:6-18:18 (emphasis added). Defendants' breach-of-duty theory is premature. It cannot be raised in these Motion-to-Dismiss proceedings. It is not before this Court.

**2. Plaintiff adequately alleged a First Amendment claim.; J.P.'s intimate-association rights were clearly established as of 1984.**

Defendants Maas and May's reliance on *Ward* is misplaced. They contend the plaintiff's First Amendment claim was not clearly established based on *Ward*. But *Ward* did not turn on or even consider the First Amendment. Defendants Maas and May's factual position—that a reasonable social worker did know that a foster sibling enjoyed any right of association with his

- 9 -

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

sibling because there was no other case presenting these exact circumstances—is squarely rebutted by federal and state authorities.

The Supreme Court has repeatedly held "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741, (2002). Although "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right" that does not mean "that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful [.]" *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (citations omitted).

The Ninth Circuit insists on a common-sense approach. "Precedent directly on point is not necessary to demonstrate that a right is clearly established. Rather, if the unlawfulness is apparent in light of preexisting law, then the standard is met. In addition, even if there is no closely analogous case law, a right can be clearly established on the basis of common sense." *Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir.2001) (citations and alterations omitted); *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir.2005) ("There need not be prior authority dealing with this precise factual situation in order to deny [the officer] qualified immunity for his actions"); *Deorle v. Rutherford*, 272 F.3d 1272, 1285–86 (9th Cir.2001) ("Although there is no prior case prohibiting the use of this specific type of force in precisely the circumstances here involved, that is insufficient to entitle Rutherford to qualified immunity: notwithstanding the absence of direct precedent, the law may be, as it was here, clearly established."); *Carnell v. Grimm*, 74 F.3d 977, 979–80 (9th Cir.1996) ("The defendants argue that the right in question was phrased too broadly.... We do not agree.... [I] f the issue needed to be defined more narrowly, it would allow 'Appellants, and future defendants, to define away all potential claims.' ") (quotations omitted); *Wood v. Ostrander*, 879 F.2d 583, 592 (9th Cir.1989) ("Ostrander seemingly suggests that this case can be disposed of if it does not bear a strict factual similarity to previous cases finding liability. However, this crabbed view of the [qualified] immunity principle cannot withstand analysis.")

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

The Supreme Court recognized an intimate right of association under the First Amendment in 1984. *Roberts v. U.S. Jaycees,* 468 U.S. 609, 617 (1984). "[C]hoices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." *Roberts v. U.S. Jaycees*, 468 U.S. 609 617–18 (1984). The Ninth Circuit has recognized that a First Amendment familial-association claim is viable in *addition to* a claim under the Fourteenth Amendment. *Lee v. Cty. of L.A.*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Keates v. Koile*, 883 F.3d 1228, 1235-36 (9th Cir. 2018). As noted by this District Court, fellow courts have agreed with this common-sense and obvious analysis. *See, e.g., Mann v. City of Sacramento*, No. 2:17-01201 WBS DB, 2017 U.S. Dist. LEXIS 152383, at *3 (E.D. Cal. Sept. 19, 2017) (in case brought by decedent's siblings, court acknowledged *Ward* but declined to conclude "as a matter of law that plaintiffs do not have standing to bring their § 1983 claim for deprivation of their First Amendment right of association with decedent"); Kaur v. City of Lodi, No. 2:14-cv 828-GEB-AC, 2014 WL 3889976, at *7 (E.D. Cal. Aug. 7, 2014) (declining to apply *Ward* to preclude siblings from pursuing claims for violation of association under the First Amendment); *Graham v. Cty. of L.A.*, No. CV 10-05059 DDP (Ex), 2011 WL 3754749, at *2 (C.D. Cal. Aug. 25, 2011) (noting in light of *Ward* that fiancé of decedent did "not bring a 14th Amendment companionship claim" and concluding that her relationship with decedent "was sufficiently personal and intimate to merit the protection of the First Amendment").

And there is more. Dozens of state-mandated requirements were also imposed on defendant social workers Maas and May to inform them about the siblings' rights to association. *See*, *e.g*., Wel. & Inst. Code Sections 16002 *et seq*. (expressly stating Legislative intent in foster care is to maintain sibling contacts); *Id*. at Sections 362.1, 366.26(c)(1)(E) (ensuring sibling visitation and relationship rights); *In re Valerie A*., 152 Cal. App. 4th 987, 1003, 61 Cal. Rptr. 3d 403, 415 (2007) (holding that maintaining sibling relationships is imperative for the emotional well-being of the child now and in the future. For children who will never be returned to their parents, siblings may be the only true family they will ever have. *Id*. (quotations omitted)).

Given 1984 Supreme Court precedent applied to this foster-care situation, there is no merit to the County Defendants' argument that J.P.'s right of intimate association with his sister were not clearly established in 2015.

### 3. Qualified immunity is not available to social-worker defendants Maas and May under either the First and/or the Fourteenth Amendments.

On this record these social-worker defendants are liable under the Fourteenth Amendment or the First Amendment, or both. The County Defendants' argument that perhaps only one applies does not trigger qualified immunity. Nor should they be rewarded with a stay of discovery.

> Having already concluded that a jury could find that the Officer Defendants' conduct "shocked the conscience," even under the "purpose to harm" standard, the Court turns to **whether the Officer Defendants are entitled to qualified immunity simply because it is unclear which constitutional provisions their conduct would offend. They are not.** "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.' " *al-Kidd*, 563 U.S. at 743, 131 S.Ct. 2074. Thus, "qualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.' " *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (emphasis added). However, **qualified immunity does not give an officer who engages in conduct that was patently unconstitutional when committed a get-out-of-liability-free card because there is "some lingering ambiguity" as to which constitutional provision "applies in this precise context," or whether he has managed to violate several constitutional provisions at once**. See *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009) ("[E]ven if it were unclear whether the Fourth or Fourteenth Amendment governs Harris's excessive force claims, the legal norms underlying those claims were nevertheless clearly established."); *Estate of Booker v. Gomez*, 745 F.3d 405, 428 (10th Cir. 2014) (same); *Miranda–Rivera v. Toledo–Davila*, 813 F.3d 64, 72–73 (1st Cir. 2016) (same); see also *P.B. v. Koch*, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996) ("Regardless of the appropriate [constitutional] 'home' for plaintiffs' right to be free from excessive force, there was a clearly established right to be free from such force in 1990 and 1991. That there is possible uncertainty as to the appropriate test does not immunize Koch's actions from liability.")

*Kaur v. City of Lodi*, No. 2:14-CV-00828-TLN-AC, 2017 WL 2833403, at *18–19 (E.D. Cal. June 30, 2017) (emphasis added). When " 'the defendant ['s] conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts' that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir.1994) (quoting *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993)). This is such a case.

///

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

**II. The County Defendants' request for a stay on discovery should be denied.**

In *Rigdon v. Georgia Bd. Of Regents*, the district court refused to grant a stay because the defendants' appeal failed the collateral-order test—it would not preclude defendants from having to participate in discovery as parties because damages could be awarded on an alternative civil-rights theory. *Rigdon v. Georgia Bd. of Regents*, 594 F. Supp. 2d 1312, 1317-18 (S.D. Ga. 2008).

> Here, Defendants cannot meet prong three of the *Cohen* collateral order test—even if Defendants win their eleventh-hour appeal of the due process issue, **Plaintiff's equal protection claim ensures that they will be subjected to exactly the same litigation and trial burdens, including the stigma of racial discrimination claims.** In other words, t**he practical reality is that Defendants lack trial immunity because they face the same trial regardless of the disposition of their appeal.** This leaves Defendants with an interlocutory appeal based on a stand-alone claim of immunity to damages, which, as noted above, is insufficient to meet *Cohen's* third prong. *See Mitchell*, 472 U.S. at 526–27, 105 S.Ct. 2806 (finding that the third prong of *Cohen* is met not because qualified immunity provides immunity from liability, but rather because qualified immunity provides immunity from litigation); see also *Swint*, 514 U.S. at 43, 115 S.Ct. 1203 (noting that an erroneous award of damages can be sufficiently reviewed after a trial). See generally *Espinal–Dominguez v. Puerto Rico*, 352 F.3d 490, 498 (1st Cir.2003) ("Divorced from the question of whether a State can be sued at all in a federal court, the much narrower question of whether it can be held liable for a certain type of damages is a question that adequately can be reviewed following trial."), *CSX Transp. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1285–86 (noting that Florida state sovereign immunity is only an immunity to liability and not an immunity to suit, and, therefore, the denial of that immunity should be reviewed on post-trial appeal). As a stand-alone claim of immunity to damages does not satisfy the collateral order test, Defendants' appeal fails to meet the requirements for an interlocutory appeal under *Cohen*.

*Id.* at 1317-18 (emphasis added).

Similarly, here, the County Defendants' request for a blanket stay fails to identify how their appeal would avoid their engagement in discovery. (Motion to Stay, Dkt. 63, at pp.s 6-7.) If this Court does not certify this appeal as frivolous, it retains jurisdiction over all defendants. An appeal only "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Plaintiff's pending claims against the County of Alameda, Triad Foster Family Services, and Maria Moore are not implicated at all by this interlocutory appeal. Qualified-immunity is not

PLAINTIFF'S OPP TO C.-DEFS' MOTION TO STAY; AND, MOTION TO CERTIFY APPEAL AS FRIVOLOUS

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

an affirmative defense available to any of them. The County and Triad are named as entities; they cannot assert qualified immunity. Maria Moore is not entitled to qualified immunity because she is not a state actor. Maas and Mays's appeal does not qualify for interlocutory review because it lacks merit and is based on disputed facts. Accordingly, this stay request should be denied.

### CONCLUSION

Two named social workers, Diane Maas and Sue May, filed an interlocutory appeal from this Court's order denying qualified immunity. And, the County of Alameda incorrectly also seeks interlocutory review without the right to do so. They fail to articulate a purely legal issue based on undisputed facts to divest this Court of jurisdiction and have thus filed an appeal that should be certified as frivolous. Further, all three County Defendants seek a stay on discovery. Yet they will still have to participate in discovery on claims not raised in this appeal. This Court should deny the County Defendants' motion for a stay and certify their appeal as frivolous.

**KESSLER LAW OFFICE AND SCOTT LAW FIRM**

Dated: June 13, 2018

By: /s/ Lizabeth N. de Vries
Darren Kessler and Lizabeth N. de Vries
Attorneys for Plaintiffs-Appellees