Rebecca S. Widen, SBN 219207
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:     510-763-2324
Fax:     510-273-8534
E-mail:  rwiden@htalaw.com

Attorneys For Defendants
COUNTY OF ALAMEDA and
DIANE DAVIS MAAS and SUE MAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| J.P., by and through his Guardian ad Litem, SHANNON VILLANUEVA, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive, <br><br> Defendants. <br> _____/ | Case No.:  4:17-cv-05679-YGR (LB) <br><br> **COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY; OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO CERTIFY NOTICE OF APPEAL AS FRIVOLOUS** <br><br> **Date:**          **August 28, 2018** <br> **Time:**          **2:00 p.m.** <br> **Courtroom:**  **1, 4th Floor** |

     Defendants, COUNTY OF ALAMEDA, DIANE DAVIS MAAS and SUE MAY

("County Defendants") hereby submit their reply in support of their Motion to Stay, and oppose

Plaintiff's cross-motion to certify their qualified immunity appeal as frivolous for purposes of

avoiding the automatic divestiture of district court jurisdiction.

## I.  ARGUMENT

**A.      The Court's Power To Certify A Qualified Immunity Appeal As Frivolous Must Be Used With Restraint, And Only When The Appeal Is A Sham And So Baseless That It Does Not Invoke Appellate Jurisdiction.**

     An interlocutory appeal of an order denying qualified immunity automatically divests

the district court of jurisdiction over the issues involved in the appeal, unless the district court

certifies in writing that the appeal is frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8534

1

1992); see also *Behrens v. Pelletier*, 516 U.S. 299, 310-11, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996); *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009).  Plaintiff has requested that this Court certify in writing that County Defendants' pending appeal is frivolous under *Chuman*, and deny a stay of district court proceedings on that basis.

An appeal may be certified as frivolous under *Chuman* only if it is a sham, baseless, and wholly without merit. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); see also *In re George*, 322 F.3d 586, 591 (9th Cir. *2003*); *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).  This means that the appeal must be so baseless that it does not even invoke appellate jurisdiction, such as when the disposition is so plainly correct that nothing can be said on the other side. *Schering Corp. v. First DataBank, Inc.*, No. C 07-01142 WHA, 2007 U.S. Dist. LEXIS 45813, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol* 870 F.2d at 1339).

The power to certify that a claim of qualified immunity is so frivolous that it does not even invoke appellate jurisdiction, "is intended to protect against defendants who would use the appeal process to delay trial and injure the 'legitimate interests of other litigants and the justice system.'" *Lum v. Cty. of San Joaquin*, 2012 U.S. Dist. LEXIS 79949 (E.D. Cal. June 7, 2012) (quoting *Apostol*, 870 F.2d at 1339).  "Thus 'if the claim of immunity is a sham. . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks.'" *Id* (quoting *Apostol*, 870 F.2d at 1339).  The power to certify a qualified immunity appeal as frivolous is intended to allow the district court to retain jurisdiction when the appeal is baseless and has been filed for improper reasons.  *Id.*  This may occur, for example, when the appeal is wholly repetitive of a previous appeal of the qualified immunity issue in the same case, or when the appeal challenges a denial of qualified immunity on summary judgment that is based on a finding of disputed facts.

Importantly, the power to certify a qualified immunity claim as frivolous "must be used with restraint" by the district court.  *Id* (quoting *Apostol*, 870 F.2d at 1339).   If a district court improperly certifies a qualified immunity appeal as frivolous and denies a stay of proceedings,

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

the appealing party's remedy is to seek an immediate stay from the Ninth Circuit. *Marks v. Clarke*, 102 F.3d 1012 (9th Cir. 1996).

**B.    County Defendants' Appeal Raises Legitimate Appellate Issues And Cannot Be Deemed Frivolous.**

County Defendants' pending appeal is their first appeal pertaining to the qualified immunity claim in this matter, and it has been taken at the earliest point in the litigation.   The appeal is from an order denying a motion to dismiss that is based entirely on the allegations of Plaintiff's complaint, which are deemed true for purposes of the motion, and as such does not involve any disputed factual issues.  Accordingly, the appeal involves pure issues of law that are being challenged on appeal for the first time in this case.

Although it is clear that the Court disagrees with County Defendants on the substance of the constitutional arguments underlying their qualified immunity claim, such disagreement does not mean their appeal on the claim is a "sham" or "wholly without merit."  See *Apostol*, 870 F.2d at 1339.  Rather, County Defendants' qualified immunity appeal raises legitimate arguments about the ability of Plaintiff to sue County social workers pursuant to Section 1983 for alleged emotional harm arising solely from the death of his sibling in foster care under the First and Fourteenth Amendments.  The Court's detailed, 15-page order denying the motion to dismiss suggests that the issues presented therein merit discussion and are not simply a sham.

County Defendants' motion to dismiss was based on the argument that Plaintiff's constitutional claims are, in essence, loss of familial association claims barred by *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991) regardless of whether they are pled as "danger creation" or "special relationship" claims under the Fourteenth Amendment, or as a claim under the First Amendment.  [Docket #21; Docket #24].  This is because Plaintiff's alleged emotional harm arises entirely from, and relies entirely on, his sister's death as a result of the County Defendants' alleged acts or omissions.  County Defendants argued that Plaintiff's allegations do not establish any injury apart from the loss of his sister that was caused by County Defendants' alleged acts or omissions, and as such he cannot state a violation under the First or Fourteenth

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

3

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

Amendments under *Ward*.  County Defendants argued that Plaintiff's failure to allege any facts showing a separate injury apart from the loss of his sister meant that the first prong of the qualified immunity analysis favored the social worker defendants on Plaintiff's constitutional claims.  [Docket #21, pp. 5-6].  County Defendants also argued that the law was not clearly established in these areas, so the second prong of the qualified immunity analysis also favored the social worker defendants:  "Plaintiff has not identified a single binding case wherein a foster child has been permitted to recover damages under Section 1983 based solely on an injury suffered by another foster child in the home. Either way, Defendants Maas and May are entitled to qualified immunity because the status of the law in these areas was not clearly established, such that they would have been put on notice that their alleged conduct violated Plaintiff's personal constitutional rights." [Docket #24, p. 5]  As to Plaintiff's sibling claim for loss of familial association under the First Amendment, County Defendants offered additional arguments as to the particularly novel nature of that claim in the Ninth Circuit, cited other recent district court cases wherein the novel nature of that claim was discussed, and argued that the law was not clearly established on that basis. [Docket #21, p. 6; Docket #24, p. 5].[1]

Again, it is clear that the Court disagrees with the County Defendants' interpretation of Plaintiff's claims and with the constitutional arguments underlying their qualified immunity defense.  However, it cannot be said that County Defendants' arguments are a complete sham or wholly without merit on that basis.   It cannot be disputed that no Ninth Circuit case has permitted a foster child to recover under Section 1983 for emotional harm stemming entirely from injury to another foster child.  It also cannot be disputed that there is no Ninth Circuit case

---

[1] One of the district court cases this Court relied upon in its decision on the First Amendment sibling claim, *Mann v. City of Sacramento*, is the subject of an interlocutory qualified immunity appeal in the Ninth Circuit (case no. 17-17048) and is scheduled for oral argument on August 15, 2018.  Whether a First Amendment claim for denial of familial association between siblings exists in the Ninth Circuit, and what the parameters of such a claim would be if it does, is the main subject of that appeal. The district court in that case granted a stay of proceedings pending the outcome of the interlocutory appeal.  See *Mann v. City of Sacramento,* No. 2:17-1201 WBS DB, 2018 U.S. Dist. LEXIS 9077 (E.D. Cal. Jan. 18, 2018) (order granting motion to stay). The First Amendment issue in the present case is very similar to the one on appeal in *Mann*.

4

that expressly permits a First Amendment sibling claim for loss of familial relationship, and that other district courts have openly struggled with the existence and parameters of that kind of claim.  See, e.g., *Mann*.  County Defendants firmly believe their qualified immunity arguments are meritorious, but for purposes of *Chuman*, they merely need to be colorable, and they certainly satisfy that low bar.  As such, Plaintiff's request to certify County Defendants' appeal as frivolous must be denied.

## C.   County Defendants Raised All Qualified Immunity Arguments In Their Motion To Dismiss.

Plaintiff's opposition inaccurately asserts that County Defendants "did not raise qualified immunity as to [Plaintiff's] danger-creation and inadequate-care claims," and did not "contend that the governing Fourteenth Amendment law was not clearly established." [Plaintiff's Opp., Docket #65, pp. 1-2].  A simple review of County Defendants' arguments in the moving papers belies this assertion.  The County Defendants challenged all of Plaintiff's claims under both prongs of the qualified immunity defense.  County Defendants reiterated in their moving papers several times that their basic argument was that Plaintiff's constitutional claims, no matter under which theory they were pled, were in essence liberty-interest, familial association claims barred under *Ward*.  County Defendants argued: "In the Ninth Circuit, siblings do not have a constitutionally protected liberty interest in familial association. As such, the first prong of the qualified immunity analysis should be decided in favor of the individual County Defendants. . . ." [Docket #21, p. 6, internal citations omitted].  The County Defendants also argued that the law was not clearly established under the second prong of the qualified immunity analysis on both the Fourteenth Amendment and First Amendment claims.  [Docket #24, p. 5].

County Defendants certainly did not, as Plaintiff inaccurately asserts, "clarify" at the hearing on the motion to dismiss that their Fourteenth Amendment "breach of duty argument" was not in the moving papers. [Plaintiff's Opp., Docket #65, p. 8-9].  In response to questioning by the Court, County Defendants did state that Plaintiff's allegations of emotional harm were insufficient to establish the breach of any constitutional duty to Plaintiff, but this statement was

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

1   not different from the arguments raised in the moving papers. For example, County Defendants

2   argued in their moving papers that Plaintiff's claims were not cognizable because "Plaintiff's

3   alleged injury flows not from a violation of his own constitutional right, but instead from the

4   alleged violation of his sister's constitutional right." [Docket #24, p. 2].  It is essentially the

5   same concept in both, i.e. that Plaintiff has not alleged facts showing a breach or violation of his

6   own constitutional rights.

7           Plaintiff also incorrectly asserts that "breach of duty" arguments cannot be decided on

8   interlocutory review.  [Plaintiff's Opp., Docket #65, p. 8].  Plaintiff has cited no case law to

9   support this assertion, and it is without merit.   For purposes of appellate review in this matter,

10   the Ninth Circuit will assume the facts as alleged in the complaint are true and will address

11   whether a cognizable violation of any constitutional right (the first prong of the qualified

12   immunity analysis) has been stated based on those facts.  *Morley v. Walker*, 175 F.3d 756, 759

13   (9th Cir. 1999).  There is no factual dispute on this issue, or on any issue in the appeal.

**D.       Defendant County of Alameda Is A Named Appellant, And The Ninth Circuit Has Pendent Jurisdiction Over Plaintiff's Municipal Liability Claims.**

16           Plaintiff argues that a stay should be denied in this matter because his municipal liability

17   claims against the County of Alameda are not on appeal, and the Court has not been divested of

18   jurisdiction to proceed with those claims by virtue of the appeal.  (Plaintiff's Opp., Docket #65,

19   p. 13-14).  In reality, the County of Alameda is a named appellant in the interlocutory appeal,

20   and the Ninth Circuit has pendent jurisdiction over Plaintiff's municipal liability claims against

21   the County of Alameda on the ground that the issue of liability on those claims is "inextricably

22   intertwined" with the qualified immunity issue.  County Defendants will argue on appeal that

23   Plaintiff's complaint does not allege a cognizable violation of the First or Fourteenth

24   Amendment under the first prong of the qualified immunity analysis.  A reversal on this issue by

25   the Ninth Circuit would necessarily foreclose liability on Plaintiff's municipal liability claims

26   against the County of Alameda, as well as the claims against the individual County employees.

27   The claims are co-terminus in this respect.  *See Huskey v. City of San Jose*, 204 F.3d 893, 904

28

*J.P. v. County of Alameda, et al. /* Case #4:17-cv-05679-YGR (LB)
County Defendants' Reply In Support Of Motion To Stay; Opposition To Plaintiff's Cross-Motion To Certify
Notice Of Appeal As Frivolous

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

1   (9th Cir. 2000) ("A 'deprivation of . . . rights, privileges, or immunities secured by the

2   Constitution and laws of the United States is a prerequisite for both individual and municipal

3   §1983 liability.")  As such, Plaintiff's municipal liability claims are inextricably intertwined

4   with the qualified immunity issue, and those claims are proper subjects of appellate jurisdiction.

5   The Ninth Circuit routinely exercises pendent jurisdiction over municipal liability claims in

6   qualified immunity appeals that challenge whether Plaintiff has pled or otherwise established

7   the violation of a constitutional right.  *See, e.g., Huskey v. City of San Jose*, 204 F.3d 893 (9th

8   Cir. 2000); *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000); *Streit v. Cty. of L.A.*, 236 F.3d 552 (9th

9   Cir. 2001) *Medina v. Cty. of San Diego*, 671 F. App'x 699 (9th Cir. 2016); *Carter v. Denison*,

10  110 F. App'x 6 (9th Cir. 2004); *see also Marks v. Clarke*, 102 F.3d 1012 (9th Cir. 1996).

11          Because all of Plaintiff's claims against County Defendants are at issue in the pending

12  interlocutory appeal, including the municipal liability claims, Plaintiff's reliance on the out-of-

13  circuit case of *Rigdon v. Georgia Bd. of Regents*, 594 F.Supp. 2d 1312 (S.D. Ga 2008) is

14  inapposite.  In that case, as Plaintiff points out, the appealing defendant faced a pending race

15  discrimination claim that was not part of the appeal.  That situation is not presented in the case

16  at bar.

17  **E.      A Stay Of All District Court Proceedings Is Warranted.**

18          As discussed above, County Defendants' appeal encompasses all claims pled against the

19  County Defendants; there are no claims against the County Defendants that are not at issue in

20  the appeal.  Accordingly, the filing of the appeal has divested this Court of jurisdiction over all

21  claims and issues against the County Defendants in this action.  See *City of L.A. v. Santa*

22  *Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (holding that an appeal "divests the

23  district court of jurisdiction over the particular issues involved in that appeal").  This divestiture

24  includes discovery proceedings.  See *Di Martini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989)

25  ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery

26  should not proceed"); *Pelletier v. Fed. Home Loan Bank*, 968 F.2d 865, 872 (9th Cir. 1992)

27  (recognizing that discovery is automatically stayed during qualified immunity appeal).  See also

28  *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (immunity is to be resolved as early as possible in

7

1    the litigation); *Anderson v. Creighton*, 483 U.S. 635, 646 at fti. 6 (1987) (any discovery which

2    first occurs must be limited to that necessary to resolving the immunity question); *Harlow v.*

3    *Fitzgerald*, 457 U.S. 800, 818-819 (1982) (discovery should normally be abated until immunity

4    is resolved).

5            Although the pending appeal does not divest the Court of jurisdiction over Plaintiff's

6    claims against Triad and Moore, a stay of the entire action is appropriate to avoid subverting the

7    purposes of qualified immunity, allow for meaningful appellate review, and promote judicial

8    economy.  See *Behrens v. Pelletier*, 516 U.S. 299, 311-312 (1996) (the presence of other claims

9    for which immunity is unavailable or not immediately raised is insufficient to impair the right to

10   interlocutory appellate review).  These factors are discussed at length in County Defendant's

11   opening papers.  In addition, County Defendants would note that the public has an interest in

12   efficient and economical litigation. This is particularly apparent when a governmental entity is

13   involved because public resources are at stake. See, *Burgan v. Nixon*, No. CV 16-61-BLG-CSO,

14   2016 U.S. Dist. LEXIS 154323 at *15 (D. Mont. Nov. 7, 2016).  Bifurcating the claims and/or

15   permitting discovery to go forward on the claims against Triad and Moore would result in

16   potentially duplicative discovery and other costly proceedings, and would not serve that interest.

17           Plaintiff's only asserted claim of prejudice from a stay of the action pending appeal is

18   that "memories fade with time," presumably referring to witness memories for purposes of

19   deposition.  [Plaintiff's Opp., Docket #65, p. 3].  While this is a possible negative factor

20   associated with a stay, it does not outweigh the multiple factors raised by County Defendants

21   that weigh in favor of staying the entire case.  See *Lum v. Cty. of San Joaquin*, 2012 U.S. Dist.

22   LEXIS 79949 (E.D. Cal. June 7, 2012) (staying entire case against all defendants pending

23   outcome of qualified immunity appeal even while recognizing the adverse impact on plaintiff's

24   interest in not delaying case).  Accordingly, a stay should be granted as to all proceedings in

25   district court.

26                                  **II.   CONCLUSION**

27           County Defendants respectfully request entry of an order staying discovery and all other

28   //

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:   510-763-2324
Facsimile:   510-273-8534

proceedings in this action pending the outcome of County Defendants' interlocutory appeal.

Dated:   July 20, 2018                    HAAPALA, THOMPSON & ABERN, LLP


                                          By:_____/s/ Rebecca S. Widen_____
                                                Rebecca S. Widen
                                                Attorneys for Defendants
                                                COUNTY OF ALAMEDA, DIANE MAAS
                                                DAVIS and SUE MAY

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

9