**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **J. P., BY AND THROUGH HIS GUARDIAN AD LITEM, SHANNON VILLANUEVA,**<br><br>Plaintiff,<br><br>vs.<br><br>**COUNTY OF ALAMEDA, ET AL.,**<br><br>Defendants. | CASE NO. 17-cv-05679-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO STAY; DENYING PLAINTIFF'S CROSS-MOTION TO CERTIFY COUNTY DEFENDANTS' NOTICE OF APPEAL AS FRIVOLOUS**<br><br>Re: Dkt. Nos. 63, 65 |

Pending before the Court are: (i) the motion to stay discovery and all district court proceedings in this action filed by defendants County of Alameda (the "County"), Diane Davis Maas, and Sue May (the "County Defendants") (Dkt. No. 63 ("MTS")); and (ii) plaintiff's cross-motion to certify the County Defendants' notice of appeal as frivolous (Dkt. No. 65 ("Opp. & Cross-Motion")).[1]

**I.  SUMMARY OF RELEVANT PROCEDURAL BACKGROUND**

The Court and the parties are familiar with the background of this case, which will not be repeated in full here.

For purposes of the instant motions, the Court summarizes the relevant procedural background, namely that the County Defendants filed a motion to dismiss all counts alleged against them, which this Court granted in part and denied in part on April 24, 2018. (Dkt. No. 52.) In sum, the Court found in pertinent part that plaintiff could state: (i) a claim under 42 U.S.C. § 1983 (herein "Section 1983") for violation of his Fourteenth Amendment rights to be free from

---

[1] The Court finds the motions to be appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. Accordingly, the hearing on the motions set for August 28, 2018 is **VACATED**.

state-created danger and to minimally adequate care; (ii) a claim under Section 1983 for violation of his First Amendment right to familial association; and (iii) corresponding municipal liability claims under Section 1983. (*See generally id.*) With respect to the second of these three claims, this Court rejected the County Defendants' assertion of a qualified immunity defense on the basis that plaintiff had sufficiently alleged a violation of his First Amendment right, which was clearly established at the time of the alleged violation. (*Id.* at 9–12.)

On May 15, 2018, plaintiff filed an amended complaint in accordance with the Court's April 24, 2018 order. (Dkt. No. 55.) The County Defendants subsequently filed a notice of appeal to the Ninth Circuit, which states in pertinent part:

> Defendants COUNTY OF ALAMEDA, DIANE DAVIS MAAS and SUE MAY appeal to the United States Court of Appeal for the Ninth Circuit from those portions of the District Court's April 24, 2018 order denying their motion to dismiss on Plaintiff's claims under 42 U.S.C. section 1983 on the basis of qualified immunity, and all issues inextricably intertwined therewith, including but not limited to whether any constitutional violation is stated in Plaintiff's Complaint.

(Dkt. No. 57.)

## II. LEGAL STANDARD

### A. Motion to Stay

The filing of an interlocutory appeal of a court's denial of qualified immunity automatically divests the court of jurisdiction to proceed with trial on the issues involved in the appeal. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that denials of qualified immunity can be appealable).

"District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003), *abrogated on other grounds by Ryan v. Gonzales*, 568 U.S. 57 (2013). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This power also comes from "the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand." *Rivers v. Walt Disney Co.*, 980 F. Supp.

1358, 1360 (C.D. Cal. 1997) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)). The decision whether to stay a civil action is left to the sound discretion of the district court. *Rohan*, 334 F.3d at 817.

In deciding whether to stay a pending proceeding, a court should weigh all relevant "competing interests." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation marks omitted). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay." *Id.* (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

### B. Motion for Certification of Appeal as Frivolous

While an appeal of an order denying qualified immunity "normally divests the district court of jurisdiction to proceed with trial[,]" under the Ninth Circuit's decision in *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), a district court "may certify the appeal as frivolous and may then proceed with trial[.]" *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) (citing *Mitchell*, 472 U.S. at 530). Under *Chuman*, should the district court find that the appeal is frivolous, it "may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." 960 F.2d at 105. If a district court certifies an appeal as frivolous, the defendant may then apply to the Ninth Circuit for a discretionary stay. *Id.* at 105 n.1.

"'An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit.'" *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)). An appeal that is wholly without merit is one that is "'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side.'" *Schering Corp. v. First DataBank Inc.*, No. C 07-01142 WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). However, "[the] power [to certify an appeal as frivolous] must be used with restraint." *Apostol*, 870 F.2d at 1339. In the absence of such written certification, the district court is automatically divested of jurisdiction to proceed with trial.

*Chuman*, 960 F.2d at 105.

## III. DISCUSSION

As a threshold matter, the Court does not find it appropriate to certify the County Defendants' appeal as frivolous. While the Court disagrees with the County Defendants as to the characterization and substance of the constitutional arguments underlying their qualified immunity claim, such disagreement does not meet the demanding standard for certifying an appeal as frivolous, namely that the appeal "be 'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side.'" *Schering Corp.*, 2007 WL 1747115, at *3 (quoting *Apostol*, 870 F.2d at 1339). Thus, plaintiff's cross-motion to certify the County Defendants' appeal as frivolous is **DENIED**.

Because the Court declines to certify the County Defendants' appeal as frivolous, it must consider the County Defendants' motion for a stay. As noted above, the County Defendants' filing of a notice of appeal divests this Court of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The County Defendants describe those as "all claims pled against the County Defendants." (Dkt. No. 67 at 7 ("[T]here are no claims against the County Defendants that are not at issue in the appeal.").) Because the County Defendants' appeal presumptively pertains to all claims against them, the stay is granted as to them.[2]

Next, the Court must consider whether to stay the claims against the non-County defendants. The County Defendants themselves concede that a stay here is not automatic with respect to the claims against the non-County defendants. (*See* MTS at 5 ("[T]he appeal does not divest the Court of jurisdiction over Plaintiff's claims against Triad and Moore . . . .").) The Court finds it is not appropriate to stay the claims against the non-County defendants. The events giving rise to this action occurred almost three years ago. Trial is set in the spring, with fact discovery set to close in roughly two-and-a-half months. The County Defendants' motion to dismiss was filed,

---

[2] Notwithstanding the foregoing, it is not clear from the County Defendants' filings whether all claims are, in fact, impacted. Whether the Ninth Circuit actually decides to exercise jurisdiction over all of the claims asserted against the County Defendants is an entirely separate matter.

4

briefed, and resolved over three months ago, and their appeal to the Ninth Circuit may not resolve for a considerable period of time. In the interim, memories will continue to fade, and plaintiff's right to a speedy resolution of his claims will be thwarted. *See Apostol*, 870 F.2d at 1338. Further, while the evidence regarding the culpability of the two sets of defendants will overlap, it will not be identical.

The Court is cognizant of the County Defendants' desire to "protect government officials from the burdens of pretrial discovery and related proceedings." (MTS at 5.) However, the prejudice to the County Defendants of denying a stay as to the entire case is not as great as the prejudice to plaintiff in authorizing such an open-ended stay. Said differently, if the County Defendants are correct that they are immune from liability and the Ninth Circuit so finds, then, in fact, there will be no prejudice as the case will not be allowed to proceed against them. By contrast, plaintiff will have suffered considerable delay as to their claims against the non-County defendants without the benefit of any claims remaining against the County Defendants.

Having weighed all competing interests, the Court exercises its discretion and **GRANTS** the County Defendants' motion to stay with respect to all claims against them *only* and **DENIES** their motion with respect to all claims against the non-County defendants. In light of the foregoing, the Court is willing to entertain a motion for appropriate accommodations to minimize any burden on the County Defendants either before or after the proceedings before the Ninth Circuit are complete.

**IV. CONCLUSION**

For the foregoing reasons, the County Defendants' motion to stay is **GRANTED IN PART AND DENIED IN PART** as outlined above. Plaintiff's cross-motion to certify the County Defendants' notice of appeal as frivolous is **DENIED**.[3]

---

[3] With respect to plaintiff's request that the Court take judicial notice "of the related papers [and] the transcript from the argument on the County Defendants' motion to dismiss," (Opp. & Cross-Motion at 1 n.1), the Court need not take judicial notice of documents on this case's docket to consider them. *Cf. Asdar Grp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (noting that a court may take judicial notice of pleadings and court orders in related proceedings). Plaintiff's request for judicial notice is thus **DENIED**.

As for plaintiff's original complaint (Dkt. No. 1), defendants Triad's and Moore's

5

Discovery and all district court proceedings in this action are therefore **STAYED** on all claims against the County Defendants pending their appeal. By separate order, the County Defendants will be placed on a compliance calendar to provide the Court with an update of the Ninth Circuit proceedings.

The remainder of the case against non-County defendants, including discovery, will move forward pursuant to the schedule previously set by the Court. (Dkt. No. 37.)[4]

This Order terminates Docket Numbers 63 and 65.

**IT IS SO ORDERED.**

Dated: August 13, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

respective answers to the same (Dkt. Nos. 15, 19), and all briefing on the County Defendants' motion to dismiss (Dkt. Nos. 21, 23, 24), the parties are instructed to re-file these documents to the extent they have not already done so, by no later than **Friday, August 17, 2018**, with J.P.'s and M.M.'s full names redacted, such that only the first initial of any child's first and last name remains unredacted. No other changes may be made to these filings.

[4] In light of this Order and the schedule previously set by the Court, a Case Management Conference ("CMC") is unnecessary at this juncture. Thus, the Court **VACATES** the CMC currently set for August 28, 2018.