

| Douglas A. Sears | Robert W. Sweetin | Of Counsel: | Henry G. Matheny |
| Richard S. Linkert | Nicholas R. Shepard | Ronald E. Enabnit | (1933-1984) |
| Matthew C. Jaime | Raja A. Hafed | Raymond Bangle III | |
| Jack A. Klauschie Jr. | Sarah M. Woolston | | |
| Jeffrey E. Levine | André B. La Roche | | |
| | Madison M. Simmons | | |

E-mail: renabnit@mathenysears.com

October 1, 2018

The Honorable Yvonne Gonzalez Rogers
United States District Court
Oakland Courthouse, Courtroom 1-Fourth Floor
1301 Clay Street
Oakland, CA 94612

    Re:   *J.P. v. County of Alameda, et al.* / Case No. 4:17-cv-05679-YGR (SK)
           **Request by Triad Family Services for Motion for Summary**
           **Judgment Pre-Filing Conference**

Dear Judge Gonzalez Rogers:

    I represent defendant Triad Family Services ("Triad") in the above-referenced action. My intention is to file a motion for summary judgment on behalf of Triad. Pursuant to Paragraph 9 of your Standing Order In Civil Cases, I respectfully request that a Pre-Filing Conference be scheduled at the court's convenience on one of the following dates:

1) Friday, October 12, 2018 at 2:00 p.m.;
2) Wednesday, October 17, 2018, at 2:00 p.m.;
3) Friday, October 19, 2018, at 2:00 p.m.;
4) Wednesday, October 24, 2018, at 2:00 p.m., or
5) Friday, October 26. At 2:00 p.m.

    Plaintiff's First Amended Complaint alleges the following claims against Triad:

1) Third Cause of Action – 42 U.S.C. §1983 – policy of failure to train;
2) Fourth Cause of Action - 42 U.S.C. §1983 – Municipal Liability – customs, practices, de facto liability;
3) Sixth Cause of Action - Negligence

    The grounds for Triad's motion for summary judgment as to the Third and Fourth Causes of Action are without merit for the following reasons:

A) Plaintiff J.P. is the sibling of M.M. Siblings generally, and in foster care specifically, do not have standing in the Ninth Circuit to assert claims under 42 U.S.C. §1983. Triad is relying upon the authorities cited in defendant County of Alameda's motion to dismiss, including *Ward v. City of San Jose*, 967 F. 2d 280, 283-84 (9th Cir. 1991);

B) Triad is not a state actor, under any theory of liability. Accordingly, it cannot be liable pursuant to 42 U.S.C. §1983. Triad is a foster family agency and it is a nonprofit corporation. "Only in rare

circumstances can a private party be viewed as a state actor for section 1983 purposes." *Martinez v. County of Kern*, 2007 U.S. Dist. LEXIS 30150, 2007 WL 1079937. In *Martinez*, the court adjudicated the issue of whether a foster family agency was a state actor. It concluded that it was not. To reach this conclusion, the court applied the four tests used in the Ninth Circuit to identify state action: "(1) Public function; (2) Joint action; (3) Governmental compulsion or coercion; and (4) Governmental nexus." Id., citing *Sutton v. Providence St. Joseph Medical Ctr*, 192 F.3d 826, 835 (9th Circ. 1999).

Foster families do not perform public functions because they do not perform functions that are both traditionally and exclusively governmental. California statutes and regulations specifically authorize private non-profit Foster family agencies to <u>certify</u> foster homes, in a way that is distinguishable from the manner in which the state <u>licenses</u> foster homes. Health & Safety Code §1502(4) and California Code of Regulations Title 22, Division 6, Chapter 8.8, §§88001(p)(2) and 88035. The state does not exclusively care for minors who are adjudicated to be abused and neglected by their natural parents Foster family agencies are simply one placement option for such children. Welfare & Institutions Code §361.2(e). Foster family agencies do not possess the authority to remove children involuntarily from homes. Welfare & Institutions Code §305 and 306. Instead they are statutorily authorized only to locate, certify and train foster parents, to coordinate with county placing agencies to find homes for foster children, and to provide services and supports to foster parents, as authorized by law. Health & Safety Code §1502(4)(A-C).

Foster Family Agencies are not state actors under a Joint Action theory. This may be proved if the state and the private entity are co-conspirators or that the private party is a willful participant in state activities. For the reasons stated above, foster family agencies have separate and distinct duties from that of county social service agencies. Title 22, Division 6, Chapter 8.8 and see Welfare & Institutions Code §16500 et seq. *Martinez v. County of Kern*, 2007 U.S. Dist. LEXIS 30150, 2007 WL 1079937; *D.B. v. Brewer* 2017 U.S. Dist. LEXIS 98656 *; 2017 WL 2766437.

The Compulsion Test theory of liability requires the "coercive influence" of the state or the "significant encouragement of the state" which effectively converts private action into state action. The court in *Martinez* rejected this theory as to the subject foster family agency in that case. No facts are pleaded in J. P's first amended complaint which even remotely suggest such a theory of liability.

The Nexus theory of liability requires such a close nexus between the state and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself. *Martinez v. County of Kern*, 2007 U.S. Dist. LEXIS 30150, 2007 WL 1079937, citing *Kirtley v. Rainey*, 326 F.3d. 1088, 1095 (9th Circuit 2003).

*Monell* liability typically applies as to municipal entities, not to private corporations. This theory fails for the reasons stated above, because foster family agencies do not provide traditional public functions. *Martinez v. County of Kern*, 2007 U.S. Dist. LEXIS 30150, 2007 WL 1079937; *D.B. v. Brewer* 2017 U.S. Dist. LEXIS 98656 *; 2017 WL 2766437, citing *Larsgard v. Corizon Health, Inc.*, No. 13-cv-01747-PHX-SPL, 2014 U.S. Dist. LEXIS 150333, 2014 WL 5340581, at *6 (D. Ariz. Oct. 21, 2014) (citing *Tsao,* 698 F.3d at 1138-39); see also *Childs II v. Wynn Las Vegas, LLC*, No. 2:15-cv-1342-JCM-GWF, 2016 U.S. Dist. LEXIS 179304, 2016 WL 7441067, at *2 (D. Nev. Dec. 27, 2016). Plaintiff here has no evidence that there was any "official policy" which was the "moving force" of the constitutional violation alleged in this case. *Polk v. County v. Dodson*, 454 U.S. 312, 326 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). Also see *Avelar v. Rodriguez*, 2018

U.S. Dist. LEXIS 127091 at p. 36 (Unmeritorious *Monell* claim against a foster family agency). There is no evidence of a specific unconstitutional policy, custom or practice of Triad, which amounts to deliberate indifference to the risk of harm to plaintiff. Triad is not vicariously liable for the acts of its employees. *Guzman v. County of Alameda*, 2012 U.S. District LEXIS 48601, at pp. 42-45. Where there is no underlying constitutional violation, there is no basis for a Monell claim. See *City of Canton v. Harris*, 489 U.S. 378, 389-391 (1989).

Triad is not vicariously liable, pursuant to respondeat superior, for the alleged negligence of its independent contractor Maria Moore. See *Garcia v. W&W Community Development* (2010) 186 Cal. App. 4th 1038, 148-150.

(C)  Plaintiff J.P.'s negligence cause of action is without merit. Plaintiff did not suffer a physical impact because of Triad's alleged negligence. Plaintiff seeks only emotional distress damages. This a bystander claim (See *Dillon v. Legg*, 68 Cal. 2d 728 (1968). A bystander emotional distress claim requires that the plaintiff prove he was present at the scene of the event which caused the death of M. M. and, that he was then aware that the ingestion of drugs was the cause of M.M.'s death (CACI 1621 – elements two and three). There is no evidence that J.P. knew on October 16, 2015, that the cause of his sister's physical distress/symptoms were because she ingested drugs. He did not observe her ingestion of drugs. This is undisputed.

Plaintiff is also not a direct victim of Triad's negligence as defined by California law. M.M. was the direct victim of the alleged negligence of Triad. CACI 1621, *Ochoa v. Superior Court*, 39 Cal. 3d 159 (1985). The right to assert a direct victim claim attaches only when the defendant's conduct is directed at both the plaintiff and the victim. *Huggins v. Longs Drugs*, 6 Cal.4th 124, 130 (1993). The alleged failure to protect M.M. from the ingestion of a drug was directed at M. M. An analogous case is *Martin v. United States*, (9th Circuit 1993) 984 F. 2d 1033, 1035-1036. The defendant was alleged to have negligently supervised siblings on an outing at a park. One sibling was separated from the group, abducted and raped. Her sibling alleged she was a direct victim for purposes of asserting an emotional distress claim. The court concluded that the defendant owed a duty to both siblings to not supervise them negligently; but it rejected the contention that the defendant had a duty to all children under his care to not let harm occur to any of them that causes emotional distress to one of them. *Id.* at 1036. The court rejected the contention that imposed a duty upon a caretaker not negligently to cause emotional distress to a relative of the child being negligently supervised. *Id.* at 1036-1037. Also see *E.J. v. United States*, 2013 U.S. Dist. LEXIS 163185, at pp. 6-8. And *Steven F. v. Anaheim Union High School* 112 Cal. App. 4th 904 (2003).

Thank you for reviewing this letter and I look forward to discussing with you the grounds for Triad's motion for summary judgment.

Very truly yours,

MATHENY SEARS LINKERT & JAIME LLP

RONALD E. ENABNIT

REE/srb