# Scott Law Firm

**John Houston Scott**
john@scottlawfirm.net
(415) 561-9601

**Lizabeth N. de Vries**
liza@scottlawfirm.net
(415) 561-9603

**Kelly K. Dixon**
kelly@scottlawfirm.net
(415) 561-9607

—————

1388 Sutter Street, Suite 715
San Francisco, California 94109
www.scottlawfirmsf.com

Telephone
(415) 561-9600

Facsimile
(415) 561-9609

October 4, 2018

The Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California
1301 Clay Street, Courtroom 1, 4th Floor
Oakland, CA  94612

Re:  *J.P. v. County of Alameda, et al.*, USDC Case No. 4:17-cv-05679-YGR

Dear Judge Gonzalez Rogers:

I along with Darren Kessler represent the plaintiff, J.P. through his guardian ad litem Shannon Villaneuva and provide this initial response to Triad Family Service's request for a Pre-Filing Conference dated October 1, 2018. Plaintiff believes disputed material facts, and the law, will preclude summary judgment in favor of Triad on each ground presented.

To begin, recent deposition testimony provided by then-Triad employees Joanne Willis and Sean Nunn raise material disputed facts on each of Triad's theories that are fact-based.

Next, Triad's legal arguments as to civil-rights claims are based on a false premise. Foster children's Constitutional rights exist *even if* a sibling is killed in foster care, as set forth in this Court's Order denying in part the County Defendants' motion to dismiss at (Dkt. 52).

Specifically, plaintiff is aware of *no authority* which eradicates J.P.'s rights to be free from state-created danger or minimally adequate care under the Fourteenth Amendment. Nor has Triad cited any. *Ward v. City of San Jose*, 967 F.2d 280, 283-84 (9th Cir. 1991) did not address foster-children's Constitutional rights generically or by analogy.

As to the First Amendment, the Ninth Circuit recently analyzed *Ward v. City of San Jose,* and acknowledged that United States Supreme Court precedents from the 1980s continue to set forth clearly-established First Amendment protections for co-habitating siblings with an adequately intimate relationship. See, *Mann v. City of Sacramento*, __ Fed. Appx. __, No. 17-17048, 2018 WL 4268534, at *2 (9th Cir. Sept. 7, 2018). It is undisputed that J.P. and M.M. lived together and enjoyed a close and intimate relationship to trigger such protections.

The Honorable Yvonne Gonzalez Rogers
October 4, 2018
Page 2

Furthermore, Triad is a state actor by virtue of the law cited in its letter. Triad performed a public function, was a willful participant, and had the requisite nexus by virtue of the written agreement between the County of Alameda and Triad. The County expressly empowered Triad to *remove* foster children from a foster home, and delegated numerous mandatory duties to this private entity. Recent deposition testimony confirmed that Triad had the authority to remove the plaintiff, but *elected* to not do so. Triad was also a co-conspirator with the County by virtue of their failures to fulfill scores of breaches of mandatory duties. And as a state actor, Triad is also exposed to liability under *Monell*.

Triad's negligence theories are similarly unavailing. Disputed facts relating to J.P.'s experiences while M.M. suffered for hours before dying in his arms will preclude judgment on a bystander claim. Furthermore, no case cited by Triad precludes J.P.'s direct negligence claim. This is not a *respondeat superior* matter for Maria Moore's negligent supervision. None of Triad's cited cases arose from a foster family agency's failure to fulfill mandatory duties to protect a child in their care. Nor did any involve a child who ingested methamphetamine, *twice*.

Plaintiff's counsel welcomes the opportunity to participate in this conference in the hopes of ensuring a streamlined motion practice, if one will still be pursued thereafter, based on the applicable law and extraordinary facts in this record.

Very truly yours,

SCOTT LAW FIRM

/s/ Lizabeth N. de Vries

Lizabeth N. de Vries