Darren J. Kessler, SBN 114986
3060 El Cerrito Plaza, Suite 371
El Cerrito, CA 94530
Tel: 510-524-7750
E-mail: darren.j.kessler@gmail.com

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9603
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. P., by and through his Guardian Ad Litem, SHANNON VILLANUEVA<br><br>　　　Plaintiffs,<br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive.<br><br>　　　Defendants. | Case No: 4:17-cv-05679-YGR<br><br>**JOINT DISCOVERY LETTER DATED 10/10/18** |

Dear Judge Gonzalez-Rogers:

Counsel for plaintiff J.P. (Darren Kessler and Liza de Vries), Triad Family Services (Ron Enabnit), and the County Defendants (Rebecca Widen) submit this joint letter to comply with this Court's 2/24/17 standing order.[1] The parties seek clarification of this Court's 8/13/18 Order Granting in Part and Denying in Part County Defendants' Motion to Stay (Dkt. 68). The County Defendants' position is that the stay entered precludes J.P. and Triad's attempt to depose the individual County Defendants (Sue May and Diane Davis Maas), as well as County employee Christine Nygaard. J.P. and Triad do not believe these depositions violate the stay because it relates to the plaintiff's negligence claim against Triad, and Triad's contributory-negligence defense. J.P. and Triad's position is that they need this discovery to prepare for trial. Time is of the essence as non-expert discovery closes on 12/4/18.

### A. J.P. and Triad's Position

Regardless of whether the Ninth Circuit (or the Supreme Court) determines the County Defendants are entitled to qualified immunity *there is no prejudice to their being deposed in 2018 as opposed to 2020* as to them. By contrast, the delay will significantly prejudice the plaintiff, which has already been adjudicated. This Court considered the County Defendants' request for a stay, and, issued its order as follows (Dkt. 68):

> The Court is cognizant of the County Defendants' desire to "protect government officials from the burdens of pretrial discovery and related proceedings." (MTS at 5.) However, the prejudice to the County Defendants of denying a stay as to the entire case is not as great as the prejudice to plaintiff in authorizing such an open-ended stay. Said differently, if the County Defendants are correct that they are immune from liability and the Ninth Circuit so finds, then, in fact, there will be no prejudice as the case will not be allowed to proceed against them. By contrast, plaintiff will have suffered considerable delay as to their claims against the non-County defendants without the benefit of any claims remaining against the County Defendants.

Plaintiff interprets the Court's order as anticipating and approving the parties' deposing County *percipient* witnesses and subpoenaing testimony at trial on 4/29/19, *before* the named defendants' qualified-immunity appeal is decided as early as late 2019 or 2020.

The County Defendants boldly invite this Court to reconsider its order based on no new law, no new facts, and critically, *no prejudice*. Plaintiff alleged negligence against Triad, not against the County Defendants. This Court has jurisdiction over plaintiff's negligence claim *against Triad*. This negligence claim was not raised, adjudicated, or appealed by any party. Nor is it subject to interlocutory review. Hence this Court did not identify it as a "stayed" claim in its stay order.[2]

---

[1] The parties participated in a settlement conference on 9/25/18. Counsel for Maria Moore is not contributing to this letter because of Ms. Moore's conditional settlement with the plaintiff. The settlement will be the subject of a minor's compromise petition. Putting the settlement aside, Ms. Moore's counsel has also indicated that she agrees with the position advanced by Triad.

[2] Were the plaintiff to file his negligence claim against Triad in state court, he would be entitled to depose these witnesses *immediately*.

Triad will not agree to abandon its contributory-negligence defense. Two Triad employees' recent depositions highlight disputed facts supporting Triad's contributory-negligence defense requiring plaintiff depose percipient County witnesses to prepare for trial.

**First**, Triad Director Sean Nunn testified on 9/18/18 that Triad did not disclose M.M.'s ingestion of amphetamines on 10/3/15 from its mandatory California Care Licensing report with the nominal date of 10/8/15 *because Triad did not know about the drugging, yet.* And, once Nunn discovered the 10/3/15 drug exposure, he did not believe the amphetamines consumed came from Maria Moore's foster home *because of information provided by the County's employee, Sue May*. Nunn testified that May stated the drugs found in M.M.'s system *may have come from M.M.'s biological mother's home*. However, May's writing, memorializing the same call (dated one year later), stated only that May learned that M.M. went to a "doctor" on 10/3/15 did not discuss any drugs.

**Second**, Triad Social Worker (and former-employee) Rebecca Willis testified on 9/12/18 that her *only* conversation with any County employee about J.P. and M.M. was with the County's social worker and now-former employee, Diane Mass Davis. Willis testified that on 10/6/15, she told Mass Davies about M.M.'s amphetamine exposure; Maas's response was to say "poor thing" and MAAS said she would speak with her supervisor (believed to be Christine Nygaard) and get back to Willis. Nunn also testified that *the County did not authorize the removal request*.

Plaintiff and Triad are entitled to discover what May, Maas, Nygaard, and other County employees who were *percipient* witnesses knew or said to Triad or others as it relates to Triad's contributory-negligence defense. The inquiries will, as the Court already observed, overlap but not be dispositive as to the County Defendants' individual liability, relating to: (1) notice regarding M.M.'s 10/3/15 exposure to drugs; (2) discussions between County employees or agents, and with Triad or third parties, about who was required to, or did, take any action to ensure the siblings' safety or otherwise protect them after this exposure; (3) Triad's duties and responsibilities to care for J.P. under its agreement and customary practice with the County; and, (4) plaintiff's ability to respond to any of Triad's other factual contributory-negligence theories.

### B. County Defendants' Position

It is undisputed that this Court has ordered a stay of all discovery and other district court proceedings on Plaintiff's case against the County Defendants while the current qualified immunity appeal is pending. Plaintiff is now attempting to do an end-run around the stay by seeking to depose the County Defendants not as parties in the case, but as "percipient witnesses" on the claims against co-defendant Triad. However, because the facts pertaining to County Defendants' constitutional liability to Plaintiff (the subject matter of the appeal) are inextricably intertwined with the facts pertaining to Plaintiff's claims against Triad, these depositions are, or should be, barred by the existing stay order.

When a party files a non-frivolous appeal of a district court's order, the notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010). The law is clear that discovery should not proceed while a qualified immunity appeal

is pending. "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 828 (1982). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting Siegert, 500 U.S. at 236 (KENNEDY, J., concurring in judgment)). See also *Di Martini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989) ("The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed"); *Pelletier v. Fed. Home Loan Bank*, 968 F.2d 865, 872 (9th Cir. 1992) (recognizing that discovery is automatically stayed during qualified immunity appeal).

Contrary to Plaintiff's assertion, a discovery stay entered during a qualified immunity appeal generally stays all discovery as to the appealing defendants, even if there are other claims going forward in the case. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). This is particularly true when the facts underlying other claims in the case are or may be coextensive with the facts underlying the qualified immunity claims, as those facts would be "aspects of the case involved in the appeal." *Id.* The case of *M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12cv460-JM (MDD), 2013 U.S. Dist. LEXIS 26328 (S.D. Cal. Feb. 26, 2013) is on point on this issue. In *M.G.*, the plaintiff was pursuing claims against a set of federal defendants, and a set of private defendants who were both involved in causing plaintiff's alleged harm. The federal defendants filed a motion to dismiss on the ground of qualified immunity and sought a stay of all discovery in the case pending the outcome of the qualified immunity issue. The court, in granting the requested stay, observed that the conduct of the federal defendants was "inextricably intertwined" with the allegations against the private defendants, such that any discovery into the actions of the federal defendants was "critical to establishing facts to support the defense of" the private defendants. This, the court noted, was the precise concern expressed by the Supreme Court in *Iqbal* while discussing the necessity of staying all discovery in the case when qualified immunity is raised. *Id.* See also *A.A. v. Martinez*, Civil Action No. 12-cv-00732-WYD-KMT, 2012 U.S. Dist. LEXIS 174813 (D. Colo. Oct. 9, 2012) (staying discovery in entire case, including on claims of co-defendants, pending outcome of qualified immunity issue); *Alston v. Read*, No. 07-00266 SPK-LEK, 2010 U.S. Dist. LEXIS 36379 (D. Haw. Apr. 13, 2010) (same).

In the present case, due to the stay and the Court's lack of jurisdiction over the claims against the County Defendants, County Defendants have not been participating as a party in any of the depositions or other discovery taking place between Plaintiff and co-defendants Triad and Moore. Plaintiff now seeks to take the depositions of individual County Defendants Diane Davis Maas and Sue May, along with County employee Christine Nygard. Plaintiff does not seek to limit the scope of these depositions such that the testimony would relate solely to Plaintiff's claims against Triad, because the conduct and observations of these witnesses pertain to liability on all of Plaintiff's claims in this case, including those on appeal. The conduct and observations of these witnesses are "inextricably intertwined" on the claims against County Defendants, and on the negligence claims against Triad. Plaintiff does not appear to dispute this, but maintains that the depositions are permissible simply because he declares they are being taken on his claims against Triad instead of his claims against County Defendants. Notably, Plaintiff cites **no case authority whatsoever** in support of his argument in this regard. Plaintiff's position should be rejected based on the case authority cited by County Defendants above, indicating that the

requested discovery would be improper in light of the stay and the pending qualified immunity appeal.

County Defendants are not merely percipient witnesses; they are parties to this case. Granting Plaintiff's request to take these depositions would place County Defendants in an untenable position: they are not participating as a party in any depositions or other discovery currently taking place between Plaintiff and Triad and are not protecting their legal defenses during other adverse witness depositions on Plaintiff's claims against Triad,[3] yet they would be expected to provide depositions on those claims that could ultimately be used against them *as parties* at some later point. The Triad testimony referred to above by Plaintiff was not subject to cross-examination by County Defendants. The purpose behind the discovery stay for qualified immunity appeals essentially would be eviscerated if these depositions were permitted to proceed under these circumstances, and County Defendants clearly would be prejudiced.

In their motion to stay, County Defendants requested a stay of the entire case. County Defendants pointed out the various problems that would arise if the claims against Triad and Moore proceeded while the case was stayed as to County Defendants. Despite knowledge of these problems, Plaintiff still requested the Court to allow the case to proceed on a separate track against Triad and Moore. Essentially, Plaintiff invited the very problem of which he now complains.

County Defendants maintain that the discovery stay entered by this Court, as it exists now, prevents these depositions from going forward. If the Court adopts Plaintiff's view of the stay order, however, then County Defendants respectfully request that the Court revisit staying the entire case until County Defendants' qualified immunity appeal is decided.[4] Not only would this resolve the issues raised by Plaintiff herein, it would prevent prejudice to County Defendants and serve the interests of judicial economy. County Defendants would note that, in addition to the discovery problems inherent in allowing the case to proceed against Triad and Moore, there is also the very real problem of potentially inconsistent rulings. Triad's recent letter requesting a summary judgment conference [Docket #79] indicates that the number one issue on its motion for summary judgment will be the same exact constitutional standing issue that is currently before the Ninth Circuit in County Defendants' qualified immunity appeal. For the foregoing reasons, Plaintiff's request to take the depositions of County Defendants should be denied.

| | |
|---|---|
| **LAW OFFICES OF DARREN KESSLER** | **HAAPALA, THOMPSON & ABERN, LLP** |
| /s/ Liza de Vries and Darren Kessler | /s/ Rebecca S. Widen |
| Darren J. Kessler and Lizabeth N. de Vries, for the plaintiff | Rebecca S. Widen, for Defendants County of Alameda, Diane Davis Maas, and Sue May |
| | |
| **GAVIN CUNNINGHAM & HUNTER** | **MATHENY SEARS LINKERT JAIMIE LLP** |
| /s/ Alan Hunter | /s/ Ronald Enabnit |
| Alan Hunter, for Maria Moore | Ron Enabnit, for Triad Family Services |

---

[3] County Defendants will be entitled to engage in full discovery on Plaintiff's claims against them in the event their appeal is denied and this Court regains jurisdiction over them.
[4] County Defendants request permission to file a noticed motion in this regard, if the Court finds it appropriate.