1   Darren J. Kessler, SBN 114986                    Ronald E. Enabnit, SBN
    **KESSLER LAW OFFICE**                            **MATHENY SEARS LINKERT JAIME LLP**
2   3060 El Cerrito Plaza, Suite 371                 3638 American River Drive
    El Cerrito, CA 94530                             Sacramento, CA  95864-5901
3   Tel: 510-524-7750                                Tel: (916) 978-3434
    E-mail: darren.j.kessler@gmail.com               Fax: (916) 978-3430
4                                                    E-mail: renabnit@mathenysears.com

5   John Houston Scott, SBN 72578                    Attorneys for Triad Family Services
    Lizabeth N. de Vries, SBN 227215
6   **SCOTT LAW FIRM**
    1388 Sutter Street, Suite 715
7   San Francisco, CA 94109
    Tel: (415) 561-9603
8   Fax: (415) 561-9609
    E-mail: john@scottlawfirm.net
9   liza@scottlawfirm.net

10  Attorneys for Plaintiffs

11

12                    **UNITED STATES DISTRICT COURT**

13                   **NORTHERN DISTRICT OF CALIFORNIA**

14  J.P., by and through his Guardian            Case No:  4:17-cv-05679-YGR
15  Ad Litem, SHANNON VILLANUEVA

16         Plaintiffs,                           **JOINT NOTICE OF MOTION AND
                                                 MOTION TO COMPEL; MEMORANDUM
    v.                                           OF POINTS AND AUTHORITIES IN
17                                               SUPPORT THEREOF**

18  COUNTY OF ALAMEDA, DIANE DAVIS
    MAAS, SUE MAY, TRIAD FAMILY
    SERVICES, MARIA REFUGIO MOORE,               Date:   December 4, 2018
19  and DOES 1-30, inclusive.                    Time:  2:00 p.m.
                                                 Ctrm:  1, 4th Floor
20         Defendants.                                   1301 Clay Street, Oakland
                                                 Judge:  The Hon. Yvonne Gonzalez Rogers
21

22

23

24

25

26

27

28

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**NOTICE OF MOTION AND MOTION**

On December 4, 2018, at 2:00 p.m., or as soon thereafter as may be heard before the Honorable Judge Yvonne Gonzalez Rogers, at the United States District Court for the Northern District of California, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California, Triad Family Services and J.P. by and through his guardian ad litem will and hereby do move this Court under Rules 26(b) and 24 of the Federal Rules of Civil Procedure for an order compelling the County of Alameda to produce three percipient witnesses for deposition, i.e., Diane Maas, Sue May, and Christine Nygaard. This motion will be based on this Joint Notice of Motion, Motion, Memorandum of Points and Authorities, Fed. Rules of Civil Procedure Rules 26(b) and 34, the Court's files herein, and any arguments or evidence presented at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The parties submitted a joint discovery letter dated October 5, 2018 seeking this Court's guidance relating to differing interpretations of this Court's Order Granting in Part and Denying in Part County Defendants' Motion to Stay, Dkt. 68. The County Defendants requested a briefing schedule in the joint letter, submitted at Dkt. 84. The Court issued a briefing schedule inviting Triad and J.P. to move to compel, hence this joint motion.

Triad seeks to conduct this discovery to develop its contributory-negligence affirmative defense against the County of Alameda and to establish its own defenses against J.P.'s claims against it, including the defenses that it is not a state actor and that it did not act with deliberate indifference to the constitutional rights of J.P.

To respond to Triad's defenses and procure percipient witnesses' testimony, J.P. wishes to depose all percipient witnesses including those who are County employees or former employees. J.P. is prepared to go to trial against Triad, however, without the depositions of the County witnesses. However, J.P. would be severely prejudiced by delaying these County witnesses' depositions for approximately two years because their memories will fade by the time the County Defendants' appeal is adjudicated.

- 1 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Both Triad and J.P. believe this Court already considered the eventuality of deposing

percipient County witnesses in its order on the County Defendants' request for a stay (Dkt. 68):

> The Court is cognizant of the County Defendants' desire to "protect government officials
> from the burdens of pretrial discovery and related proceedings." (MTS at 5.) However, the
> prejudice to the County Defendants of denying a stay as to the entire case is not as great as
> the prejudice to plaintiff in authorizing such an open-ended stay. Said differently, if the
> County Defendants are correct that they are immune from liability and the Ninth Circuit
> so finds, then, in fact, there will be no prejudice as the case will not be allowed to proceed
> against them. By contrast, plaintiff will have suffered considerable delay as to their claims
> against the non-County defendants without the benefit of any claims remaining against the
> County Defendants.

Triad and J.P. interpret the Court's order as anticipating and approving the parties' deposing

County *percipient* witnesses and subpoenaing testimony at trial on April 29, 2019 *before* the

named defendants' qualified-immunity appeal is decided in approximately 2020.

Moreover, several factual disputes have arisen in the course of discovery which put these

three percipient witnesses' testimony at issue.

## II.    FACTS RELATING TO PROPOSED DEPONENTS' TESTIMONY

Triad's then and current Director, Sean Nunn, testified on 9/18/18 that Triad did not

disclose M.M.'s ingestion of amphetamines on 10/3/15 from its mandatory California Care

Licensing report with the nominal date of 10/8/15 because he was not aware of the details about

the ingestion. Mr. Nunn further testified that he believed the amphetamines M.M. consumed did

*not* come from Maria Moore's foster home because of information the County's employee, Sue

May, provided to Triad's employee, Niasha Dupree.

Former Triad Supervisor Marie Hoglund testified on 10/23/18 that she instructed Triad's

social worker Joanne Willis to request the County immediately remove J.P. and M.M. from Ms.

Moore's home on 10/6/15. Ms. Hoglund also testified that Mr. Nunn told her on 10/6/15 that he

believed the amphetamines that M.M. had ingested on 10/3/15 came from the siblings' biological

home.  Ms. Hoglund further testified that Mr. Nunn told her that this information was what Ms.

Dupree had told him, which, Ms. May had told Ms. Dupree.

(Former) Triad Social Worker Joanne Willis testified on 9/12/18 that her only

conversation with any County employee about J.P. and M.M. was with the County's then-

- 2 -

assigned social worker and now-former employee, Diane Davis-Maas. Ms. Willis testified that she faxed, on 10/5/15, Ms. Davis-Maas the 10/3/15 hospital findings showing M.M. had amphetamines in her system. Ms. Willis also testified that on 10/6/15, she spoke with Ms. Davis-Maas about M.M.'s amphetamine exposure. Ms. Davis-Maas said "poor thing" and that she would speak with her supervisor (believed to be Christine Nygaard) and get back to Ms. Willis.

Triad and J.P. are entitled to discover what Mesdames May, Davis-Maas, and Nygaard knew or said to Triad or others as it relates to Triad's contributory-negligence defenses. The inquiries will, as the Court already observed, overlap but not be dispositive as to the County Defendants' individual liability, relating to: (1) notice regarding M.M.'s 10/3/15 exposure to drugs; (2) discussions between County employees or agents, and with Triad or third parties, about who was required to, or did, take any action to ensure the siblings' safety or otherwise protect them after this exposure; (3) Triad's duties and responsibilities to care for J.P. under its agreement and customary practice with the County; and, (4) plaintiff's ability to respond to any of Triad's other factual contributory-negligence theories.

## III.    ARGUMENT

### A.    TRIAD'S ARGUMENT

#### 1.    Triad Family Services Should Be Allowed to Depose Employees of County of Alameda

Plaintiff has alleged that County of Alameda has committed various wrongful acts which deprived him of his relationship with his younger sister and caused him to suffer emotional distress. Triad has asserted an affirmative defense of the comparative fault of others; which would include the comparative fault of the County. County social workers Sue May and Diane Davis-Maas and County social worker supervisor Christine Nygaard have substantial information which may tend to corroborate Triad's affirmative defense of comparative fault against the County. Federal Rules of Civil Procedure Rule 30 permits a party in civil litigation, such as Triad to conduct depositions to discover relevant information prior to trial. Fundamental fairness and procedural due process requires that the stay order as to the County be modified, in order to allow

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Triad to conduct depositions of Sue May, Diane Davis-Maas and Christine Nygaard to discover the facts regarding their involvement in and knowledge of the facts related to J.P.'s complaint.

**2.   In the Event That the Court Denies Triad's Request to Depose the County Employees, Triad Requests That the Court Vacate the April 29, 2019 Trial Date**

If the Court denies the motion to allow the depositions of the County employees, then Triad requests that the April 29, 2019 trial date be vacated. Triad's due process right to a fair trial would be irreparably prejudiced not only because of its inability to conduct critical liability depositions, but because of its inability to compel the attendance of the same County employees to testify at the April 29, 2019 trial.

Additionally, Triad's due process rights would potentially be irreparably harmed if the County is not a participant in the same trial in which plaintiff's claims against Triad are adjudicated.  For example, if the jury finds in favor of Triad at the April 29, 2019 trial or finds that Triad has only minimal liability, the County might contend that such a verdict has no collateral estoppel effect regarding its potential indemnity claims against Triad. Thus, the possibility exists that Triad would be required to participate in a second trial in which the County litigates its indemnity claims against it, even though the issue of Triad's liability would have already been adjudicated.  This creates the possibility of inconsistent verdicts and much judicial inefficiency and confusion.  Accordingly, Triad requests that the court issue an order vacating the April 29, 2019 trial date and further ordering that all claims against all parties in this action be litigated at one trial, following the resolution of the County's appeal currently pending before the Court of Appeals for the Ninth Circuit.

**B.   J.P.'s ARGUMENT**

**1.   Delaying these percipient witnesses' depositions would severely prejudice the plaintiff who would have to wait two years before capturing their testimony.**

Although this Court denied plaintiff's motion to certify the County Defendants' pending appeal as frivolous, that does not mean the County Defendants are likely to prevail in the Ninth Circuit. Their pending appeal is limited to the issues presented which turn on *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991). Winning qualified immunity would require the County

- 4 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Defendants make new law which is contrary to all public-policy precepts. To rule that *Ward* strips all foster children of their Fourteenth Amendment rights to adequate care and supervision, and, to not be put in a more dangerous situation, not to mention their First Amendment rights to associate, would *reward* those charged with foster siblings' care who allow one to die. Moreover, plaintiff's claims against the County and Triad would remain even if the individual County Defendants prevailed on qualified immunity. The Ninth Circuit's decision will not save these witnesses from deposition. This is not a question of "if" but "when."

Next, the County Defendants boldly invite this Court to *reconsider* its order regarding a stay based on no new law, no new facts, and critically, *no prejudice*. Regardless of any County liability, these are percipient witnesses to plaintiff's claims against Triad and the County. The parties merely seek truthful testimony from these witnesses. The County Defendants' refusal to submit for deposition now in December 2018 comes after delaying for what will be one year.[1] By contrast, J.P. understands that both Ms. Davis-Maas and Ms. May have retired or left the County's employ. The longer one waits to capture their testimony, the more these witnesses' memories will fade about their experiences with J.P. and M.M. during their now-former employment with the County. Critically, this Court has already adjudicated a stay request based on J.P.'s prejudice by allowing discovery to proceed in this matter.

Finally, this Court has jurisdiction over J.P.'s claims *against Triad*. His negligence claim was not raised, adjudicated, or appealed by any party. Nor is it subject to interlocutory review. This Court did not identify it as a "stayed" claim in its order. Were the plaintiff to file his negligence claim against Triad in state court, he would be entitled to depose these witnesses *immediately*. J.P. should not be punished for being mindful of judicial resources by pursuing all claims in one venue.

---

[1] Plaintiff requested deposition dates for Mesdames Maas-Davis and May in December 2017. The County insisted it required an order under Cal. Wel. & Inst. Code Section 827 and to review those records before producing *any* County employee for deposition. J.P. disclosed in his FRCP 26 papers over 4,000 pages he obtained through the Section 827 process on 4/2/18 to all parties. Plaintiff patiently waited for the County Defendants to be deposed after their Section 827 motion was adjudicated which was finally issued on 6/7/18. Instead of then producing these witnesses, the County Defendants filed an appeal and sought a stay of discovery.

- 5 -

**2.  J.P. objects to vacating the 4/29/19 trial date.**

Triad's herein-stated request to vacate the current trial date if these witnesses cannot be deposed before trial is not based on "new" facts or law, and was not presented to the Court prior to its issuance of a stay order. Therefor the Court's stay order should not be reconsidered.

Moreover, the County of Alameda cannot seek indemnity against Triad for the *County's* violations J.P.'s civil rights. *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) (holding that courts are not free to read a cause of action for indemnity into statutes where no statutory basis exists for such a claim); *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (N.D. Cal. 1985) (holding that § 1983 provides no right of contribution or indemnity).

Justice delayed is justice denied. J.P. opposes any such request at this time.

## IV.  CONCLUSION

For the foregoing reasons, Triad and J.P. request this Court compel the County to produce these witnesses immediately and extend discovery reasonably for their competition.

**KESSLER LAW OFFICE AND SCOTT LAW FIRM**

Dated:  October 25, 2018                By: /s/ Lizabeth N. de Vries
                                        Darren Kessler and Lizabeth N. de Vries
                                        Attorneys for Plaintiff

**MATHENY SEARS LINKERT JAIME LLP**

Dated:  October 25, 2018                By: /s/ Ronald E. Enabnit
                                        Ronald E. Enabnit
                                        Attorneys for Defendant Triad Family Services

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 6 -