# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J. P., BY AND THROUGH HIS GUARDIAN AD LITEM, SHANNON VILLANUEVA,**<br><br>Plaintiffs,<br><br>vs.<br><br>**COUNTY OF ALAMEDA, ET AL.,**<br><br>Defendants. | CASE NO. 17-cv-05679-YGR<br><br>**ORDER RE: JOINT MOTION TO COMPEL**<br>Re: Dkt. No. 87 |

On October 25, 2018, defendant Triad Family Services ("Triad") and plaintiff J.P. filed a joint motion for an order compelling defendant the County of Alameda (the "County") to produce three percipient witnesses for deposition, namely defendants Diane Davis Maas and Sue May, and County employee Christine Nygard. (Dkt. No. 87 ("MTC").)[1] The matter was heard on December 4, 2018. Having carefully considered the papers submitted, and in light of the oral argument, and as stated on the record on December 4, 2018, the Court **ORDERS** as follows:

- Plaintiff's and Triad's joint motion to compel is **GRANTED**. Plaintiff and Triad may proceed with the depositions of Maas, May, and Nygard.[2]
- Plaintiff and Triad may also proceed with the depositions of defendant Maria Moore[3] and San Joaquin County employees Lydia Gomez and Shannon

---

[1] Plaintiff and Triad apparently misspelled Nygard's name as "Nygaard" in their motion. As Nygard appears to be a County employee, the Court employs the spelling of her name used by the County Defendants.

[2] The Court is amenable to considering any protections the County deems necessary.

In addition, the County should make on the record any appropriate objections to questions asked at the depositions in order to preserve the same. And, to the extent the County deems it necessary to instruct the deponents not to answer certain questions posed, it may do so as long as it identifies clearly the basis for said instruction.

[3] The Court learned on September 25, 2018 that plaintiff reached a settlement with Moore.

Blankenship.

- The areas of inquiry for the foregoing depositions shall be limited to: "(1) notice regarding M.M.'s 10/3/15 exposure to drugs; (2) discussions between County employees or agents, and with Triad or third parties, about who was required to, or did, take any action to ensure the siblings' safety or otherwise protect them after this exposure; [and] (3) Triad's duties and responsibilities to care for J.P. under its agreement and customary practice with the County[.]" (MTC at 3.)
- All depositions must be completed by **Thursday, January 31, 2019**.
- Once the depositions are completed, this action shall otherwise be **STAYED** pending a ruling by the Ninth Circuit on the County Defendants' qualified immunity appeal.
- Accordingly, the April 29, 2019 trial and all related dates are **VACATED**.
- The only authorized motion practice shall be Triad's anticipated motion for summary judgment, which shall in turn be limited to the following two grounds: (1) "Triad is not a state actor, under any theory of liability[,]" and (2) "[p]laintiff J.P.'s negligence cause of action is without merit." (Dkt. No. 79 at 1–3.) Such motion shall be filed by no later than **Friday, March 15, 2019** and shall be noticed on the Court's motion calendar for hearing not less than 35 days after the filing of the motion.[4]

This Order terminates Docket Number 87.

**IT IS SO ORDERED.**

Dated: December 6, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

(*See* Dkt. No. 78.)

[4] The Court's pre-filing conference requirement as to Triad's motion for summary judgment is hereby **WAIVED**. (*See* Standing Order in Civil Cases ¶ 9(a).)

2