1                                    PAGES 1 - 31

2                    UNITED STATES DISTRICT COURT

3                   NORTHERN DISTRICT OF CALIFORNIA

4        BEFORE THE HONORABLE  YVONNE GONZALEZ ROGERS, JUDGE

5    J.P., BY AND THROUGH HIS          )
     GUARDIAN AD LITEM,                )
6    SHANNON VILLANUEVA,               )
                                       )
7                    PLAINTIFFS,       )
                                       )
8        VS.                           ) NO. 17-CV-05679 YGR
                                       )
9    COUNTY OF ALAMEDA, DIANE          )
     DAVIS MAAS, SUE MAY,              )
10   TRIAD FAMILY SERVICES,            )
     MARIA REFUGIO MOORE, AND          )
11   DOES 1-30, INCLUSIVE,             )
                                       ) OAKLAND, CALIFORNIA
12                   DEFENDANTS.       ) TUESDAY
                                       ) DECEMBER 4, 2018
13   _____  ) 2:00 O'CLOCK P.M.

14                   **TRANSCRIPT OF PROCEEDINGS**

15   **APPEARANCES**:

16   **FOR PLAINTIFF** J.P.:
     DARREN JAY KESSLER, ESQUIRE
17   3060 EL CERRITO PLAZA, #371
     EL CERRITO, CALIFORNIA 94530
18   AND

19   SCOTT LAW FIRM
     BY:  LIZABETH N. DE VRIES
20   1388 SUTTER STREET, SUITE 715
     **SAN FRANCISCO, CALIFORNIA 94109**

21

22   FURTHER APPEARANCES ON NEXT PAGE.

23

24   *REPORTED BY:    KATHERINE WYATT, CSR 9866, RMR, RPR*
              *PRO TEM REPORTER - US DISTRICT COURT*

25

                                                          1

```
1    FURTHER APPEARANCES:

2    FOR DEFENDANT COUNTY OF ALAMEDA, DIANE DAVIS MAAS AND SUE MAY:

3    HAAPALA, THOMPSON & ABERN, LLP

4    1939 HARRISON STREET, SUITE 800

5    OAKLAND, CALIFORNIA 94612

6    BY:  REBECCA S. WIDEN, ATTORNEY AT LAW

7

8    FOR DEFENDANT MARIA REFUGIO MOORE:

9    GAVIN CUNNINGHAM & HUNTER

10   BY:  ELIZABETH GONG LANDESS

11   1530 THE ALAMEDA, SUITE 210

12   SAN JOSE, CALIFORNIA 95126

13

14   FOR DEFENDANT TRIAD FAMILY SERVICES:

15   MATHENY SEARS LINKERT JAMIE, LLP

16   BY:  RONALD E. ENABNIT, ESQUIRE

17   3638 AMERICAN RIVER DRIVE

18   SACRAMENTO, CALIFORNIA 95864

19

20

21

22

23

24

25
```

```
1    DECEMBER 4, 2018                    2:00 O'CLOCK  P.M.

2

3                    P R O C E E D I N G S

4         THE CLERK:  COUNSEL, THE NEXT CASE J.P. VERSUS

5    COUNTY OF ALAMEDA.  COME UP TO THE TABLES, AT LEAST, AND THEN

6    I'LL CALL THE CASE.

7         I SEE ONE MORE COUNSEL?  WHEN YOU COME UP BRING

8    YOUR CARD.

9         THANK YOU.

10        CALLING CIVIL ACTION 17-5679, J.P. VERSUS COUNTY OF

11   ALAMEDA, ET AL.

12        COUNSEL, PLEASE COME FORWARD, AND STATE YOUR

13   APPEARANCES.

14         MS. DE VRIES:  GOOD AFTERNOON, YOUR HONOR.  LIZABETH

15   DE VRIES FOR THE PLAINTIFF J.P. ALONG WITH MY CO-COUNSEL

16   DARREN KESSLER.

17         MR. KESSLER:  GOOD MORNING, YOUR HONOR.

18         THE COURT:  GOOD AFTERNOON.

19         MR. KESSLER:  OR GOOD AFTERNOON.  THANK YOU.

20         THE COURT:  SOMEONE CAN STAND AT THE MIDDLE MIC.

21         MR. ENABNIT:  GOOD AFTERNOON, YOUR HONOR.  RONALD

22   ENABNIT FOR DEFENDANT TRIAD FAMILY SERVICES.

23         MS. WIDEN:  GOOD AFTERNOON, YOUR HONOR. REBECCA

24   WIDEN FOR THE COUNTY OF ALAMEDA AND SUE MAY AND DIANE DAVIS

25   MAAS.
```

3

1          **MS. LANDESS:**  GOOD AFTERNOON, YOUR HONOR.  ELIZABETH
2    GONG LANDESS FOR DEFENDANT MARIA MOORE.
3          **THE COURT:**  NOW, MS. GONG, YOUR CLIENT SETTLED.
4    RIGHT?
5          **MS. LANDESS:**  CORRECT, YOUR HONOR.  WE JUST HAVE
6    SOME ADDITIONAL THINGS TO DO, INCLUDING A MOTION FOR GOOD
7    FAITH SETTLEMENT, AND THEN THE PLAINTIFFS ARE GOING TO BE
8    DOING A GOOD FAITH SETTLEMENT -- OR I'M SORRY -- A MINOR'S
9    COMPROMISE.
10         **THE COURT:**  MINORS COMPROMISE.
11         **MS. LANDESS:**  CORRECT.
12         **THE COURT:**  WELL.  YOU'RE WELCOME TO HAVE A SEAT.  I
13   WON'T HAVE VERY MANY QUESTIONS FOR YOU.
14         **MS. LANDESS:**  ALL RIGHT.
15         **THE COURT:**  SO LET ME GIVE YOU A COUPLE OF
16   REFLECTIONS, AND THEN TELL YOU WHAT I'M THINKING ABOUT DOING.
17   AND THEN, I'LL HEAR YOUR OPINIONS.
18      ONE IS GIVEN HOW UNIQUE, AND IN MY VIEW, TERRIBLE
19   THIS CASE IS, I'VE TRIED REALLY HARD TO PUSH THIS THING
20   ALONG IN A WAY THAT IS EXPEDITIOUS UNDER THE FUNDAMENTAL
21   RULES OF FEDERAL PROCEDURE, NAMELY NUMBER ONE, RULE
22   NUMBER ONE.  IT'S WHAT WE'RE HERE TO DO.
23      AND I BELIEVE AS A RESULT, AT LEAST, THERE HAS BEEN
24   ONE SETTLEMENT.  I DON'T KNOW WHAT THE TERMS OF THAT
25   SETTLEMENT ARE, BUT HAD I STAYED THE ENTIRE CASE NOT

4

1    EVEN THAT WOULD HAVE HAPPENED.

2        SECOND:  THE GOAL OF STAYING CASES PENDING THE

3    NINTH CIRCUIT REVIEW OF QUALIFIED IMMUNITY DECISIONS IS

4    TYPICALLY WHAT I DO, BECAUSE IT'S NOT EFFICIENT

5    OTHERWISE.

6        BUT THERE ARE -- THERE IS, IN MY VIEW, A LITTLE BIT

7    OF WIGGLE ROOM FOR THE COURT TO DO WHAT IT NEEDS TO DO

8    IN AN APPROPRIATE CASE.

9        WE REALLY, THOUGH, ARE GETTING TO A POINT HERE

10   WHERE IT IS NOT CLEAR TO ME THAT I CAN CONTINUE ON THIS

11   PARALLEL PATH.

12       REFLECTING ON ALL OF THE VARIOUS PARTIES'

13   POSITIONS, THOUGH, I BELIEVE THE FOLLOWING APPROACH IS

14   THE BEST THAT I CAN DO.

15       FIRST, I THINK I'M GOING TO ALLOW TRIAD TO BRING A

16   MOTION FOR SUMMARY JUDGMENT ON TWO OF THE THREE GROUNDS

17   THAT WERE PREVIOUSLY REQUESTED, THAT ARE REALLY SEPARATE

18   AND DISTINCT FROM WHAT IS HAPPENING AT THE NINTH

19   CIRCUIT.

20       AND THAT IS, NAMELY, TO BE ABLE TO ARGUE THAT IT IS

21   NOT A STATE ACTOR.  I'M NOT SURE I BUY THE ARGUMENT,

22   GIVEN THE TEST.  PRIVATE ENTITIES THAT WORK AS

23   GOVERNMENTAL AGENCIES ARE FREQUENTLY HELD RESPONSIBLE.

24       I DON'T KNOW ENOUGH ABOUT YOUR ORGANIZATION TO KNOW

25   WHETHER OR NOT YOU'VE GOT A GOOD CASE OR NOT, BUT, YOU

1  KNOW, PRIVATE PRISONS COME TO MIND.  THEY ARE PRIVATE.

2  DOESN'T MEAN THAT THEY DON'T -- AREN'T BOUND BY 1983

3  RULES,  EVEN THOUGH THEY ARE PRIVATE.

4      SO THAT'S NOT THE BE ALL AND END ALL OF THE

5  CIRCUMSTANCE.

6      BUT IF I FIND IN YOUR FAVOR ON THAT ISSUE, THEN

7  IT'S EFFECTIVELY OVER FOR TRIAD.  WE MIGHT AS WELL KNOW.

8  THERE'S NO REASON TO WAIT FOR THE NINTH CIRCUIT FOR ME

9  TO DECIDE WHETHER THERE IS A TRIABLE ISSUE ON THAT TOPIC

10  OR WHETHER OR NOT YOU SHOULD BE -- YOU SHOULD HAVE

11  JUDGMENT AS A MATTER OF LAW.

12      AND YOU CAN TAKE YOUR CRACK AT NEGLIGENCE, ALTHOUGH

13  I FIND IT INCREDIBLY HARD TO BELIEVE THAT NEGLIGENCE

14  DOESN'T INVOLVE SOME ISSUES OF FACT.  BUT HERE THIS IS

15  NOT A TYPICAL CASE.  SO PERHAPS THERE ARE SOME ISSUES

16  THAT PERHAPS IT IS SO CLEAR.  BUT I DON'T KNOW.

17      IN ANY EVENT, IT SEEMS TO ME THAT THOSE TWO LEGAL

18  ISSUES CAN BE RESOLVED.

19      HOWEVER, WITH RESPECT TO -- AND WHAT I DON'T WANT

20  YOU TO DO IS REHASH WHAT IS IN FRONT OF THE NINTH

21  CIRCUIT, WHICH WAS YOUR FIRST GROUND.  I'M NOT CHANGING

22  MY OPINION ON THAT, SO THERE'S NO POINT IN YOU WASTING

23  YOUR TIME, ME WASTING MY TIME.

24          **MR. ENABNIT:**  ON THE SIBLING STANDING ISSUE, YOUR

25  HONOR, THE SAME ONE THAT IS THE SUBJECT OF THE APPEAL.

1          **THE COURT:**  CORRECT.

2      WITH RESPECT TO THE DEPOSITIONS OF THE COUNTY

3  EMPLOYEES, YOU KNOW, WE ALL CITE IQBAL LIKE IT'S WATER.

4  I MEAN, IT'S BE ALL AND END ALL OF WHAT WE DO HERE IN

5  THE DISTRICT COURTS.  MAYBE NOT BE ALL AND END ALL, BUT

6  WE DO A LOT OF IT.

7      BUT IT SEEMS TO ME THAT GIVEN THAT THESE

8  EMPLOYEES -- AND CORRECT ME IF I AM WRONG -- THEY HAVE

9  NOW RETIRED?

10          **MS. WIDEN:**  ONE HAS RETIRED.

11          **THE COURT:**  SO WHAT IS THE OTHER ONE?  SO WHO HAS

12  RETIRED AND WHO HASN'T RETIRED?

13          **MS. WIDEN:**  IT'S MY UNDERSTANDING THAT DIANE DAVIS

14  MAAS HAS RETIRED AND SUE MAY HAS NOT.

15          **THE COURT:**  ALL RIGHT.

16      I AM CONCERNED THAT WE DON'T HAVE THEIR TESTIMONY

17  RECORDED, AND IT IS POSSIBLE THAT IT WILL TAKE -- I

18  UNDERSTAND THAT YOU ASKED FOR AN ADDITIONAL -- FOR

19  ADDITIONAL TIME TO BRIEF THE NINTH CIRCUIT.  THAT IS,

20  YOU ASKED FOR AN EXTENSION; IS THAT RIGHT?

21          **MS. WIDEN:**  JUST THE 30-DAY STREAMLINED REQUEST,

22  YOUR HONOR.  AND WE WERE TOLD THAT DOESN'T AFFECT THE DATE

23  THAT THE ORAL ARGUMENTS ARE SCHEDULED.

24          **THE COURT:**  WELL, OF COURSE IT DOES.  HOW DOES IT

25  NOT?  THEY DON'T EVEN GIVE YOU DATES UNTIL THE THING IS

1    BRIEFED.  THEY HAVEN'T EVEN ASSIGNED THE CASE, BECAUSE IT'S

2    NOT BRIEFED.

3         **MS. WIDEN:**  THE CIRCUIT MEDIATOR, WE HAD A PHONE

4    CONFERENCE WITH THE CIRCUIT MEDIATOR.  AND SHE ADVISED THE

5    PARTIES THAT THE DATE FOR ORAL ARGUMENTS IS DETERMINED

6    ACCORDING TO THE FILING DATE OF THE APPEAL, NOT FROM THE

7    BRIEFING SCHEDULE.

8         SO THAT'S -- I'M JUST TELLING YOU WHAT SHE ADVISED

9    US.  SO I DON'T -- IT'S OUR POSITION THE 30 DAYS

10   WOULDN'T CHANGE THE SCHEDULE ON THE NINTH CIRCUIT

11   APPEAL.

12        **THE COURT:**  I DON'T THINK YOU ARE RIGHT.  SO -- AND,

13   YOU KNOW, HAVING SAT BY DESIGNATION ON THE NINTH CIRCUIT, THE

14   SPEED WITH WHICH YOU WILL GET A DECISION DEPENDS ON YOUR

15   PANEL, AND DEPENDS ON -- WELL, IT DEPENDS ON A WHOLE HOST OF

16   OTHER FACTORS.  BUT IT COULD VERY WELL BE THAT WE DON'T HAVE A

17   DECISION FOR THREE YEARS, WHICH I THINK IS A PROBLEM IN THIS

18   PARTICULAR CASE.

19        MEMORIES FADE, AND WE NEED TO KNOW WHAT THE COUNTY

20   OFFICIALS' MEMORY AND TESTIMONY IS WITH RESPECT TO THE

21   UNDERLYING FACTS OF WHAT THEY DID AND WHAT THEY DIDN'T

22   DO.

23        AND IF WE DON'T GET IT SOON IT IS GOING TO BE A

24   PROBLEM, ESPECIALLY WITH RESPECT TO MAAS.  THAT'S

25   M-A-A-S.  SHE'S RETIRED.

1    SO THE SUPREME COURT'S CONCERN IN IQBAL THAT ONE OF

2    THE REASONS TO STAY A MATTER IS TO AVOID DIVERTING A

3    GOVERNMENT OFFICIAL FROM THEIR DUTIES DOESN'T APPLY TO

4    HER.

5    AND THE COST THAT IS DISCUSSED IN TERMS OF

6    EFFICIENCY AND TIME AND RESOURCES DOESN'T APPLY TO HER.

7    BUT EVEN WITH RESPECT TO MAY, IT'S GOING TO CREATE

8    HUGE PROBLEMS IN THREE YEARS IF I DON'T ORDER HER

9    DEPOSITION.

10   AND IRRESPECTIVE OF WHAT THE NINTH CIRCUIT DOES,

11   IRRESPECTIVE, THE DEPOSITIONS ARE GOING TO NEED TO BE

12   TAKEN WHETHER OR NOT THEY ARE ULTIMATELY -- WHETHER OR

13   NOT THE COUNTY IS THE ULTIMATELY FOUND LIABLE IS

14   SEPARATE AND DISTINCT.

15   AND IF THERE ARE PARTICULAR CONCERNS YOU HAVE WITH

16   RESPECT TO THE DEPOSITION, THEN I'M HAPPY TO ENTERTAIN

17   PROTECTIONS.  BUT I THINK WE NEED TO KNOW BEFORE THEIR

18   MEMORIES FADE WHAT IT IS THEY DID.

19   SO WHAT I'M INCLINED TO DO IS TO ORDER THE

20   DEPOSITIONS.  AND ONCE THOSE DEPOSITIONS HAPPEN AND

21   EFFECTIVELY STAY THE CASE, BECAUSE I DON'T THINK WE CAN

22   HAVE A TRIAL.

23   LET'S SAY I DENY THE MOTION FOR SUMMARY JUDGMENT.

24   I DON'T THINK I CAN HAVE A TRIAL WITH TRIAD AND NOT THE

25   COUNTY IF THE COUNTY IS ULTIMATELY FOUND TO BE

1   POTENTIALLY LIABLE BY THE NINTH CIRCUIT.

2       SO THIS IS WHAT WE CALL "A MESS."  BUT I THINK IT'S

3   THE BEST THAT I CAN DO, GIVEN THE CIRCUMSTANCES.  I'M

4   HAPPY TO HEAR YOUR PERSPECTIVES.

5           **MS. DE VRIES:**  YOUR HONOR, THE PLAINTIFF REALLY

6   APPRECIATES THE TIME AND ENERGY YOU'VE PUT INTO THIS ANALYSIS

7   AND THE DEFERENCE THAT YOU HAVE GIVEN TO THE SIGNIFICANCE OF

8   THE ISSUES AT HAND, AS WELL AS THE STATUS OF THE YOUNG

9   PLAINTIFF:

10          **THE COURT:**  IS THAT ALL?

11          **MR. ENABNIT:**  ONE POINT I BELIEVE WAS BROUGHT UP IN

12  THE MOTION, AS WELL, IS IN ADDITION TO THE TWO DEFENDANTS, THE

13  TWO NAMED DEFENDANTS, MAAS AND CHRISTINE NYGAARD, SUPERVISOR.

14          **MS. WIDEN:**  DIANE MAAS.

15          **MR. ENABNIT:**  AS WELL AS THE SUPERVISOR OF DIANE

16  DAVIS MAAS WAS SOMEONE TRIAD AND PLAINTIFF THOUGHT SHOULD BE

17  DEPOSED, AS WELL.

18          **THE COURT:**  WELL, I WOULD ADD THAT PERSON.

19          **MR. ENABNIT:**  YOUR HONOR, THE QUESTION I WOULD HAVE

20  FOR THE COURT, THEN, IS IF THE COURT IS INCLINED TO ALLOW

21  THESE DEPOSITIONS TO GO FORWARD, I WOULD REQUEST AN EXTENSION

22  OF TIME TO FILE TRIAD'S MOTION FOR SUMMARY JUDGMENT.

23          **THE COURT:**  THAT WOULD BE FINE.  IT WOULD BE

24  APPROPRIATE.

25          **MR. ENABNIT:**  THANK YOU.

1          **MS. WIDEN:**  YOUR HONOR, IF I MAY BE HEARD.  AND I

2    APOLOGIZE.  I HAVE A VERY HOARSE VOICE, SO I'LL TRY TO

3    COMMUNICATE AS CLEARLY AS I CAN.

4          IT'S THE COUNTY'S POSITION WITH RESPECT TO THESE

5    DEPOSITIONS THAT THEY SHOULD BE STAYED, THAT THE

6    COURT -- SINCE THE COURT DOES NOT HAVE JURISDICTION OVER

7    THE CLAIMS THAT ARE CURRENTLY BEFORE THE NINTH CIRCUIT,

8    THERE'S NO WAY TO SEPARATE OUT THOSE CLAIMS.

9          THESE DEPOSITIONS WILL IMPLICATE THOSE CLAIMS AND I

10   THINK THAT'S PROBLEMATIC BASED ON THE CASE LAW THAT WE

11   HAVE CITED IN OUR PAPERS.

12         PLAINTIFF AND TRIAD HAVE NOT EXPLAINED HOW THEY CAN

13   TAKE THESE DEPOSITIONS SO THAT THEY DO NOT IMPLICATE THE

14   CLAIMS THAT ARE CURRENTLY ON APPEAL.

15         **THE COURT:**  WELL, CERTAINLY THEY CAN'T ASK ANYTHING

16   WITH RESPECT TO CONTENTION QUESTIONS, ANYTHING WITH RESPECT TO

17   SPECIFIC CLAIMS.  BUT IT WOULD HAVE TO BE CLEARLY THE EPITOME

18   OF WHAT WE BELIEVE TO BE JUST THE FACTS.

19         THERE ARE LOTS OF TIMES WHEN DEPOSITIONS GO INTO OR

20   IMPEDE ON POTENTIAL LEGAL THEORIES OR STRATEGIES.

21         AND, YOU KNOW, BUT LIKE I SAID, I DON'T KNOW

22   THAT -- WELL, ANYWAY --

23         **MS. WIDEN:**  I JUST DON'T SEE HOW THESE DEPOSITIONS

24   COULD PROCEED WITHOUT IMPLICATING THOSE ISSUES.  AND I THINK

25   THAT THAT IS --

1          **THE COURT:**  THEY ARE NOT GOING TO LIE, ARE THEY?

2    THEY ARE NOT GOING TO LIE.

3          **MS. WIDEN:**  I AGREE THE FACTS ARE THE FACTS.  THEY

4    ARE WHAT THEY ARE.

5          **THE COURT:**  ALL WE'RE TRYING TO GET ON PAPER BEFORE

6    THEY FORGET IT --

7          **MS. WIDEN:**  I UNDERSTAND THE PREJUDICE ISSUE THAT

8    THE COURT IS RELYING ON.  I DO UNDERSTAND THAT.  AND THAT'S

9    SOMETHING THAT THE COURT HAS TO WEIGH IN IN CONSIDERATION.  I

10   DO UNDERSTAND THAT.

11        BUT WHEN IT COMES TO THE CLAIMS THAT ARE CURRENTLY

12   ON APPEAL AND THE FACTS THAT SUPPORT THOSE CLAIMS AND

13   THE DEFENSES THAT ARE BEING ASSERTED AND THAT ARE ON

14   APPEAL, IT'S MY UNDERSTANDING OF THE CASES THAT THROUGH

15   THE CASES THAT HAVE BEEN CITED, IT'S NOT JUST IQBAL.

16   THERE WERE SOME OTHER CASES CITED IN OUR PAPERS.

17        AND I WOULD POINT OUT PLAINTIFFS' COUNSEL HAS NOT

18   CITED A SINGLE CASE TO SUPPORT THEIR POSITION ON THIS.

19   BUT ON THOSE CASES IF THE FACTS ARE INTERMINGLED IN SUCH

20   A WAY THAT THEY IMPLICATE THE CLAIMS ON APPEAL, THEN THE

21   DEPOSITIONS SIMPLY CAN'T GO FORWARD.

22          **THE COURT:**  BUT THE CLAIM ON APPEAL IS MERELY A

23   LEGAL ISSUE THAT IN TERMS OF HOW YOU'VE TRIED TO REFRAME THE

24   PLAINTIFFS' CLAIM HERE.  AND SO I DON'T KNOW THAT THOSE -- I

25   DON'T KNOW THE FACTS ABOUT WHAT IT IS THEY DID IN TERMS OF --

1   WHAT THE DEFENDANTS DID IN TERMS OF HOW THEY DEALT WITH THE

2   SITUATION IMPACT, WHETHER OR NOT AS A LEGAL MATTER STANDING

3   EXISTS FOR THIS PARTICULAR PLAINTIFF.

4       THAT STANDING QUESTION HAPPENS AND EXISTS

5   IRRESPECTIVE OF THE FACTS.  SO I THINK IN MANY WAYS THEY

6   ARE CLEARLY SEGREGABLE.  THAT IS, IT DIDN'T MATTER.  IT

7   DOESN'T MATTER WHAT THEY DID.

8       IT MATTERS ABSOLUTELY NOT ONE SCINTILLA, RIGHT,

9   WHAT THEY DID IN TERMS OF YOUR LEGAL ARGUMENT THAT

10  STANDING DOESN'T EXIST.

11      HOW IS IT WHAT THEY DID IMPACTS THE CONSTITUTIONAL

12  CLAIM?  I DON'T UNDERSTAND.

13          **MS. WIDEN:**  WELL, PRESERVING TESTIMONY IN ANY

14  RESPECT IN THIS CASE ON ANY OF THE FACTS, THAT'S GOING TO

15  AFFECT MY CLIENT'S ABILITY TO BRING THEIR LEGAL DEFENSES.

16          **THE COURT:**  THEY ARE NOT GOING TO LIE.  HOW IS IT

17  THAT THE CONSTITUTIONAL CLAIMS THAT YOU'RE CURRENTLY

18  LITIGATING, HOW IS THAT IMPACTED IN ANY WAY BY ANYTHING?  CAN

19  YOU GIVE ME A SINGLE EXAMPLE OF SOMETHING THAT YOUR CLIENT DID

20  OR COULD HAVE DONE WHERE THEIR TESTIMONY MIGHT BE, WHERE THEY

21  MAY BE ASKED A QUESTION THAT HAS ANY IMPACT ON THE LEGAL

22  QUESTION BEFORE THE NINTH CIRCUIT?

23          **MS. WIDEN:**  WELL, I THINK THERE'S MORE THAN ONE

24  LEGAL QUESTION BEFORE THE NINTH CIRCUIT.  THERE'S CERTAINLY

25  THE STANDING ISSUE, WHICH IS PART, ONE PRONG ON THE --

1              **THE COURT:**  SO LET'S FOCUS ON THE STANDING ISSUE

2      ONLY.

3              **MS. WIDEN:**  OKAY.

4              **THE COURT:**  IS THERE ANYTHING THAT YOU CAN POINT TO?

5              **MS. WIDEN:**  WELL, I MEAN YOU ARE RIGHT TO THE EXTENT

6      THAT THE NINTH CIRCUIT'S ANALYSIS IS GOING TO BE BASED ON THE

7      FOUR CORNERS OF THE PLAINTIFFS' COMPLAINT.  THAT'S TRUE.

8              **THE COURT:**  AND THE LAW.

9              **MS. WIDEN:**  YES, AND THE LAW.

10             **THE COURT:**  AND PRECEDENCE.

11         IT'S A VERY NICE, COMPARTMENTALIZED LAW SCHOOL-TYPE

12     QUESTION, FOR WHICH YOUR PLAINTIFFS -- YOUR, I'M

13     SORRY -- FOR WHICH YOUR CLIENT'S TESTIMONY HAS NO

14     IMPACT, IN MY VIEW.

15             **MS. WIDEN:**  I THINK THAT'S TRUE AS TO THE NINTH

16     CIRCUIT CASE ITSELF IN TERMS OF WHAT EVIDENCE THEY ARE GOING

17     TO BE LOOKING AT TO MAKE THE DETERMINATION.

18         I GUESS MY POINT IS THAT THE FACTS AND THE ISSUES

19     SURROUNDING THOSE, THAT THAT CLAIM -- OUR DEFENSE IS

20     QUALIFIED IMMUNITY.

21             **THE COURT:**  GREAT.  THAT'S YOUR ONLY DEFENSE.

22     RIGHT?

23             **MS. WIDEN:**  YES.

24             **THE COURT:**  THAT'S YOUR ONLY DEFENSE.  SO THEY ARE

25     EITHER GOING TO SAY THE CONSTITUTIONAL CLAIM DOESN'T EXIST, IN

1   WHICH CASE YOU WIN; OR THEY'RE GOING TO SAY IT DOES EXIST, IN

2   WHICH CASE THE FACTS ARE THE FACTS.

3           **MS. WIDEN:**  WELL, THAT'S TRUE.  BUT THERE'S ALSO A

4   CLEARLY ESTABLISHED COMPONENT TO THIS APPEAL, WHICH I THINK

5   DOES -- SOMEHOW I NEED TO --

6           **THE COURT:**  BUT THAT DOESN'T CHANGE THE FACTS.  THAT

7   IS, HOW DOES THAT CHANGE THE FACTS?

8           **MS. WIDEN:**  IT DOESN'T CHANGE THE FACTS,

9   NECESSARILY, BUT THE TESTIMONY IS THE TESTIMONY.  AND IT'S

10  GOING TO AFFECT THE COUNTY'S LEGAL INTEREST.

11      WHETHER OR NOT THE FACTS ARE THE FACTS, THEY ARE

12  GOING TO HAVE TO COME IN AND ASSERT OBJECTIONS, THAT

13  KIND OF THING.  I MEAN, AS IT STANDS RIGHT NOW THE COURT

14  DOESN'T HAVE JURISDICTION TO DETERMINE OBJECTIONS

15  RELEVANT TO ANY OF THE ISSUES THAT ARE IMPLICATED ON

16  APPEAL.

17          **THE COURT:**  YOU ARE RIGHT.  AND AFTER THEIR

18  TESTIMONY IS MEMORIALIZED, I'M NOT GOING TO DO ANYTHING WITH

19  IT.

20          **MS. WIDEN:**  IF THERE'S AN OBJECTION THAT ARISES

21  DURING THE DEPOSITION --

22          **THE COURT:**  THEN YOU OBJECT, LIKE YOU ALWAYS DO.

23  IT'S ON THE RECORD.  AND WHEN IT BECOMES RIPE, IT BECOMES

24  RIPE.  HOW MANY TIMES DO WE DEAL WITH OBJECTIONS BEFORE TRIAL

25  OR SUMMARY JUDGMENT?  NEVER.  YOU PUT THEM ON THE RECORD.  YOU

1  PRESERVE IT.  SO WHAT?

2      THAT'S NOT -- THERE'S NOTHING THAT HARMS YOUR

3  CLIENT IF YOU OBJECT.

4          **MS. WIDEN:**  SOMETIMES THERE ARE SITUATIONS IN

5  DEPOSITIONS WHERE THE DEPOSITION IS HALTED AND YOU GO TO THE

6  JUDGE FOR A DETERMINATION OF AN OBJECTION.  I'M NOT SAYING I

7  CAN ANTICIPATE THAT HAPPENING HERE.  I DON'T KNOW IF IT WILL.

8          **THE COURT:**  WELL, IF YOU THINK YOU NEED TO DO THAT,

9  THEN YOU DO THAT.  THAT'S NOT --

10         **MS. WIDEN:**  MY POINT IS IT'S THE COUNTY DEFENDANT'S

11  POSITION THAT THIS COURT IS CURRENTLY -- DOES NOT HAVE

12  JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST COUNTY

13  DEFENDANTS.  AND IT WOULD BE IMPOSSIBLE TO GO TO A DEPOSITION

14  AND PROTECT THE COUNTY'S LEGAL INTERESTS IN THIS CASE WITHOUT

15  HAVING TO GET INTO THE MATTERS ON THE NINTH CIRCUIT.

16         **THE COURT:**  THAT'S WHY I'M GIVING YOU AN OPPORTUNITY

17  TO EXPLAIN, AND YOU REALLY HAVEN'T YET BECAUSE THERE'S --

18  WELL, YOU HAVEN'T EXPLAINED THE OVERLAP.

19         **MS. WIDEN:**  WELL, I COULD DO THAT, YOUR HONOR, IF

20  YOU LIKE.  I WOULD POINT OUT THE PLAINTIFF AND TRIAD HAVE NOT

21  CONTESTED THE FACT THAT THERE'S OVERLAP ON THESE ISSUES.

22      THERE'S NO WAY, IN OTHER WORDS, TO GET FACTS AND

23  THE TESTIMONY OF THESE WITNESSES IN A WAY THAT THOSE

24  FACTS AND TESTIMONY ARE NOT GOING TO IMPLICATE THE

25  ISSUES ON APPEAL.  IT'S ALL ONE AND THE SAME.  IT'S THE

1    SAME TRANSACTION.

2            **THE COURT:**  YOU KEEP SAYING THAT.

3            **MS. WIDEN:**  THE FACTS ARE --

4            **THE COURT:**  BUT WHEN I ASKED YOU FOR SPECIFICS YOU

5    HAVEN'T IDENTIFIED ANYTHING.

6            **MS. WIDEN:**  OKAY.  WELL, FOR EXAMPLE, WHETHER OR NOT

7    DIANE DAVIS MAAS SAID CERTAIN THINGS TO TRIAD EMPLOYEES.

8    WHETHER SHE SAID -- WHETHER HER CONDUCT IN THIS SITUATION, IN

9    THIS CASE, THAT -- WHETHER OR NOT THAT CONDUCT HAPPENED THE

10   WAY THAT SOME OF TRIAD'S EMPLOYEES HAVE SAID IT HAPPENED;

11   WHETHER IT HAPPENED THE WAY SHE SAYS IT HAPPENED, THOSE ARE

12   ALL ISSUES THAT BEAR ON THE REASONABLENESS OF HER CONDUCT,

13   WHETHER HER CONDUCT WAS WITHIN THE QUALIFIED IMMUNITY STANDARD

14   AT LEAST ON THE SECOND PRONG, THE CLEARLY ESTABLISHED PRONG.

15       BUT THERE'S -- SO IT JUST -- GOING FORWARD IN THE

16   CASE THERE'S NO WAY FOR THEIR TESTIMONIES TO BE CAPTURED

17   IN A WAY THAT DOES NOT HAVE THE CLAIMS AGAINST THEM THAT

18   ARE CURRENTLY ON -- IN THE NINTH CIRCUIT IN A WAY THAT

19   DOESN'T IMPLICATE THOSE.

20       IT'S ALL -- ALL OF THE FACTS ARE -- IT'S A SINGLE

21   TRANSACTION IN OCCURRENCE.  THERE'S NO WAY TO SINGLE IT

22   OUT IN THIS CASE.  AND I HAVEN'T HEARD --

23           **THE COURT:**  SO IF YOU NEED THAT TESTIMONY WHY WOULD

24   YOU BE GOING TO THE NINTH CIRCUIT?

25           **MS. WIDEN:**  IF I -- I'M TALKING ABOUT IF THIS CASE

17

1    PROCEEDS PAST THE NINTH CIRCUIT.  I MEAN, RIGHT NOW IT SEEMS

2    CLEAR THAT SINCE THE COURT DIDN'T CERTIFY THE APPEAL AS

3    FRIVOLOUS THAT ALL OF PLAINTIFFS' CLAIMS AGAINST THE COUNTY

4    DEFENDANTS HAVE BEEN STAYED.  THIS COURT DOESN'T HAVE

5    JURISDICTION ON THOSE CLAIMS.

6         SO ACCORDING TO THE CASE LAW THAT I'VE READ AND

7    THAT WE HAVE CITED IN OUR PAPERS, ANY DISCOVERY ON THOSE

8    CLAIMS IS NOT PERMITTED TO GO FORWARD.  THERE'S JUST NO

9    JURISDICTION IN THIS COURT TO CONTINUE WITH DISCOVERY

10   PROCEEDINGS, AT LEAST AS TO THE COUNTY DEFENDANTS.

11        SO OTHER THAN REFERRING TO THE CASES THAT WE'VE

12   CITED ON THAT POINT, I'M NOT -- I'M SORRY I'M NOT MAKING

13   MYSELF CLEAR ENOUGH TO THE COURT, BUT I THINK THAT

14   THAT'S THE COUNTY'S POSITION.

15             **THE COURT:**  RESPONSE.

16             **MS. DE VRIES:**  YOUR HONOR, IF THIS WERE A SITUATION

17   WHERE A PENDING QUALIFIED IMMUNITY MATTER WERE BEFORE THE

18   NINTH CIRCUIT ON SUMMARY JUDGMENT, I COULD UNDERSTAND

19   MS. WIDEN'S ARGUMENTS.  BUT WE'RE TALKING ABOUT A MOTION TO

20   DISMISS.  SO THAT THE CONDUCT AND QUESTIONS RELATING TO

21   DIFFERENCES IN TESTIMONY WILL NOT BE BEFORE THIS COURT UNTIL

22   WE COME BACK.  AND SO THE QUESTIONS THAT MS. WIDEN IS RAISING

23   RELATING TO THE REASONABLENESS OF CONDUCT OF, SAY, MS. DIANE

24   DAVIS MAAS IN COMPARISON TO WHAT OTHER WITNESSES HAVE

25   DESCRIBED IS NOT BEFORE THE COURT OR THE NINTH CIRCUIT.

1    WHAT REALLY IS RELEVANT IS PREJUDICE.  WE'RE

2   TALKING ABOUT A THREE OR REALLY FOUR-YEAR DELAY SINCE

3   PLAINTIFF STARTED ASKING FOR THESE DEPOSITIONS LAST

4   DECEMBER 2017, FOR A CASE WITH AN EIGHT-YEAR-OLD

5   PLAINTIFF.

6    MOREOVER, THE STANDING ON QUALIFIED IMMUNITY ISSUES

7   ON APPEAL ARE PURELY LEGAL ISSUES.  IN FACT, THE TEST

8   THE NINTH CIRCUIT WILL HAVE TO DECIDE IF IT EVEN HAS

9   JURISDICTION OVER THESE CLAIMS WILL BE TO TAKE THE FACTS

10  PLED IN THE COMPLAINT AS TRUE.

11       **MR. ENABNIT:**  AND TRIAD'S INTERESTS TODAY IS SIMPLY

12  TO ENSURE THAT IT IS ENTITLED TO DUE PROCESS.  DUE PROCESS FOR

13  TRIAD REQUIRES THAT IT NOT GO TO TRIAL WITHOUT THE DEPOSITIONS

14  OF THESE CRITICAL WITNESSES.

15       SO I DON'T KNOW IF THE COURT IS INCLINED TO VACATE

16  THE APRIL 29, 2019 TRIAL DATE.  BUT IF IT IS NOT, THEN

17  TRIAD'S DUE PROCESS RIGHTS ARE CLEARLY VIOLATED BY NOT

18  BEING ABLE TO TAKE CRITICAL DEPOSITIONS OR TO COMPEL THE

19  WITNESSES FROM THE COUNTY AT THE TIME OF TRIAL.

20       **MS. DE VRIES:**  AND YOUR HONOR, JUST AN ASIDE, THERE

21  ARE THREE WITNESSES THAT WE HAVEN'T YET BEEN ABLE TO CAPTURE

22  THEIR TESTIMONY FROM, EITHER.  AND THOSE ARE WITNESSES THAT

23  I'VE BEEN IN CONTACT WITH MR. ENABNIT ABOUT, THE SCHEDULING

24  AFTER THE CUTOFF, WHICH WOULD BE TODAY.  AND WE WERE GOING TO

25  PRESENT YOUR HONOR WITH A STIPULATION OR REQUEST THAT THE

```
1    DISCOVERY CUTOFF SHOULD BE EXTENDED BRIEFLY TO COMPLETE THOSE
2    THREE DEPOSITIONS.
3         IT'S NOT BEFORE THE COURT RIGHT NOW.  I'M JUST
4    LETTING YOU KNOW IF YOU ARE THINKING ABOUT ENTERING THAT
5    STAY WE WOULD VERY MUCH LIKE TO ALSO CAPTURE THESE
6    THREE, AS WELL.
7              MR. ENABNIT:  TRIAD CONCURS WITH THAT REQUEST.
8              THE COURT:  I DIDN'T HEAR YOU.
9              MR. ENABNIT:  TRIAD CONCURS, JOINS IN THAT REQUEST,
10   AS WELL, YOUR HONOR.
11             THE COURT:  AND WHERE -- HOW FAR OUT DO YOU WANT?
12   WHAT'S THE CURRENT CUTOFF?
13             MS. DE VRIES:  IT'S TODAY, YOUR HONOR.
14             THE COURT:  OKAY.  WELL, IN LIGHT OF OUR DISCUSSION,
15   I AM GOING TO ORDER THE DEPOSITIONS OF -- CAN YOU SPELL HER
16   NAME?  THAT M-E-S-D-A-M-E-S.  RIGHT?  MESDAMES.
17             MS. DE VRIES:  OH, MESDAMES, THAT'S PLURAL FOR
18   MS. I'M SORRY.
19             THE COURT:  I WAS LOOKING FOR THE FIRST SUE MAY,
20   SORRY.  THAT'S IT.  SUE MAY, DIANE DAVIS MAAS AND CHRISTINE
21   NYGAARD, N-Y-G-A-A-R-D.
22        TO THE EXTENT THAT THE COUNTY WOULD LIKE ME TO
23   ENTERTAIN ANY OTHER OR ANY PROTECTIONS I WOULD ENTERTAIN
24   THOSE.
25        ANY OBJECTIONS SHOULD BE MADE ON THE RECORD.  TO
```

1   THE EXTENT THE COUNTY FEELS IT NECESSARY TO INSTRUCT

2   WITNESSES NOT TO ANSWER, THEY SHOULD DO THAT AND

3   IDENTIFY THE BASIS FOR THE INSTRUCTION.

4        ONCE THOSE DEPOSITIONS ARE TAKEN AND THE

5   DEPOSITIONS OF WHOM?

6             **MR. ENABNIT:**  DEFENDANT MARIA MOORE.  AND THEN, WE

7   HAVE TWO EMPLOYEES FROM THE COUNTY OF SAN JOAQUIN, AND THEY

8   ARE LYDIA, L-Y-D-I-A, GOMES, G-O-M-E-S.

9             **MS. DE VRIES:**  Z.

10            **MR. ENABNIT:**  Z.  I'M SORRY.  G-O-M-E-Z.  AND

11   SHANNON, S-H-A-N-N-O-N, BLANKENSHIP, B-L-A-N-K-E-N-S-H-I-P.

12   THOSE DEPOSITIONS WERE NOTICED BUT WERE NOT ABLE TO BE TAKEN

13   DURING THE DISCOVERY CUTOFF PERIOD.

14            **THE COURT:**  SO THOSE ARE ORDERED, AND THEN DISCOVERY

15   WILL BE STAYED.  THE ONLY MOTION WORK WHICH IS AUTHORIZED IS

16   THE MOTION OF TRIAD TO BRING SUMMARY JUDGMENT ON THE GROUNDS

17   OF TRIAD NOT BEING A STATE ACTOR.

18        AND THE SECOND GROUND WITH RESPECT TO NEGLIGENCE IS

19   OUTLINED IN DOCKET NUMBER 79.

20        THE TRIAL DATE IS VACATED.  AND BEYOND THAT, THE

21   CASE WILL BE STAYED UNTIL WE HEAR BACK ON THE LEGAL

22   ISSUE WITH RESPECT TO WHAT IS PENDING BEFORE THE NINTH

23   CIRCUIT.

24        IS THERE ANYTHING THAT THE PLAINTIFF WOULD LIKE TO

25   ADD TO THE RECORD IN TERMS OF AVOIDING THE -- WHAT THE

1   COUNTY CLAIMS ARE OVERLAPPING ISSUES?

2       I STILL HAVE YET TO HEAR A CLEAR ARTICULATION OF

3   THAT.  BUT YOU WANT TO ADD ANYTHING FOR THE RECORD AT

4   THIS POINT?

5           **MS. DE VRIES:**  ARTICLE III STANDING IS A PURELY

6   LEGAL ISSUE, AS-IS WHETHER A CLAIM IS CLEARLY ESTABLISHED.

7       IT'S A MATTER OF LAW.  IT'S NOT A MATTER OF FACT.

8   AND THE FACTS THAT WOULD BE CONTESTED HERE ARE THOSE

9   THAT ARE ALLEGED IN THE COMPLAINT.

10          **THE COURT:**  OKAY.

11          **MS. WIDEN:**  YOUR HONOR, MAY I ASK ONE MORE QUESTION

12  TO CLARIFY?  ARE THE DEPOSITIONS THAT YOU'VE ORDERED TO GO

13  FORWARD, ARE THOSE DEPOSITIONS OF THE COUNTY EMPLOYEES?  ARE

14  THOSE DEPOSITIONS ONLY AS TO THE CONTRIBUTORY NEGLIGENCE ISSUE

15  THAT THE PLAINTIFF AND TRIAD HAVE DISCUSSED IN THEIR PAPERS?

16  OR ARE THEY PERMITTED TO GO INTO FACTS RELATING TO ALL ISSUES

17  AND ALL CLAIMS IN THE CASE?

18          **MS. DE VRIES:**  YOUR HONOR, AS DEFENDANTS HAVE

19  ALREADY ARGUED, AND THE COURT HAS RESPONDED, THERE ARE

20  PROTECTIONS THAT ARE OBVIOUS.  FOR EXAMPLE, WE CAN'T ASK

21  ABOUT, SAY, CONTENTION ISSUES, AS YOU'VE SAID.

22      HOWEVER, I -- WE, TRIAD AND THE PLAINTIFF --

23  OUTLINED AREAS OF TESTIMONY IN OUR MOVING PAPERS.  I

24  DIDN'T SEE ANY RESPONSE TO THOSE OR OBJECTION TO THOSE

25  AREAS OF TESTIMONY IN MS. WIDEN'S PAPERS YET.  AND IF

1   THERE ARE PARTICULAR PROTECTIONS THAT SHE WOULD LIKE, I

2   WOULD LOVE TO SEE THOSE IN ADVANCE OF THE DEPOSITIONS.

3        ALSO TO YOUR POINT, YOUR HONOR, IF PLAINTIFF WERE

4   TO FILE HIS NEGLIGENCE CLAIM IN STATE COURT HE WOULD BE

5   ABLE TO ASK THE COURT FOR A MOTION TO COMPEL PERCIPIENT

6   WITNESS TESTIMONY.

7        THERE'S NOTHING DIFFERENT HERE.  THESE ARE

8   PERCIPIENT WITNESSES, NOT JUST PARTIES.  AND

9   MS. NYGAARD, IN FACT, IS NOT A NAMED PARTY, NOR WOULD

10  SHE BE SEEKING QUALIFIED IMMUNITY.

11       AND THE ISSUES OF QUALIFIED IMMUNITY DO NOT APPLY

12  TO TRIAD, OF COURSE.  AND SO WE'RE REALLY TALKING APPLES

13  AND ORANGES.

14       WE ALSO IN TERMS OF JURISDICTION, YOUR HONOR, YOU

15  CERTAINLY CURRENTLY HAVE JURISDICTION OVER THE

16  NEGLIGENCE CLAIMS THAT ARE CURRENTLY PENDING AS

17  SUPPLEMENTAL JURISDICTION.  SO THIS IS JUST LIKE A

18  PERCIPIENT WITNESS BEING COMPELLED TO TESTIFY.

19            **THE COURT:**  SO I SEE ON PAGE FOUR OF SEVEN, DOCKET

20  87, THE FOUR AREAS OF INQUIRY.

21            **MS. WIDEN:**  I'M SORRY, YOUR HONOR.  WHICH PAGE ARE

22  YOU ON AGAIN?  I'M SORRY.

23            **THE COURT:**  IT IS PAGE FOUR OF SEVEN.  THOSE ARE THE

24  FOUR AREAS OF INQUIRY THAT THEY HAVE REQUESTED.

25            **MS. WIDEN:**  OKAY.

1          **THE COURT:**  NOTICE, DISCUSSIONS, TRIAD'S DUTIES AND

2    RESPONSIBILITIES FROM THE COUNTY'S PERSPECTIVE.  I'M NOT QUITE

3    SURE WHAT FOUR IS.

4          **MS. WIDEN:**  SO IS THE COURT THEN INCLINED TO ALLOW

5    THE DEPOSITIONS TO GO FORWARD AS TO THESE SUBJECT MATTERS

6    ONLY?  OR TO ALL OTHER --

7          **THE COURT:**  I THINK THESE AREAS ARE FACT-BASED AREAS

8    THAT SEEM TO GET AT THE HEART OF THE PERCIPIENT MEMORIES.

9    AND, YOU KNOW, CLEARLY IF AND WHEN THE COUNTY COMES BACK INTO

10   THE CASE, IF THERE'S SOMETHING THAT WAS OUTSIDE OF THESE AREAS

11   THAT SOMEHOW THE COUNTY, OR RAISED OTHER ISSUES THAT WERE NOT

12   ANTICIPATED BECAUSE OF ITS ACTIVE ROLE IN THE LITIGATION, THEN

13   WE CAN ALWAYS RECONSIDER WHETHER A SUPPLEMENT TO THE

14   DEPOSITION NEEDS TO HAPPEN OR NOT.

15        BUT THOSE THREE AREAS, I THINK, SHOULD BE

16   SUFFICIENT.

17        **MR. ENABNIT:**  YOUR HONOR, I CAN ANTICIPATE AN AREA

18   OF CONTROVERSY IN ADDITION TO:  "WHAT DID YOU DO?  WHY DID YOU

19   DO IT?"

20        TRIAD'S POSITION IS THAT'S NOT A CONTENTION

21   QUESTION THAT IS RELATED TO -- THAT'S SIMPLY RELATED TO

22   THEIR MEMORY AS TO WHAT WENT INTO A PARTICULAR DECISION,

23   A PARTICULAR STATEMENT, A PARTICULAR ACTION.

24        IT'S NOT BEFORE THE COURT TODAY BUT --

25        **MS. DE VRIES:**  YOUR HONOR, PLAINTIFF AND TRIAD HAVE

1    ATTEMPTED TO OUTLINE AREAS OF TESTIMONY.  AND I DON'T BELIEVE

2    I'VE YET HEARD FROM THE COUNTY DEFENDANTS WHAT AREAS OF

3    TESTIMONY WOULD NOT BE PERMISSIBLE OTHER THAN A KIND OF BLANK

4    CHECK REQUEST FOR ANYTHING NOT RELATED TO NEGLIGENCE.

5            **MS. WIDEN:**  IT'S OUR POSITION THAT ALL OF THE

6    TESTIMONY IS IMPROPER SO THAT --

7            **THE COURT:**  I UNDERSTAND THAT THAT'S YOUR POSITION.

8            **MS. WIDEN:**  YES.

9            **THE COURT:**  THESE ARE THE FOUR AREA, LIKE I SAID I

10   DON'T KNOW WHAT YOU MEAN BY NUMBER FOUR, SO I'M FOCUSING ON

11   THREE, ONE, TWO AND THREE.  I AM MOST CONCERNED ABOUT GETTING

12   THE PERCIPIENT FACTS MEMORIALIZED.  I CAN'T -- AND YOU KNOW

13   THIS CASE BETTER THAN I DO.  BUT BEYOND THESE THREE AREAS --

14   SO LET'S SEE.  WHAT COULD I THINK OF?

15       I WOULD SAY THIS WOULD EXCLUDE, YOU KNOW, ISSUES ON

16   WHICH YOU HAVEN'T OR WOULD TRADITIONALLY HAVE TAKEN,

17   LET'S SAY, WRITTEN DISCOVERY FROM THE DEFENDANTS, WHICH

18   YOU HAVEN'T DONE.

19       SO, YOU KNOW, I WOULD TAKE IT THAT YOU WOULD ASK

20   THEM ABOUT TRAINING PROTOCOLS IN WRITING.  YOU HAVEN'T

21   DONE THAT.  I WOULDN'T -- I DON'T THINK THAT THAT'S AN

22   APPROPRIATE AREA OF INQUIRY.  THAT REALLY GOES TO THE

23   COUNTY.  THAT DOESN'T GO TO WHAT HAPPENED IN THIS

24   PARTICULAR CASE IN TERMS OF WHAT THEY DID WITH THIS

25   PARTICULAR PLAINTIFF.

1      YOU KNOW, IF YOU THINK IT'S INAPPROPRIATE, THEN

2   INSTRUCT.  BUT MY VIEW IS THAT THE FOCUS SHOULD BE ON,

3   AGAIN, THESE WITNESSES DID WITH RESPECT TO THESE -- TO

4   THIS PARTICULAR PLAINTIFF AND THEIR SITUATION.

5          **MS. WIDEN:**  THESE THREE SUBJECT MATTERS THAT ARE

6   OUTLINED IN THE -- I JUST WANT TO MAKE SURE WE'RE CLEAR

7   BECAUSE I CAN SEE SOME ISSUES ARISING FROM --

8          **THE COURT:**  WELL, THAT'S WHY --

9          **MS. WIDEN:**  SO IF WE'RE LIMITED TO THE THREE ISSUES

10  THAT ARE IN THIS OR THAT THE PLAINTIFFS HAVE PUT IN THEIR

11  PAPERS, THEN I THINK WE COULD PROBABLY WORK WITH THAT, IN

12  TERMS OF FIGURING OUT THE SCOPE.

13         **THE COURT:**  WORKING WITH THAT IS A GOOD THING

14  BECAUSE, AGAIN, THE COUNTY -- IF THE NINTH CIRCUIT RULES

15  AGAINST THE COUNTY, THEY ARE GOING TO COME BACK.  AND I'M

16  GOING TO HAVE TO FIGURE OUT HOW TO GET THEM REENGAGED IN THE

17  DISCOVERY.  AND THAT, YOU KNOW, IF THEY ARE TAKING A POSITION

18  THAT, YOU KNOW, IT'S OUTSIDE THE SCOPE, THEN OBVIOUSLY THAT

19  MEANS THAT IF YOU COME BACK THERE'S GOING TO BE A SECOND

20  DEPOSITION WHICH IS MUCH MORE EXPANSIVE AND RELATED TO MONELL

21  CLAIMS OR OTHER KINDS OF CLAIMS THAT MIGHT EXIST FOR PURPOSES

22  OF THE COUNTY, WHICH ARE NOT AT ISSUE.

23         **MS. DE VRIES:**  AND, YOUR HONOR, WE SPECIFICALLY ONLY

24  IDENTIFIED THREE INDIVIDUALS.  WE DIDN'T ASK FOR DOCUMENTS.

25  WE DIDN'T ASK FOR RESPONSES TO INTERROGATORIES.  ALL WE ASKED

1   FOR ARE THREE PERCIPIENT WITNESSES THAT WE BELIEVE WE COULD

2   COMPEL IF WE WERE TO BRING THIS IN STATE COURT.

3        AS TO TRAINING, HOWEVER, WHILE TRAINING COULD BE

4   PART OF THE MONELL CLAIM THESE ARE NOT 30 (B) (6)

5   DEPOSITIONS.  SO, YOU KNOW, WE WOULDN'T BE ASKING THOSE

6   TYPE OF QUESTIONS.

7        HOWEVER, I CAN SEE POTENTIALLY A WITNESS RESPONDING

8   THAT THE INFORMATION THEY HAVE IS BASED ON TRAINING THEY

9   HAVE RECEIVED.  AND, THEREAFTER, I CAN SEE POTENTIALLY

10  BEING CUT OFF IN FINDING OUT WHAT THAT WAS WITHOUT

11  ASKING FOR THE TRAINING DOCUMENTS BECAUSE, OF COURSE, WE

12  DON'T HAVE THAT OPPORTUNITY YET, I UNDERSTAND.

13       THERE HAS TO BE A LITTLE BIT OF, AS YOU LIKE TO

14  SUGGEST, "WIGGLE ROOM" WHERE WE GO WITH THIS SO IT

15  AFFECTS THE SPIRIT OF YOUR ORDER.

16            **THE COURT:**  THE SPIRIT OF MY ORDER IS TO MAKE SURE I

17  KNOW WHAT HAPPENED WITH RESPECT TO THIS PARTICULAR PLAINTIFF.

18            **MS. DE VRIES:**  THANK YOU.

19            **THE COURT:**  THAT IS WHAT I'M CONCERNED ABOUT.  THAT

20  IS THE CONCERN.  THERE ARE THINGS THAT -- EVERY TIME I PREPARE

21  FOR TRIAL THERE IS A SET OF THINGS THAT I DO.  I JUST DO IT.

22       IT'S LIKE PATTERN AND PRACTICE.  RIGHT?  EVERY TIME

23  YOU PREPARE FOR DEPOSITIONS THERE ARE CERTAIN THINGS

24  THAT YOU DO.

25       SO YOU PROBABLY HAVE DONE A HUNDRED DEPOSITIONS OR

27

1   MORE.  AND THERE ARE ALWAYS THINGS THAT YOU DO.  AND YOU

2   MAY NOT -- YOU KNOW, IF I WAS ASKING YOU QUESTIONS ABOUT

3   THE DEPOSITION YOU TOOK LAST WEEK, YOU WOULD REMEMBER

4   MORE SPECIFICALLY.

5         BUT IF I ASKED YOU SOMETHING ABOUT A DEPOSITION YOU

6   TOOK FOUR YEARS AGO, THE ONLY THING YOU ARE GOING TO

7   REMEMBER IS YOUR PATTERN AND PRACTICE.  THOSE KIND OF

8   PATTERN AND PRACTICE ISSUES, I'M NOT SO CONCERNED ABOUT

9   THEM, BECAUSE THAT WAS THEIR MODUS OPERANDI.  RIGHT?

10  THAT'S HOW THEY ALWAYS DID THINGS.  THAT YOU CAN GET

11  LATER.

12            **MS. DE VRIES:**  OKAY.

13            **THE COURT:**  BUT IF I WANT TO KNOW SOMETHING VERY

14  SPECIFIC ABOUT THE FACTUAL BASIS FOR THIS PARTICULAR CLAIM,

15  THAT'S WHAT I'M CONCERNED ABOUT.  THAT'S WHAT I'M CONCERNED WE

16  WILL LOSE IF WE WAIT.

17            **MS. DE VRIES:**  I TOTALLY AGREE, YOUR HONOR.  AND AS

18  TO PATTERN AND PRACTICE WE HAVE AT LEAST ONE WITNESS WHO IS

19  RETIRED WHO MAY START TO FORGET WHAT HER PATTERN AND PRACTICE

20  WAS.  AND THERE'S A VERY SERIOUS CONCERN HERE OF AMNESIA, IN

21  WHICH CASE PATTERN AND PRACTICE WOULD BE RELEVANT.

22            **THE COURT:**  WHO HAS AMNESIA?

23            **MS. DE VRIES:**  WELL, I DON'T KNOW.  I'VE BEEN TRYING

24  TO DEPOSE THESE WITNESSES FOR YEARS, SO I'M NOT SURE YET.

25            **MS. WIDEN:**  I'M NOT AWARE OF ANY WITNESS WHO HAS

1  AMNESIA.

2  **MS. DE VRIES:**  OKAY.  WONDERFUL.

3  **THE COURT:**  I MEAN, I DON'T KNOW HOW MUCH MORE

4  GUIDANCE I CAN GIVE YOU.

5  **MR. ENABNIT:**  YOUR HONOR, IN VIEW OF YOUR

6  ANTICIPATED RULING, IS THERE ANY SPECIFIC DEADLINE WE HAVE TO

7  COMPLETE THE DEPOSITIONS THAT WE HAVE JUST DISCUSSED?

8  **THE COURT:**  WELL, I WOULD LIKE THEM, SAY, HOW ABOUT

9  THE END OF JANUARY?  DOES THAT WORK?

10  **MS. WIDEN:**  YES, YOUR HONOR.

11  **THE COURT:**  AND THEN YOU CAN FILE YOUR MOTION FOR

12  SUMMARY JUDGMENT.  IF WE'RE DOING THIS BY THE END OF JANUARY,

13  WHEN CAN YOU GET THAT ON FILE?

14  **MR. ENABNIT:**  WELL, IF THE TRANSCRIPTS WILL PROBABLY

15  COME TO ME MAYBE BY THE THIRD WEEK OF FEBRUARY.  SO IF -- I

16  THINK MAYBE MARCH 15TH.  I'M NOT SURE IF THAT'S A SATURDAY OR

17  SUNDAY, BUT MID-MARCH.  I WOULD PROPOSE MARCH 15TH.

18  **THE COURT:**  OKAY. SO I'LL PUT YOU ON CALENDAR FOR

19  FILING OF THE SUMMARY JUDGMENT FOR MARCH 15TH.  THE

20  OUTSTANDING DEPOSITIONS TO BE TAKEN BY JANUARY 31ST.

21  IN TERMS OF THE SUMMARY JUDGMENT, YOU CAN GO AHEAD

22  AND FILE IT WITHOUT A FURTHER CONFERENCE WITH ME. JUST A

23  REMINDER THAT YOU NEED TO DO A SEPARATE STATEMENT OF

24  FACTS.  YOU NEED TO EXCHANGE THAT WITH THE OTHER SIDE.

25  SO THAT THAT -- SO THAT THEY ARE NOT RETYPING

29

1    EVERYTHING.  AND THEN, IT WOULD BE ON A TYPICAL 35 DAYS

2    NOTICE.

3              **MS. WIDEN:**  YES, YOUR HONOR.

4              **THE COURT:**  BECAUSE IT SHOULD BE RELATIVELY

5    CONFINED.  THE TRIAL DATE AND ALL TRIAL-RELATED DATES ARE

6    VACATED.  AND AS SOON AS -- AND ALL OTHER DISCOVERY THEN

7    IS -- WELL, THE DEADLINE WILL HAVE PASSED AS OF TODAY.  SO THE

8    DEPOSITIONS ARE THE ONLY THING THAT I'VE AUTHORIZED BEYOND THE

9    DISCOVERY CUTOFF.

10       DID YOU HAVE A EXPERT CUTOFF DATE?

11             **MS. DE VRIES:**  WE DID.

12             **MR. ENABNIT:**  WE DID.

13             **MS. DE VRIES:**  JANUARY 18TH.

14             **THE COURT:**  AND SO DID YOU WANT TO PROCEED WITH THAT

15   OR DO YOU WANT ME TO VACATE THOSE DEADLINES?

16             **MR. ENABNIT:**  WHAT I WOULD PROPOSE, YOUR HONOR, IS

17   THAT YOU VACATE THEM.  HOWEVER, TRIAD HAS HAD AN EXPERT

18   EXAMINE -- A PSYCHIATRIST EXAMINE THE PLAINTIFF.  AND WE WILL

19   PRODUCE THAT REPORT WHEN IT IS MADE AVAILABLE TO ME,

20   NOTWITHSTANDING ALL OTHER DEADLINES THAT ARE NOT IN EFFECT

21   RELATING TO EXPERT WITNESSES.

22             **THE COURT:**  ALL RIGHT.  SO ALL THE TRIAL-RELATED

23   DEADLINES ARE VACATED AT THIS POINT.

24             **MS. DE VRIES:**  THANK YOU, YOUR HONOR.

25             **MR. KESSLER:**  THANK YOU.

1          **THE COURT:**  YOU KNOW, IT'S ALL I CAN DO.

2       ALL RIGHT.  HAPPY HOLIDAYS.  THANK YOU.

3          **MR. ENABNIT:**  SAME TO YOU.

4          **MS. DE VRIES:**  HAPPY HOLIDAYS, YOUR HONOR.

5          (THEREUPON, THIS HEARING WAS CONCLUDED.)

6   STENOGRAPHY CERTIFICATION

7          "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
    FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
8          DECEMBER 23, 2018
           /S/KATHERINE WYATT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25