UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| J. P., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 17-cv-05679-YGR (LB)<br><br>**ORDER APPROVING MINOR'S COMPROMISE AND GOOD-FAITH SETTLEMENT DETERMINATION**<br><br>Re: ECF Nos. 96 & 97 |

**INTRODUCTION**

This is a civil-rights and negligence case arising from the death of plaintiff J.P.'s then-three-year-old sister, M.M., while both minors were under the foster care and supervision of defendant Maria Refugio Moore. Plaintiff J.P., by and through his guardian ad litem Shannon Villanueva, and Ms. Moore settled the negligence claims against Ms. Moore following a settlement conference with the undersigned.[1] J.P.'s claims against all other defendants (County of Alameda, Diane Maas Davis, Sue May, and Triad Family Services) remain unresolved.[2] The parties consented to — and the trial judge approved — the undersigned's deciding plaintiff J.P.'s motion for approval of the

---

[1] Petition – ECF No. 97 at 4. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*

ORDER – No. 17-cv-05679-YGR

minor's compromise and Ms. Moore's motion for a good-faith settlement determination.[3] The motions are unopposed.[4] The court can decide the motions without oral argument, *see* N.D. Cal. Civ. L.R. 7-1(b), and grants the motions.

**ANALYSIS**

**1. Minor's Compromise**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

Upon review of the papers submitted, the court finds the settlement reasonable and in the interests of J.P. First, the court finds J.P.'s net recovery fair and reasonable under the

---

[3] Minute Entry – ECF No. 78; Order – ECF No. 101 (granting the parties' stipulation requesting that the undersigned to hear motions for a good-faith settlement determination and minor's compromise).

[4] Ms. Moore's Statement of Non-Opposition to Petition – ECF No. 104; Plaintiff's Statement of Non-Opposition to Mot. for Good Faith Settlement Determination ("Mot.") – ECF No. 105; Triad Family Services' Statement of Non-Opposition to Mot. – ECF No. 106; Triad Family Services' Statement of Non-Opposition to Petition – ECF No. 107; Statement of Non-Opposition to Mot. and Petition by County of Alameda, Ms. Maas, and Ms. May – ECF No. 108.

circumstances. *See, e.g.*, *Nephew v. Santa Rosa Memorial Hospital*, No. 15-cv-01684-JSC, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015) (finding settlement amount of $15,000 per minor sibling fair and reasonable where defendants failed to provide adequate medical treatment for minors' family members); *Armstrong v. Dossey*, No. 1:11-cv-01632-SKO, 2013 WL 4676541, at *3–4 (E.D. Cal. Aug. 30, 2013) (in a Section 1983 and negligence case for failure to provide medical treatment to minors' incarcerated father, approving recovery of $22,500 for minor with close relationship with father and $11,000 to minor with little to no relationship with father). Second, Ms. Moore's financial status would make attempts to execute on any judgment against her onerous, lengthy, cost-prohibitive, and likely futile.[5] Third, the requested attorneys' fee award is "reasonable in light of the signed contingency agreement and the early resolution of this case, which prevented prolonged litigation costs and continued trauma of rehashing the events underlying the suit." *Nephew*, 2015 WL 5935337, at *3; *see also Garlick v. Cty. of Kern*, No.: 1:13-cv-01051-LJO-JLT, 2016 WL 8763040, at *2 (E.D. Cal. July 22, 2016) (approving similar settlement); *Doe ex rel. Scott v. Gill*, No. C 11-4759 CW, 2012 WL 1939612, at *1–2 (N.D. Cal. May 29, 2012) (same).

In light of the benefits that the minor plaintiff has received in the litigation, and for the reasons advanced in the petition for approval at ECF No. 97, the court finds that the settlement is reasonable, and the attorneys' fees and costs are reasonable and appropriate.

### 2. Good-Faith Settlement Determination

California Code of Civil Procedure 877 provides that "[w]here a release . . . is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . [i]t shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. P. Code § 877(b). California Code of Civil Procedure 877.6 provides a mechanism by which a settling party may seek a determination that a settlement and release is in good faith. Cal. Civ. P. Code § 877.6. "A determination by the court that the

---

[5] *Id.* at 8.

ORDER – No. 17-cv-05679-YGR    3

settlement was made in good faith shall bar any other joint tortfeasors . . . from any further claims against the settling tortfeasors . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. P. Code § 877.6(b). A settling party may seek a good-faith settlement determination under § 877.6 in federal court. *See Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

Section 877.6 has two objectives: equitable sharing of costs among parties at fault and encouragement of settlements. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488 (1985). In *Tech-Bilt*, the California Supreme Court set forth several factors to be considered when a court determines whether a settlement was made in good faith under § 877.6. *Id.* at 499. The *Tech-Bilt* facts must be evaluated, however, only when a motion for a good-faith settlement determination is contested. *Raisman v. United States Olympic Committee*, No. 18-cv-02479-BLF, 2018 WL 6112943, at *1 (N.D. Cal. Nov. 21, 2018); *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1261 (1987). When no party objects to the proposed settlement, the court may enter a finding of good faith based on a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *Grand Terrace*, 192 Cal. App. 3d at 1261.

Ms. Moore filed her motion for a good-faith settlement determination on December 20, 2018.[6] The motion is unopposed.[7] Ms. Moore has submitted a declaration of counsel setting forth the background of this case and attaching the settlement agreement between Ms. Moore and J.P.[8] Based on this record, the court need not undertake a full *Tech-Bilt* evaluation in order to determine that the settlement agreement is a good-faith settlement. *See Raisman*, 2018 WL 6112943, at *2; *Grand Terrace*, 192 Cal. App. 3d at 1261. "In effect, the silence of the other Defendants speaks louder than a judicial evaluation of the *Tech-Bilt* factors." *Raisman*, 2018 WL 6112943, at *2.

---

[6] Mot. – ECF No. 96.

[7] Plaintiff's Statement of Non-Opposition to Mot. – ECF No. 105; Defendants' Statement of Non-Opposition to Mot. – ECF No. 108.

[8] Bussell Decl. – ECF No. 96-3 at 5–7.

ORDER – No. 17-cv-05679-YGR                4

The court finds the negotiations of the settlement agreement were fair and conducted in good faith and at arm's length, resulting in a settlement amount that is reasonable considering the proportionate liability between the defendants and litigation risk between J.P. and Ms. Moore. There is no evidence of bad faith, fraud, collusion, or an intent to unfairly impact the rights of any non-settling defendant. The settlement agreement between J.P. and Ms. Moore is a "good-faith settlement" within the meaning of California Code of Civil Procedure §§ 877 and 877.6. Pursuant to California Code of Civil Procedure §§ 877(b) and 877.6(c), this good-faith settlement determination forever bars any other joint tortfeasor from asserting claims against Ms. Moore for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

## CONCLUSION

The court approves the minor's compromise and the good-faith settlement determination between J.P. and Ms. Moore. The court orders Ms. Moore, through her insurer Allstate, to make the payment of $150,000 (payable to an account titled in the name of Ms. Villanueva, as trustee of J.P.'s trust) in accordance with the terms of the parties' settlement agreement and as set forth in the motion at ECF No. 97.

**IT IS SO ORDERED.**

Dated: January 28, 2019

_____
LAUREL BEELER
United States Magistrate Judge