Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RONALD E. ENABNIT, ESQ. (SBN 138062)
3638 American River Drive
Sacramento, California 95864
Telephone:   (916) 978-3434
Facsimile:   (916) 978-3430
renabnit@mathenysears.com

Attorneys for Defendant, TRIAD FAMILY SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. P., by and through his Guardian ad Litem, SHANNON VILLANUEVA<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 4:17-cv-05679-YGR (SK)<br><br>**DEFENDANT TRIAD FAMILY SERVICES' SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:       June 18, 2019<br>Time:       2:00 p.m.<br>Place.:     Courtroom 1 – 4th Floor,<br>            Oakland Courthouse<br>            1301 Clay Street, Oakland, CA<br>Judge:      Hon. Yvonne Gonzalez Rogers<br><br>Complaint filed: October 2, 2017<br>Trial Date: TBD |

Pursuant to the Standing Order of this Court, Defendant Triad Family Services ("Triad") hereby submits the following Separate Statement of Material Facts in support of its Motion for Summary Judgment as follows:

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 1 (Triad is not a state actor, under any theory of liability) | **Fact 1.** In 2015 and at all other times relevant to plaintiff's First Amended Complaint, Triad was a California nonprofit corporation, pursuant to Internal Revenue Code §501(c)(3) and California Government Code §§12586 and 12587. | |

1

*SEPARATE STATEMENT IN SUPPORT OF TRIAD FAMILY SERVICES'
MOTION FOR SUMMARY JUDGMENT*

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Request for Judicial Notice (RJN") Exh. 2 [Triad Articles of Incorporation]; Reagh Declaration at 2:13-15; Enabnit Declaration, Exh. 1 [Reagh Deposition at 71:22-72:1-11; and 95:11-17]. | |
| Issue 1 | **Fact 2.** In 2015 and at all other times relevant to plaintiff's First Amended Complaint, Triad was licensed by the state of California to act as a foster family agency and Triad contracted with counties, including Alameda County for placement of children in homes that certified by Triad. As a foster family agency, Triad was regulated by the state of California, pursuant to California Health & Safety Code §§1502, 1506, 1530 and Cal. Code of Regulations, Title 22, Division 6, Chapter 8.6, §§ 88000 through 88087.<br><br>RJN Ex. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint, 3:17-19, 6:19-21]; Enabnit Declaration, Exh. 1 [Reagh Deposition at 71:22-72:10; 99: 1-4]; Enabnit Declaration, Exh. 2 [Nunn Deposition at 54:25-55:22]; and Reagh Declaration at 2:12-19 and 2:20-23. | |
| Issue 1 | **Fact 3.** Foster Family Agencies, such as Triad, can contract with parents, without the involvement of county social service agencies, for the placement of children in foster homes certified by foster family agencies.<br><br>Enabnit Declaration, Exh. 1 [Reagh Deposition at 218:24–219:16]. | |
| Issue 1 | **Fact 4.** Triad certified the Maria Refugio Moore home on September 9, 2015, and Alameda County approved Maria Refugio Moore's home to receive placement of J.P. and M.M.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint, 6:22-24]; Enabnit Declaration, Exh. 2 (Nunn Deposition at 56:2-57:7 and 85:20–86:2 and Exh. H [Certificate of Approval]. | |
| Issue 1 | **Fact 5.** On September 30, 2015, Alameda County involuntarily removed then five-year-old J.P. and his almost three-year-old sister M.M. from their mother's custody pursuant to Welfare & Institutions Code §§ 305 and/or 306, | |

*SEPARATE STATEMENT IN SUPPORT OF TRIAD FAMILY SERVICES'
MOTION FOR SUMMARY JUDGMENT*

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | based upon an allegation of abuse and neglect while in the biological mother's home.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 5:9-13]. |  |
| Issue 1 | **Fact 6.** Sue May as Alameda County's "Placement Worker Representative" placed J.P. and M.M. in an out-of-county home through a contract between Alameda County and Triad. The Placement Agreement between Alameda County and Triad for M.M. and J.P. was signed on or about October 1, 2015.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 6:3-5]. |  |
| Issue 1 | **Fact 7.** Alameda County had the ultimate responsibility and authority to ensure the safety and well-being of M.M. and J.P.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 5:9-20]; Enabnit Declaration, Exh. 2 [Nunn Deposition at 65:2-67:1 and Ex. C (Foster Family Agency Agreement)]. |  |
| Issue 1 | **Fact 8.** From September 30, 2015 to October 16, 2015, Maria Moore had physical custody, care and control of J.P. and M.M, but ALAMEDA COUNTY retained legal custody of J.P. and M.M.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 6:27-7:2]. |  |
| Issue 1 | **Fact 9.** Triad made abuse or neglect referrals to ALAMEDA COUNTY on 10/4/15, 10/5/16 and 10/6/16, because of M.M.'s hospitalization on 10/3/15.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 9:8-9]. |  |
| Issue 1 | **Fact 10.** On 10/6/15, the San Joaquin Human Services Agency (SJHSA called the Department of Family & Child Services of ALAMEDA COUNTY repeatedly, and requested a return call and, contacted a hotline to obtain a fax number for ALAMEDA COUNTY. That day SJHSA faxed its own Suspected Child Abuse Report regarding |  |

*SEPARATE STATEMENT IN SUPPORT OF TRIAD FAMILY SERVICES' MOTION FOR SUMMARY JUDGMENT*

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | M.M.'s methamphetamine exposure. The SJHSA assessed the referral it received on 10/4/15 as requiring a response within ten days pursuant to a statewide Emergency Response Protocol. ALAMEDA COUNTY was legally responsible for the direct supervision and services for M.M. and J.P.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 9:10-16]. |  |
| Issue 1 | **Fact 11.** ALAMEDA COUNTY failed to conduct an investigation, obtain independent statements from any witnesses or residents in Moore's home, and to inspect the safety of the foster home.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 11:4-9]. |  |
| Issue 1 | **Fact 12.** ALAMEDA COUNTY had mandatory duties to protect J.P. and M.M. to supervise and monitor the placement of J.P. and M.M. in a foster home.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 11:23-28]. |  |
| Issue 2 (Plaintiff J. P.'s negligence cause of action is without merit) | **Fact 1.** Plaintiff J.P. did not observe or witness his sister M.M. ingesting (such as taking, smoking, eating or imbibing) the drug/substance which caused M.M.'s death on October 16, 2015.<br><br>Enabnit Declaration, Exh. 3 [Stipulation of Fact]. |  |
| Issue 2 | **Fact 2.** Plaintiff J.P. has suffered extreme emotional distress damages because of the drug exposure and death of his sister M.M. Plaintiff J.P. does not allege in his statement of damages that he suffered any bodily or physical injury.<br><br>RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 15:6-10]. |  |
| Issue 2 | **Fact 3.** J.P. does not allege that he personally ingested any drug while he lived at Maria Moore's foster home. |  |

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | RJN, Exh. 1 [Dkt. No. 55, Plaintiff's First Amended Complaint at 14:3-15-10]. | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: April 9, 2019.                                                    MATHENY SEARS LINKERT & JAIME, LLP


By: /s/ Ronald E. Enabnit
RONALD E. ENABNIT, Attorneys for Defendant TRIAD FAMILY SERVICES

*SEPARATE STATEMENT IN SUPPORT OF TRIAD FAMILY SERVICES' MOTION FOR SUMMARY JUDGMENT*