Darren J. Kessler, SBN 114986
3060 El Cerrito Plaza, Suite 371
El Cerrito, CA 94530
Tel: 510-524-7750
E-mail: darren.j.kessler@gmail.com

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9603
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. P., by and through his Guardian Ad Litem, SHANNON VILLANUEVA<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive.<br><br>Defendants. | Case No: 4:17-cv-05679-YGR<br><br>**JOINT DISCOVERY LETTER DATED MAY 13, 2019** |

Dear Judge Gonzalez-Rogers:

Counsel for plaintiff J.P. (Liza de Vries and Darren Kessler), Triad Family Services (Ron Enabnit), and the County Defendants (Rebecca Widen) submit this joint discovery letter pursuant to this Court's 2/24/17 standing order and 3/16/18 Stipulated Protective Order (Dkt. 51). The dispute relates to the County Defendants' designation of deposition testimony of three witnesses (Diane Davis Maas, Sue May, and Christine Nygaard) as confidential under this Court's Protective Order. The parties have met and conferred extensively on this dispute, both in writing and in telephone conferences.

### A. J.P.'s Position[1]

California Welfare & Institutions Code Section 827 protects confidential information of foster children. Section 827 requires court orders to obtain or use information contained in any minor's foster-care file. J.P. through counsel spent over one year obtaining a stipulation and court order from the Alameda County Superior Court which allowed J.P. to procure such protected information, and, use it, specifically, in this litigation.

On 10/26/16, the Superior Court of Alameda ordered Darren Kessler "is hereby authorized to use the disclosed information [under 827] … as necessary in the course of a civil lawsuit by [J.P…] as evidence in the form of exhibits in … motions … and at trial and/or as reference for the purpose of direct and cross examination at such proceedings." This order was pursuant to a stipulation, by and through: (1) Miruni Soosapilla, Senior Deputy County Counsel for the County of Alameda; (2) Rita Rodriguez, attorney for J.P. in the dependency proceedings; (3) Carol Federighi, Guardian Ad Litem for J.P. and M.M.'s biological mother; (4) Mr. Kessler, special counsel appointed for J.P.; and, (5) the Hon. Charles Smiley, Superior Court of Alameda County. Plaintiff produced this order and records received pursuant to this order under FRCP 26.

After Triad Family Services and J.P. filed a motion and obtained this Court's order to compel, and won a Ninth Circuit motion on the same issue, the County Defendants produced witnesses Diane Davis Maas, Sue May, and Christine Nygaard for deposition in late January 2019. The County Defendants' counsel then designated all transcripts as confidential.

As required by this Court's protective order, plaintiff objected to the summary designation and attempted to confer, from January through April 2019, to no avail. On 4/29/19, the County Defendants reduced their summary designation to all testimony relating to what the witnesses did or knew about what happened to J.P. and M.M.

Plaintiff believes these designations are incorrect on several grounds.

**First**, no reference is made in the deposition transcripts of Maas, May, or Nygaard to *any* minor's identification information *other* than to J.P. and M.M., by acronym. Therefore, the only privacy rights at issue relate to J.P. and M.M. The siblings' biological mother stipulated to J.P.'s use of 827 records in this litigation, and the juvenile court so ordered, *without* any confidentiality requirements. The plaintiff has waived his right. M.M. is deceased. Her rights are necessarily diminished under logic and the law.

---

[1] Triad agrees with the position stated in this letter by plaintiff J.P.

> (A) … [J]uvenile case files, . . .that pertain to a deceased child who was within the jurisdiction of the juvenile court pursuant to Section 300, **shall be released to the public pursuant to an order by the juvenile court** after a petition has been filed and interested parties have been afforded an opportunity to file an objection. . . .
>
> **(B) This paragraph represents a presumption in favor of the release of documents when a child is deceased unless the statutory reasons for confidentiality are shown to exist**.

Wel.& Inst. Code §827(a)(2) (emphasis added). Any subsequent juvenile-court orders, requested and procured by the County Defendants without J.P.'s involvement or input, should not limit J.P.'s ability to use this evidence here in this litigation.

**Second**, the County Defendants incorrectly characterize this limited *testimony* as a juvenile-court *record* subject to the state-court order the County Defendants procured in June 2018. To begin, the County Defendants have yet to disclose a single document from the records the County procured under that state-court order, as required under FRCP 26(a) and (e). Instead, the County Defendants filed a notice of appeal and a stay motion in these proceedings. Now the County Defendants contend this June 2018 order requires they designate compelled *testimony* as a confidential *record* they are "producing" subject to this state-court order. Given the orders it required to obtain this testimony, the use of only acronyms identifying J.P. and M.M. and no other minor, and the 2016 ruling already made in J.P.'s favor, plaintiff believes this particular testimony is not subject to the County Defendants' procured June 2018 state-court order.

**Third,** this Court's Protective Order does not justify sealing testimony of these witnesses because: (1) it is in the public record; or (2) the "receiving" party (J.P.) already lawfully obtained the 827-related "protected" information *without any obligation to keep it confidential* and with permission to specifically use it in this lawsuit. Order at 3:17-25.

Contrary to the County Defendants' perspective, this testimony is highly relevant to both of Triad's theories raised in its summary-judgment motion—state action and negligence. No other deposition in this matter (over one dozen) are designated as confidential or require the plaintiff to file a motion to seal. Now J.P. is forced to: (1) file a motion to seal based on an absurd theory that M.M.'s waived privacy interests trump a juvenile-court order which did not require confidentiality, or, (2) submit a designation-dispute letter.

In a futile attempt to avoid engaging the Court at this juncture (given the now-set 7/17/19 oral argument in the Ninth Circuit), J.P. attempted to obtain written permission to file this evidence under the Protective Order's provision (12:1-3) inviting she who designated this testimony as confidential to agree to its filing. That request was denied on 4/29/19.

J.P. respectfully requests the Court's guidance to file deposition excerpts from these County Defendants to oppose Triad's summary-judgment motion in advance of May 17, 2019, or, extend his response deadline accordingly.

### B. County Defendants' Position

Plaintiff took the depositions of J.P. and M.M.'s Alameda County dependency case workers (Maas, May and Nygaard) in late January 2019. These are the only County depositions taken in the case thus far. Counsel for County Defendants designated portions of those depositions as confidential under the parties' Protective Order. It is County Defendants' position that the designated testimony contains juvenile case file information that is protected from public disclosure under Welfare and Institutions Code section 827, the juvenile court's 827 orders, and this Court's Protective Order. Plaintiff now seeks to file publicly certain excerpts of the confidential testimony in opposition to Triad's pending motion for summary judgment.

The parties agree that "[a] juvenile case file, any portion thereof, and information relating to the content of the juvenile case file" is confidential under California law and may not be disseminated or made public without the prior approval of the presiding judge of the juvenile court. Welfare & Inst. Code §827. In the present matter, the juvenile court has entered two sets of orders pertaining to the release of J.P. and M.M.'s juvenile case file records for purposes of the instant action. The first set of orders, referred to above by Plaintiff, were entered prior to the filing of the instant action. Those orders authorized Plaintiff to use the minors' juvenile case file records for purposes of a civil action but were silent as to whether the records could be filed publicly or whether they should be handled subject to a protective order. The second set of orders, entered after the present action was pending, specifically required that the minors' juvenile case file records be designated as "CONFIDENTIAL" under the terms of the Protective Order that had been entered by this Court in the interim, on March 16, 2018 (Docket 51). Importantly, the Protective Order itself states, in Paragraph 14, that J.P. and M.M.'s juvenile records must be designated as "CONFIDENTIAL" and that the disclosure and filing of such records as evidence in this matter shall be "subject to" that designation (Docket 51).

It is County Defendants' position that these orders allow the parties to utilize J.P. and M.M.'s juvenile case file records for proper litigation purposes in this action but require them to be designated and handled as "CONFIDENTIAL" under the Protective Order. It does not appear to be disputed by Plaintiff that most of the testimony of Maas, May and Nygaard directly relates to J.P. and M.M.'s removal, foster placement, and dependency (i.e., their juvenile dependency cases). The documents attached as exhibits to the depositions and discussed extensively therein came exclusively from J.P. and M.M.'s juvenile case files. Thus, the subject matter of the depositions is clearly confidential under California law, and as such, its disclosure is governed by the orders entered by the juvenile court and this Court. Reading the orders together, narrowly and conservatively as is appropriate given the subject matter, County Defendants do not believe they authorize the public disclosure of the otherwise confidential deposition excerpts. Rather, County Defendants believe the orders authorize the parties to utilize the confidential excerpts for proper litigation purposes in the pending action but require the parties to maintain the confidentiality of the information under the Protective Order (i.e. by filing them under seal when used in motion practice). County Defendants believe all counsel in this case have a duty to protect the minors' confidential juvenile case file information under these orders by designating and handling it as confidential under the Protective Order, and this includes information obtained from other sources as well.

      Although the orders do not specifically refer to case worker testimony, under California law, case worker testimony relating to the content of a juvenile case file is handled the same for purposes of confidentiality under Welfare and Institutions Code section 827.  (*People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1314 [if a witness's proposed testimony amounts to inspection of a juvenile case file or information relating to the contents of the case file, the testimony may not be presented without a juvenile court order authorizing its disclosure pursuant to Welfare and Institutions Code section 827]"); *People v. Allison* 2017 WL 83497 (CA Court of Appeal, Fourth District, January 10, 2017) ["Moreover, even if defense counsel did not seek to admit the report but wanted the social worker to testify as to the contents of the report, admission of such testimony arguably would have required the juvenile court's authorization as well"]).  As such, counsel for County Defendants designated the testimony as confidential and subject to the protective order at the outset of the depositions, and later went back and "un-designated" the limited portions that did not constitute or relate to the minors' juvenile case file information.

      Plaintiff argues that J.P. has waived his right to privacy in his juvenile case file records, and that M.M.'s right to privacy is diminished because she is deceased.  County Defendants would note that Section 827 does not allow a minor to consent to public disclosure of juvenile case file information; only the juvenile court may authorize such disclosure.  Similarly, the diminished privacy rights of a deceased minor (like M.M.) is a matter that a juvenile court may consider in determining whether to authorize a requested disclosure under Section 827.  It is not a factor the parties may simply apply themselves in a civil case, especially where there are disclosure orders already in place.

      The minors' actual juvenile case file records and evidence of same have not entered the public domain in this case.  County Defendants have treated that information as confidential under Section 827, even though it adds needed context to Plaintiff's allegations and is largely favorable to their defense in this matter.

      Finally, County Defendants would note that Triad's motion for summary judgment raises two very narrow legal issues - state actor liability under Section 1983 and the availability of emotional distress damages for bystander/direct victim claims.  Overall, the testimony of Maas, May and Nygaard would appear to have little relevance to the issues raised in Triad's motion.  It is County Defendants' position that the most appropriate method to present this dispute to the Court would be through the use of the sealing procedures set forth in Civil Local Rule 79-5 and Paragraph 11 of this Court's standing order, which would require Plaintiff to provide the actual excerpts and allow this Court (and County Defendants) to view and evaluate their confidentiality in the context of Triad's motion for summary judgment and Plaintiff's opposition papers.

| | |
|---|---|
| **SCOTT LAW FIRM/ LAW OFFICES OF DARREN KESSLER**<br>/s/ Liza de Vries and Darren Kessler<br>Darren J. Kessler and Lizabeth N. de Vries for the plaintiff | **HAAPALA, THOMPSON & ABERN, LLP**<br>/s/ Rebecca S. Widen<br>Rebecca S. Widen, Attorney for Defendants County of Alameda, Diane Davis Maas and Sue May<br><br>**MATHENY SEARS LINKERT JAIMIE LLP**<br>/s/ Ronald Enabnit<br>Ron Enabnit, for Defendant Triad Family Services |