Rebecca S. Widen, SBN 219207
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:    510-763-2324
Fax:    510-273-8534
E-mail:  rwiden@htalaw.com

Attorneys for Defendants
COUNTY OF ALAMEDA and
DIANE DAVIS MAAS and SUE MAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| J.P., by and through his Guardian ad Litem, SHANNON VILLANUEVA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive,<br><br>Defendants.<br>_____ / | Case No.: 4:17-cv-05679-YGR<br><br>**COUNTY DEFENDANTS' OBJECTION TO THE ADJUDICATION OF DEFENDANT TRIAD'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 18, 2019<br>Time: 2:00 p.m.<br>Courtroom: 1, 4th Floor, 1301 Clay Street, Oakland, CA<br>Judge: The Hon. Yvonne Gonzalez Rogers |

Defendants COUNTY OF ALAMEDA, DIANE DAVIS MAAS, and SUE MAY ("County Defendants") hereby object to the present adjudication of the motion for summary judgment filed by co-defendant Triad Family Services ("Triad"). Due to the pending interlocutory appeal, County Defendants have not had the opportunity to assert their affirmative defenses or cross-claims in the case, or engage in discovery. County Defendants do not have the ability to oppose the motion meaningfully. Because the adjudication of Triad's motion at the present time will severely prejudice County Defendants' ability to litigate this matter if jurisdiction over the claims against them returns to this Court post-appeal, the Court should defer the motion until such time as the appeal is decided, jurisdiction returns to this Court on the claims against County Defendants, and discovery has closed as to all parties and claims in the case.

1

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR
COUNTY DEFENDANTS' OBJECTION TO THE ADJUDICATION OF DEFENDANT TRIAD'S MOTION FOR SUMMARY JUDGMENT

## I. PROCEDURAL POSTURE

District court proceedings in this case have been stayed on the claims against County Defendants since the filing of their qualified immunity appeal on May 24, 2018. Because the appeal was filed at the pre-answer, motion to dismiss stage, County Defendants have not yet asserted their affirmative defenses and cross-claims in this matter, or engaged in any discovery on the claims against them. Jurisdiction over those claims and all inextricably intertwined issues has rested in the Ninth Circuit since the filing of the appeal. *See Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992).

When the appeal was filed, County Defendants requested a stay of all district court proceedings in the case pending the outcome of the appeal, including any proceedings on the claims against co-defendant Triad, in order to avoid piecemeal litigation of common issues of law and fact. Triad did not object to a stay of the entire case. However, Plaintiff vigorously opposed it and urged the Court allow the case to proceed as between Plaintiff and Triad only. The Court granted Plaintiff's request, and since then, Plaintiff and Triad have engaged in discovery and other district court proceedings without County Defendants' participation.

Plaintiff later sought a court order to take the depositions of the individual County Defendants despite the stay of proceedings on the claims against them, arguing that the depositions were appropriate because they were relevant to the non-stayed Triad claims. County Defendants opposed the request on several grounds, including, again, the desire to avoid piecemeal litigation on common issues of law and fact. On December 6, 2018, the Court issued an order ruling that the depositions could proceed on limited subject matters only. The Court also stayed trial and all further proceedings in the case pending the outcome of the appeal, except it permitted a summary judgment motion to be filed by Triad (Docket #93).

Triad subsequently filed its motion for summary judgment, which is now pending before the Court. County Defendants hereby object to the Court's adjudication of Triad's motion until such time as County Defendants are no longer parties to the case, or discovery is closed as to all claims.

//

2

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR
COUNTY DEFENDANTS' OBJECTION TO THE ADJUDICATION OF DEFENDANT TRIAD'S MOTION FOR SUMMARY JUDGMENT

## II. OBJECTION

County Defendants have standing to oppose Plaintiff's motion, because if granted, the motion has potentially adverse effects on County Defendants. Many courts that have considered this issue have explicitly concluded that one co-defendant has standing to oppose another co-defendant's motion for summary judgment. *See, e.g., Stone v. Marten Transport, LLC*, No. 3:12-cv-0396, 2014 WL 1666420, at *3–5 (M.D. Tenn. April 25, 2014) (opposing-co-defendants could prevent summary judgment because not permitting them to do so "could have adverse consequences for [the opposing-co-defendants], who might be forced to shoulder any blame that might otherwise be assigned to [the moving-co-defendant]); *Wood v. Millar*, No. CIV 13-0923 RB/CG, 2015 WL 12661926, at *4 (D.N.M. Feb. 19, 2015) ("[T]he better rule allows defendants to opposed motions for summary judgment if they could be aggrieved by the outcome of the decision"); *Dailey v. J.B. Call & Co.*, No. 04-4114-RDR, 2006 WL 616634, at *2 (D. Kan. Mar. 9, 2006) (relying on *Hoover v. Switlik Parachute Co.*, 663 F.2d 964 (9th Cir.1981), and holding that one co-defendant "has standing to oppose [another co-defendant's] motion for summary judgment" where the opposing co-defendant was a party to the case and would be potentially aggrieved by the decision); *White v. Sabatino*, 415 F. Supp. 2d 1163, 1172 (D. Haw. 2006) (explicitly concluding that co-defendants had the right to oppose another co-defendant's motion, where denying that right "would unfairly deprive them of the right to contribution by a joint tortfeasor if the issue of apportionment of damages arises in the future, especially in the absence of any objection or showing of surprise."). Other federal courts have simply considered such co-defendant opposition briefs without comment. See e.g., *Guthrie v. Radiac Abrasives, Inc.*, No. CIV. 89-333 (CSF), 1990 WL 193047, at *2-3 (D.N.J. Nov. 5, 1990) (weighing co-defendant's arguments in summary judgment discussion without questioning standing to oppose the motion); *Parker v. Bell Asbestos Mines, Ltd.*, 607 F. Supp. 1397, 1399 & n.1 (E.D. Pa. 1985) (rejecting summary judgment motion based primarily on co-defendant's motion in opposition, though also considering plaintiff's opposition).

County Defendants have not yet asserted their affirmative defenses in this action or their potential cross-claims against Triad due to the pending qualified immunity appeal, which was

3

filed at the motion to dismiss stage. If Triad's motion for summary judgment is granted, County Defendants would lose the ability to assert and litigate their potential cross-claims against Triad under Federal Rule of Civil Procedure 13, and would lose the ability to fully litigate any anticipated defenses which rest on evidence of Triad's duties, acts and omissions in this case. County Defendants should not be deprived of the ability to fully assert and litigate their defenses and cross-claims in response to Plaintiff's complaint simply because they filed a proper interlocutory appeal.

Adjudicating Triad's motion for summary judgment will require the Court to make rulings on common issues that would prejudice County Defendants' anticipated defenses and cross-claims in this case. For example, Triad asks the Court to evaluate the evidence gathered through the limited discovery thus far and determine whether Plaintiff may recover emotional distress damages as a bystander or direct victim. Although Triad's argument is raised in the context of a negligence claim, the same essential damages arguments can and will be made by County Defendants in response to Plaintiff's Section 1983 claim. Both claims arise out of the same facts and occurrences, which County Defendants have not yet had the opportunity to explore through discovery, yet County Defendants may potentially be bound by rulings relating to these common facts and issues. County Defendants would also note that their pending appeal raises similar bystander and direct victim arguments, on the same facts, in the context of Plaintiff's Section 1983 claims (See, e.g., County Defendants' Reply Brief, at pp. 1-8, Ninth Circuit case #18-15963, Docket #26). Thus, there is the potential for conflicting rulings on this issue between this Court and the Ninth Circuit.

Similarly, adjudicating Triad's state actor arguments will require the Court to evaluate and rule on the evidence gathered through discovery thus far on the nature and extent of Triad's duties and responsibilities as an alleged agent of the County, which is another subject area County Defendants have not yet had the ability to challenge through their assertion of defenses and cross-claims, or explore through discovery. Plaintiff alleges that Triad acted as County Defendants' agent, and the Court's rulings on this issue will affect County Defendants' ability to argue against that notion or assign fault to Triad. County Defendants should not "be forced to

4

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR
COUNTY DEFENDANTS' OBJECTION TO THE ADJUDICATION OF DEFENDANT TRIAD'S MOTION FOR SUMMARY JUDGMENT

shoulder any blame that might otherwise be assigned to [Triad]" by virtue of a summary judgment motion that they have not had a full and meaningful opportunity to oppose. *Stone v. Marten Transport, LLC*, No. 3:12-cv-0396, 2014 WL 1666420, at *3–5 (M.D. Tenn. April 25, 2014).

The Court's findings on Triad's summary judgment motion could serve as law of the case on common issues of fact and law, and/or set up the possibility of inconsistent rulings on these common issues if and when County Defendants raise them later. Either way, County Defendants' ability to assert their claims and defenses effectively in this case would be severely prejudiced if the Court were to adjudicate Triad's summary judgment motion at the present time. County Defendants would note that the Court stayed trial in this case for essentially the same reasons set forth above, i.e. that trying the case as to Triad only would set up the possibility of inconsistent rulings and prejudice to defendants. County Defendants maintain that the same logic should persuade the Court to defer adjudication of Triad's motion for summary judgment until such time as the appeal is decided, jurisdiction returns to this Court on the claims against County Defendants, and discovery has closed as to all parties and claims in the case.

Dated:   May 20, 2019

                                 HAAPALA, THOMPSON & ABERN, LLP


                    By:   /s/ Rebecca S. Widen
                         Rebecca S. Widen
                         Attorneys for Defendants
                         COUNTY OF ALAMEDA,
                         DIANE DAVIS MAAS and SUE MAY

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

5

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR
COUNTY DEFENDANTS' OBJECTION TO THE ADJUDICATION OF DEFENDANT TRIAD'S MOTION FOR SUMMARY JUDGMENT