Rebecca S. Widen, SBN 219207
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:    510-763-2324
Fax:   510-273-8534
E-mail:  rwiden@htalaw.com

Attorneys for Defendants
COUNTY OF ALAMEDA,
DIANE DAVIS MAAS and SUE MAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| J.P., by and through his Guardian ad Litem, SHANNON VILLANUEVA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive,<br><br>Defendants. | Case No.:  4:17-cv-05679-YGR (LB)<br><br>**DECLARATION OF REBECCA S. WIDEN IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL [DOCKET #122]; CIVIL LOCAL RULE 79-4(E)(1)** |

I, Rebecca S. Widen, declare:

1. I am an attorney at law duly licensed to practice in all courts of the State of California. I am a partner with the law firm of Haapala Thompson & Abern, LLP, counsel of record for Defendants County of Alameda, Diane Davis Maas and Sue May ("County Defendants"). I am familiar with the facts set forth herein and could competently testify thereto if called upon as a witness.

2. This declaration is submitted in response to Plaintiff's Motion to Seal [Docket #122], pursuant to Civil Local Rule 79-4(E)(1).

3. Discovery and all district court proceedings have been stayed as to County Defendants since May 2018 since the filing of their interlocutory qualified immunity appeal, which is currently pending in the Ninth Circuit. However, in December 2018, Plaintiff applied

1

1 to this Court for relief from the stay in order to take three County depositions in connection with the non-stayed claims against co-defendant Triad Family Services ("Triad"). Plaintiff's request was granted, and in late January 2019, Plaintiff took the depositions of J.P. and M.M.'s Alameda County dependency case workers (Maas, May and Nygaard). These are the only County depositions that have been taken in the case. County Defendants have not produced or participated in any other discovery thus far.

4. At the depositions, the undersigned indicated on the record that the case worker testimony would be subject to the parties' Protective Order to the extent it related to the minors' juvenile case file information. After the depositions, the undersigned reviewed the deposition transcripts and designated the specific portions that were CONFIDENTIAL under the parties' Protective Order.

5. Most of the case worker testimony fell into the CONFIDENTIAL category because it dealt directly with the minors' juvenile case files. Generally, "[a] juvenile case file, any portion thereof, and information relating to the content of the juvenile case file" is confidential under California law and may not be disseminated or made public without the prior approval of the presiding judge of the juvenile court. Ca. Welfare & Inst. Code § 827. In the present matter, the juvenile court has entered two sets of orders pertaining to the release of J.P. and M.M.'s juvenile case file records for purposes of the instant action. The first set of orders was entered prior to the filing of the instant action. Those orders authorized Plaintiff to use the minors' juvenile case file records for purposes of a civil action but were silent as to whether the records could be filed publicly or whether they should be handled subject to a protective order. The second set of orders, entered <u>after</u> the present action was pending, required that the minors' juvenile case file records be designated as "CONFIDENTIAL" under the terms of the Protective Order that had been entered by this Court in the interim. Specifically, those orders provided: "All records and documents produced hereto shall be designated as "CONFIDENTIAL" and handled by Petitioner in strict accordance with the terms of the Protective Order entered by the district court in case no. 4:17-cv-05679-YGR..." The undersigned has not attached a copy of those orders to this public Declaration because they are, themselves, confidential juvenile court

2

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR (LB)
Declaration of Rebecca S. Widen in Support of Plaintiff's Motion to Seal [Docket #122]; Civil Local Rule 79-4(e)(1)

1 records. However, the undersigned can provide them to the Court if so ordered.

2     6.    Importantly, this Court's Protective Order also specifically provides, in Paragraph 14, that J.P. and M.M.'s juvenile records must be designated as "CONFIDENTIAL" and that the disclosure and filing of such records as evidence in this matter shall be "subject to" that designation. Attached hereto as Exhibit 1 is a true and correct copy of Paragraph 14 of the Protective Order entered by this Court on March 16, 2018 (Docket #51).

    7.    It does not appear to be disputed by Plaintiff that most of the testimony given by case workers Maas, May and Nygaard is covered by Welfare and Institutions Code section 827 because it relates to J.P. and M.M.'s juvenile case files. As such, any disclosure of that testimony is strictly governed by the orders entered by the juvenile court and this Court in this matter. Reading those orders together, narrowly and conservatively as is appropriate given the subject matter, they do not appear to authorize the public disclosure of these otherwise confidential deposition excerpts. Rather, the orders authorize the parties to utilize the confidential excerpts for proper litigation purposes in the pending action but require the parties to maintain the confidentiality of the information under the Protective Order (i.e. by filing them under seal when properly used in motion practice).

    8.    This is County Defendants' first and only designation of discovery material as CONFIDENTIAL in this case, because it is the first and only discovery material County Defendants have produced in the case. However, all counsel in this case have a duty to protect the minors' confidential juvenile case file information they obtain in this case by designating and handling it as confidential under the Protective Order, and this includes information obtained through other means as well.

    9.    Although the juvenile court's disclosure orders and this Court's Protective Order do not specifically address case worker testimony, under California law, case worker testimony relating to the content of a juvenile case file is handled the same as the juvenile case file itself for purposes of confidentiality under Welfare and Institutions Code section 827. (*People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1314 [if a witness's proposed testimony amounts to inspection of a juvenile case file or information relating to the contents of the case file, the

3

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR (LB)
Declaration of Rebecca S. Widen in Support of Plaintiff's Motion to Seal [Docket #122]; Civil Local Rule 79-4(e)(1)

1  testimony may not be presented without a juvenile court order authorizing its disclosure
2  pursuant to Welfare and Institutions Code section 827]"); *People v. Allison* 2017 WL 83497
3  (CA Court of Appeal, Fourth District, January 10, 2017) ["Moreover, even if defense counsel
4  did not seek to admit the report but wanted the social worker to testify as to the contents of the
5  report, admission of such testimony arguably would have required the juvenile court's
6  authorization as well"]).

7      10.    Plaintiff argues that J.P. has waived his right to privacy in his juvenile case file
8  records, and that M.M.'s right to privacy is diminished because she is deceased. However,
9  Section 827 does not allow a minor to consent to public disclosure of juvenile case file
10 information; only the juvenile court may authorize such disclosure. Similarly, the diminished
11 privacy rights of a deceased minor (like M.M.) is a factor that the juvenile court may consider in
12 determining whether to authorize a requested disclosure under Section 827. It is not a factor the
13 parties may simply apply for themselves in a civil case, especially where there are applicable
14 disclosure orders already in place.

15     11.    To the undersigned's knowledge, the minors' actual juvenile case file records
16 and evidence of same have not entered the public domain in this case. County Defendants, for
17 their part, have treated that information as confidential under Section 827.

18     12.    Finally, it should be noted that Triad's motion for summary judgment raises two
19 very narrow legal issues - state actor liability under Section 1983 and the availability of
20 emotional distress damages for bystander/direct victim claims. Overall, the testimony of Maas,
21 May and Nygaard would appear to have little relevance to the actual issues raised in Triad's
22 motion. For unclear reasons, Plaintiff chose not to file the opposition to which the confidential
23 exhibits purportedly relate. Plaintiff should be required to file the opposition to which the
24 confidential exhibits relate before a determination is made as to whether the public filing of
25 those otherwise confidential exhibits is properly tailored for legitimate litigation purposes. That
26 determination cannot be made in a vacuum.

27     I declare under penalty of perjury under the laws of the State of California that the
28 //

4

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR (LB)
Declaration of Rebecca S. Widen in Support of Plaintiff's Motion to Seal [Docket #122]; Civil Local Rule 79-4(e)(1)

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8534

1 foregoing is true and correct, and that this declaration was executed on May 20, 2019, at
2 Oakland, California.

4 /s/ Rebecca S. Widen
Rebecca S. Widen

5

*J.P. v. County of Alameda, et al.* / Case #4:17-cv-05679-YGR (LB)
Declaration of Rebecca S. Widen in Support of Plaintiff's Motion to Seal [Docket #122]; Civil Local Rule 79-4(e)(1)

# EXHIBIT 1

14. **JUVENILE RECORDS**

All records obtained by any Party pursuant to California Welfare and Institutions Code § 827 (Juvenile Case File) shall be subject to this Stipulated Protective Order (SPO) and all such documents shall be marked as "CONFIDENTIAL" and treated as required in the SPO with the following additional terms and conditions:

Subject to the required designation of Confidential set forth in the SPO, Juvenile Case File records may be produced and exchanged in the course of this lawsuit pursuant to Rule 26, discovery responses, as evidence in the form of exhibits in depositions, motions, and at trial and/or as reference for the purpose of direct and cross examination at such proceedings.

Juvenile Case File records may be disclosed to the mental health professionals treating J.P. and to professionals evaluating and/or assessing his mental health status, the trauma suffered, and his future treatment needs, for purposes of this litigation only.

Juvenile Case File records may also be disclosed to consultants and experts retained to assist the Parties within the scope and in the course this lawsuit.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 12, 2018                 **LAW OFFICES OF DAREN KESSLER**

                                      By: /s/ Darren J. Kessler
                                          Darren J. Kessler
                                          Attorneys for Plaintiff

Dated: March 12, 2018                 **SCOTT LAW FIRM**

                                      By: /s/ Lizbeth N. de Vries
                                          Lizbeth N. de Vries
                                          Attorneys for Plaintiff

Dated: March 12, 2018                 **MATHENY SEARS LINKERT JAIME LLP**

                                      By: /s/Ronald E. Enabnit
                                          Ronald E. Enabnit
                                          Attorneys for Defendant
                                          TRIAD FAMILY SERVICES

Dated: March 12, 2018                 **GAVIN CUNNINGHAM AND HUNTER**