1

2

3

Darren J. Kessler, SBN 114986
**KESSLER LAW OFFICE**
3060 El Cerrito Plaza, Suite 371
El Cerrito, CA 94530
Tel: 510-524-7750
E-mail: darren.j.kessler@gmail.com

4

5

6

7

8

John Houston Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9603
Fax: (415) 561-9609
E-mail: john@scottlawfirm.net
liza@scottlawfirm.net

9

10

Attorneys for Plaintiff

11

## UNITED STATES DISTRICT COURT

12

## NORTHERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

20

21

J.P., by and through his Guardian
Ad Litem, SHANNON VILLANUEVA

     Plaintiff,

v.

COUNTY OF ALAMEDA, DIANE DAVIS
MAAS, SUE MAY, TRIAD FAMILY
SERVICES, MARIA REFUGIO MOORE,
and DOES 1-30, inclusive.

     Defendants.

Case No:  4:17-cv-05679-YGR

**PLAINTIFF'S RESPONSE TO COUNTY
DEFENDANTS' OBJECTION TO THE
ADJUDICATION OF DEFENDANT
TRIAD'S MOTION FOR SUMMARY
JUDGMENT**

Date:
Time:     2:00 p.m.
Courtroom: 1, 4th Floor, 1301 Clay Street,
          Oakland, CA
Judge:     The Hon. Yvonne Gonzalez Rogers

Complaint Filed:  October 2, 2017
Trial Date:     TBD

22

23

24

25

26

27

28

Plaintiff J.P. by and through his Guardian Ad Litem Shannon Villanueva responds to the County Defendants' Objection to the Adjudication of Triad's Motion for Summary Judgment (Dkt. 127), joined by Triad Family Services, as follows.

The County Defendants seek a Court order to defer adjudication of Triad's motion until the Ninth Circuit rules on their pending appeal, jurisdiction as to all claims returns to this Court, and, discovery has closed as to all parties. The County Defendants contend their objection should be granted on two grounds: (1) lack of opportunities to engage in litigation; and, (2) potential for conflicting rulings. J.P. objects to the requested remedies and theories, while acknowledging and respecting the Court's discretion to manage its calendar.

First, the lack of "opportunity" theory is based on a purported "inability" as opposed to a selected litigation strategy. The County Defendants elected to delay their rights to: (a) assert affirmative defenses; (b) file a cross claim; or (c) engage in discovery. By filing a motion to dismiss rather than an answer, an interlocutory appeal contending more issues were before the Ninth Circuit than the papers set forth, seeking to stay discovery in this Court, and opting to take the position until now that this Court lacked jurisdiction over the County Defendants, they waived prejudice arguments as to these alleged lost "opportunities."

Moreover, J.P. has no negligence claim pending against the County Defendants. J.P.'s claims against the County Defendants are for violations of the Fourteenth and First Amendments of the United States Constitution. The County cannot seek indemnity for its violation of J.P.'s civil rights. *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) (holding that courts are not free to read a cause of action for indemnity into statutes where no statutory basis exists for such a claim); *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (N.D. Cal. 1985) (holding that § 1983 provides no right of contribution or indemnity).

Second, Triad's summary-judgment motion raises two discrete issues that are *unrelated* to the standing issue before the Ninth Circuit based on *Ward v. San Jose,* 967 F. 2d 280 (9th Cir. 1991). Triad was permitted to move and only did move on state action and negligence. The

- 1 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

1    County Defendants allege rulings by this Court as to both issues will unduly prejudice them based

2    on false factual and legal premises.

3           As to state action, this Court may only rule on the evidence before it. Should the County

4    wish to later argue based on different evidence that state action fails, it will have the opportunity

5    to do that once they have exhausted their appeal opportunities. The County Defendants'

6    arguments as stated are also illogical. On the one hand, the County Defendants wish to argue

7    against a "notion" that Triad was a County agent. On the other, they seek to avoid having to

8    "shoulder any blame" that might otherwise be assigned to Triad. Yet the Court and the trier of

9    fact will have to evaluate blame as to each defendant separately. This is a motion, not a trial.

10          As to negligence, the County Defendants erroneously contend both courts are evaluating

11   the "same essential damages arguments." To begin, the negligence issues before this Court are

12   *not* based on damages. Triad's undisputed fact as to its negligence issue is that J.P. suffered

13   extreme emotional distress. (Separate Statement in Support of Triad Family Services' Motion for

14   Summary Judgment (Dkt. 117-1, Issue 2, Fact 2.) As to any new issue the County Defendants

15   raised to the Ninth Circuit in their Reply brief based on a purported theory of "bystander and

16   direct victim" section 1983 claims, that is not properly before any court, yet, and, does not trigger

17   any "inconsistent ruling" potential on damages. Any damage arguments the County Defendants

18   wish to make based on evidence at trial or a subsequent summary-judgment motion they bring

19   once the matter returns to this Court will be based on evidence then presented.

20          Finally, this objection was filed May 20, 2019 to delay a schedule set in the Fall of 2018.

21   Absent diligence, good faith, new law or facts, it appears the only opportunity being sought by

22   these County Defendants, again, is to improperly delay these proceedings.

23   Dated:  May 31, 2019                                    Respectfully Submitted,

24                                                                         **SCOTT LAW FIRM**

25                                                                         /s/ Lizabeth N. de Vries
                                                                               Lizabeth N. de Vries
26                                                                            Attorney for Plaintiff

27

28