1  Darren J. Kessler, SBN 114986
   **KESSLER LAW OFFICE**
2  3060 El Cerrito Plaza, Suite 371
   El Cerrito, CA 94530
3  Tel: 510-524-7750
   E-mail: darren.j.kessler@gmail.com
4
   John Houston Scott, SBN 72578
5  Lizabeth N. de Vries, SBN 227215
   **SCOTT LAW FIRM**
6  1388 Sutter Street, Suite 715
   San Francisco, CA 94109
7  Tel: (415) 561-9603
   Fax: (415) 561-9609
8  E-mail: john@scottlawfirm.net
   liza@scottlawfirm.net
9

10 Attorneys for Plaintiff

11                    **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13 J.P., by and through his Guardian          Case No:  4:17-cv-05679-YGR
   Ad Litem, SHANNON VILLANUEVA
14                                            **PLAINTIFF'S REQUEST FOR JUDICIAL**
          Plaintiff,                          **NOTICE IN SUPPORT OPPOSITION TO**
15                                            **DEFENDANT TRIAD FAMILY SERVICES'**
   v.                                         **MOTION FOR SUMMARY JUDGMENT,**
16                                            **OR IN THE ALTERNATIVE, PARTIAL**
   COUNTY OF ALAMEDA, DIANE DAVIS             **SUMMARY JUDGMENT**
17 MAAS, SUE MAY, TRIAD FAMILY
   SERVICES, MARIA REFUGIO MOORE,
18 and DOES 1-30, inclusive.                  Date:        June 18, 2019
                                              Time:        2:00 p.m.
19        Defendants.                         Courtroom: 1, 4th Floor, 1301 Clay Street,
                                                           Oakland, CA
20                                            Judge:       The Hon. Yvonne Gonzalez Rogers

21                                            Complaint Filed:  October 2, 2017
                                              Trial Date:       TBD
22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

Plaintiff J.P., by and through his Guardian Ad Litem, Shannon Villanueva ("J.P.") respectfully requests that this Court take judicial notice of the following documents in support of his opposition to defendant Triad Family Services' motion for summary judgment, or in the alternative, partial summary judgment. Pursuant to Federal Rule of Evidence 201 and *Asdar Group v. Pillsbury, Madison & Sutro,* 99 F.3d 298, 290, fn. 1 (9th Cir. 1996), J.P. requests this Court take judicial notice of these documents.

1.      Attached hereto as **Exhibit 1** is a true and correct copy of Defendant Triad Family Services' Answer to First Amended Complaint for Damages and Injunctive Relief, e-filed in this matter at Dkt. 61.

2.      Attached hereto as **Exhibit 2** is a true and correct copy of a blank State of California Department of Social Services Community Care Licensing Form for a County-FFA Agreement available at http://www.cdss.ca.gov/cdssweb/entres/forms/English/SOC154A.pdf  as of June 20, 2019. Plaintiff also produced this document in this litigation hence it bears the bates label JP 6880-6881.

3.      Attached hereto as **Exhibit 3** is a true and correct copy of a blank State of California Department of Social Services Community Care Licensing Form for Unusual Incident/Injury Report available at https://cchp.ucsf.edu/sites/g/files/tkssra181/f/LIC624.PDF as June 20, 2019. Plaintiff also produced a copy of this document in this litigation hence it bears the bates label JP 6878-6879.

Dated:  June 21, 2019                                Respectfully Submitted,

                                                                  **SCOTT LAW FIRM**

                                                                  /s/ Lizabeth N. de Vries
                                                                  Lizabeth N. de Vries
                                                                  Attorney for Plaintiff

# Exhibit 1

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
RONALD E. ENABNIT, ESQ. (SBN 138062)
3638 American River Drive
Sacramento, California 95864
Telephone:     (916) 978-3434
Facsimile:      (916) 978-3430
renabnit@mathenysears.com

Attorneys for Defendant TRIAD FAMILY
SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P., by and through his Guardian ad Litem, SHANNON VILLANUEVA<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIAD FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 4:17-cv-05679-YGR (SK)<br><br>**DEFENDANT TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br><br>First Amended Complaint filed: May 15, 2018 |

Defendant TRIAD FAMILY SERVICES ("TRIAD") hereby responds to plaintiff's First Amended Complaint.  TRIAD denies any act or omission which amounts to a violation of the statute referenced in the First Amended Complaint and denies any act or omission which would subject it to liability for the claims asserted by plaintiff.   In answering the 117 paragraphs of the First Amended Complaint, if TRIAD made any statement which appears to be an admission of fault, liability or wrongdoing, which would subject it to liability under the statutes and claims referenced in the First Amended Complaint, such an admission was made inadvertently.

## **INTRODUCTION**

1.      TRIAD admits the allegations in Paragraph 1.

1

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

2.     TRIAD denies the allegation that M.M. was placed in Moore's home four days before she was hospitalized on 10/3/15. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the identity of the specific drug which resulted in M.M.'s hospitalization, and therefore denies the same. TRIAD admits the remaining allegations in Paragraph 2.

3.     TRIAD admits the first sentence in Paragraph 3. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 3 as they pertain to County of Alameda and Maas, and therefore denies the same. TRIAD denies the allegations in the second sentence of Paragraph 3 as they pertain to TRIAD.

4.     TRIAD admits that M.M. was not removed from the foster home and that J.P. was not removed until after M.M.'s death. TRIAD denies the legal contention in the first sentence in Paragraph 4 regarding the allegation that its alleged acts or omissions allowed a minor to ingest narcotics. Defendants deny the allegations in the second sentence in Paragraph 4, other than to admit that J.P.'s sister died on October 16, 2015.

5.     TRIAD denies the inflammatory, improper and conclusory allegations in Paragraph 5, regarding having M.M.'s blood on its hands, but it admits that M.M.'s death was senseless and tragic.

## JURISDICTION AND VENUE

6.     TRIAD is not required to admit or deny legal contentions, such as claims regarding jurisdiction. Nevertheless, TRIAD denies that the statutes cited by plaintiff state a basis for subject matter jurisdiction over it and there is no basis for supplemental jurisdiction against it. Triad is nonprofit corporation which provides foster family services, and it is not a state actor or a public actor.

7.     TRIAD denies the contentions in Paragraph 7, and venue is proper in the Eastern District of California, because that is where TRIAD resides and where the incidents which are the subject of this litigation occurred.

## PARTIES

5.     (sic – this should be Paragraph 8) TRIAD admits that J.P. is a male citizen of the

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   United States, but it is without sufficient knowledge or information to form a belief as to the truth

2   of the allegations in the erroneously numbered Paragraph 5, and therefore denies the same.

3       6.    (sic – this should be Paragraph 9) TRIAD admits the allegations in the erroneously

4   numbered Paragraph 6.

5       7.    (sic – this should be paragraph 10) TRIAD admits the allegations in the last sentence

6   in the erroneously numbered Paragraph 7.  TRIAD is without sufficient knowledge or information

7   to form a belief as to the truth of the remaining allegations in the erroneously numbered Paragraph

8   7, and therefore denies the same.

9       8.    TRIAD admits the allegations in Paragraph 8.

10      9.    TRIAD admits the allegations in Paragraph 9.

11      10.    TRIAD admits the allegations in the first sentence of Paragraph 10.  TRIAD admits

12  that it is a nonprofit corporation foster family agency, that it has established and maintained a foster

13  care program, and that it has worked with Alameda County and other governmental entities for the

14  placement of foster children in homes it has certified.  TRIAD denies the remaining overly broad,

15  vague and ambiguous allegations in Paragraph 10, including the allegation that it is a public actor.

16      11.    TRIAD admits that Maria Moore operated the certified foster home in which

17  plaintiff and his sister were placed on October 1, 2015, and that this placement ended when M.M.

18  died on October 16, 2015.  TRIAD is without sufficient knowledge or information to form a belief

19  as to the truth of the remaining allegations in Paragraph 11, and therefore denies the same.

20      12.    In answering Paragraph 12, there are no material allegations as the Paragraph

21  contains legal arguments or assertions. To the extent, Paragraph 12 contains material allegations,

22  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the

23  allegations in Paragraph 12, and therefore denies the same.

24      13.    TRIAD denies the allegations in Paragraph 13.

25      14.    The allegations in Paragraph 14, are vague and ambiguous, conclusory in nature,

26  and assert legal contentions, for which no response is required.  TRIAD denies the allegations made

27  against it in paragraph 14.

28  ///

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

**STATEMENT OF FACTS**

15-18.  In answering Paragraphs 15-18, there are no material allegations as these Paragraphs contain legal arguments and purported statements of law. To the extent, the Paragraphs contain material allegations or statements of legal duties on the part of TRIAD, that TRIAD was a state actor, or that it acted under color of state law, then TRIAD denies such allegations contained in Paragraphs 15-18.

19-20.  TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraphs 19-20, and therefore denies the same.

21.    TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in the first sentence in Paragraph 21, and therefore denies the same.  TRIAD denies the allegations in the second sentence in Paragraph 21.

22.    The allegations in Paragraph 22 are vague and ambiguous and assert conclusory legal contentions.  TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraph 22 regarding the words "monitor" and "vetted" and the phrase "in part" and therefore denies the same.  TRIAD admits the remaining allegations in Paragraph 22.

23.    TRIAD lacks sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraph 23 about Sue May's job title, and therefore denies the allegation regarding her job title.  TRIAD admits that the placement was on October 1, 2015, and it denies that the placement was on September 1, 2015.  TRIAD admits the remaining allegations in Paragraph 23.

24.    The allegations in Paragraph 24 do not fully and completely the terms of the Placement Agreements.  The obligations of TRIAD in the Placement Agreement are stated as 14 enumerated paragraphs in that document and in the 16 enumerated paragraphs of the Placement Agency – Foster Family Agency Agreement.  In answering Paragraph 24, there are no material allegations, as this Paragraph contains legal arguments, legal duties and purported statements of law. TRIAD admits, however, that it agreed to perform the four services incompletely referenced in Paragraph 24.

25.    The allegations in Paragraph 25 are vague and ambiguous, state legal contentions, and misstate and take out of context the terms of the Placement Agreement. TRIAD admits the

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

Case 4:17-cv-05679-YGR   Document 134   Filed 06/21/19   Page 8 of 28

allegations in the second sentence of Paragraph 25, but it denies the allegations in the first sentence of Paragraph 25. TRIAD denies that it expressly contracted with Alameda County to perform government functions. TRIAD denies that it acted under color of state law and that it was a state actor.

26. In answering Paragraph 26, there are no material allegations as this Paragraph contains legal arguments and purported statements of law. TRIAD admits that it is licensed and regulated by the State of California by the statutes cited in Paragraph (at the times cited in the Complaint), but the best evidence of the statutes and regulations regarding foster family agencies are those statutes and regulations themselves. There are additional statutes and regulations which regulate and govern the activities of foster family agencies. Foster family agencies are not state agencies or state actors, and do not act under color of state law.

27. TRIAD admits the allegations in the first sentence of Paragraph 27, except the placement was on October 1, 2015, and TRIAD certified the home of "Maria Moore." TRIAD denies the allegations in the second sentence of Paragraph 27.

28. TRIAD admits the allegations in the first sentence of Paragraph 28, but the placement was on October 1, 2015.

29. Paragraph 29 contains legal arguments, conclusory contentions and purported statements of law, for which no response is required. TRIAD admits that the placement with Moore was subject to the direction, approval, supervision, control and/or guidance of Alameda County, but to the extent that this paragraph alleges that TRIAD was a state actor and that it acted under color of state law, then TRIAD denies such an allegation.

30. TRIAD admits the allegations in the first sentence of Paragraph 30. TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies the same.

31-34. TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraphs 31-34, and therefore denies the same; with the exception that a hospital document stated that M.M. was seen for "Altered level of consciousness" and Amphetamine abuse."

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

CRITICAL

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

35.     TRIAD denies each of the allegations in Paragraph 35, except it admits it was provided a "Patient Visit Information" document dated October 3, 2015, which stated that M.M. was seen for "Altered level of consciousness" and Amphetamine abuse."

36.     TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in the second sentence of Paragraph 36, and therefore denies the same. TRIAD denies the allegations in the first sentence of Paragraph 36, except it admits it was provided a "Patient Visit Information" document dated October 3, 2015, which stated that M.M. was seen for "Altered level of consciousness" and "Amphetamine abuse."

37.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are vague, unintelligible and ambiguous. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the same.

39.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in Paragraph 39, and therefore denies the same. TRIAD admits the allegation in Paragraph 39 regarding the statements in a medical record from St. Joseph's Medical Center, but it denies that a specific referral was made. TRIAD admits the remaining allegations in Paragraph 39.

40.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41.     TRIAD denies that the "only response" of Maas was to state "poor thing", although TRIAD admits that MAAS uttered the phrase "poor thing." TRIAD admits the remaining allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are vague and ambiguous, and lack foundation. TRIAD admits that it had contact with Alameda County on October 4, 5 and 6, 2015, regarding the medical treatment received by M.M., but it denies the vague and ambiguous term that these were "abuse or neglect referrals," because plaintiff has not adequately defined these words.

43-46. TRIAD is without sufficient knowledge or information to form a belief as to the

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1    truth of the allegations in Paragraphs 43-46, and therefore denies said allegations.

2         47.    The allegations in Paragraph 47 are vague and ambiguous, and lack foundation.  In

3    answering Paragraph 47, there are no material allegations as this Paragraph contain legal arguments

4    and purported statements of law, for which no material response is required.  The best evidence of

5    the duties cited in this paragraph are the provisions of Welfare & Institutions Code §16501(f) itself

6    and the Emergency Response Protocol stated in the California Manual of Policies and Procedures

7    – Child Welfare Services.  TRIAD denies that it was a state actor or acted under color of state law,

8    and that it breached any statutory or regulatory duty that applied to foster family agencies.

9         48.    TRIAD denies the allegations in Paragraph 48.

10        49.    TRIAD denies the allegations in Paragraph 49.

11        50-52.  TRIAD is without sufficient knowledge or information to form a belief as to the

12   truth of the allegations in Paragraphs 50-52 and therefore denies said allegations.

13        53.    TRIAD admits that it performs the tasks described in Paragraph 53 because it is a

14   foster family agency and such tasks are performed by a foster family agency.  TRIAD denies that

15   it performs any "public functions" as a foster family agency, to the extent that this phrase implies

16   that TRIAD is a state or public actor, and that it acted under color of state law.

17        54.    In answering Paragraph 54, there are no material allegations as this Paragraph

18   contains legal arguments and purported statements of law, for which no material response is

19   required.  TRIAD admits that it had duties related to the protection of J.P. and M.M. and to

20   supervise and monitor their foster home placement.  Those duties are specified in various statutes

21   and regulations, including some of those cited in Paragraph 54.  TRIAD denies any allegation in

22   Paragraph 54 that it is a state or public actor and that it acted under color of state law.

23        55.    The allegations in Paragraph 55 are vague and ambiguous.  In answering Paragraph

24   55, there are no material allegations as this Paragraph contains legal arguments and purported

25   statements of law, for which no material response is required.  TRIAD admits that it had duties

26   related to the protection of J.P. and M.M. and to supervise and monitor their foster home placement.

27   The statutes cited in Paragraph 55, state how public agencies are to perform their duties for children

28   in foster care.  The duties of a foster family agency are specified in various other statutes and

7

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

1   regulations, including some of those cited in Paragraph 54. TRIAD denies any allegation in

2   Paragraph 55 that it is a state or public actor and that it acted under color of state law.

3       56.     The allegations in Paragraph 56 are vague and ambiguous; and, in particular, the

4   reference to the "10/3/15 referral." TRIAD admits the factual allegations regarding the visits by

5   Willis. ==TRIAD admits that it had duties related to the protection of J.P. and M.M. and to supervise==

6   ==and monitor their foster home placement.== Those duties are specified in various statutes and

7   regulations, including some of those cited in Paragraph 26. TRIAD denies any allegation in

8   Paragraph 56 that it is a state or public actor. TRIAD denies the allegations in the third sentence

9   of Paragraph 56.

10      57.     The allegations in Paragraph 57 are vague and ambiguous. TRIAD denies the

11  allegations in Paragraph 57. TRIAD denies any allegation in Paragraph 57 that it is a state or public

12  actor and that it acted under color of state law.

13      58.     In answering Paragraph 58, there are no material allegations as this Paragraph

14  contains legal arguments and purported statements of law, for which no material response is

15  required. TRIAD admits it solicits, investigates, and trains social workers to fulfill its duties as a

16  foster family agency. TRIAD is without sufficient knowledge or information to form a belief as to

17  the truth of the allegations in Paragraph 58, regarding how its actions impact the finances and

18  operations of Alameda County and therefore deny said allegations. TRIAD denies any allegation

19  in Paragraph 58 that it is a state or public actor and that it acted under color of state law.

20      59.     TRIAD denies the allegations in Paragraph 59.

21      60.     In answering Paragraph 60, there are no material allegations as this Paragraph

22  contains legal arguments and purported statements of law and legal obligations, for which no

23  material response is required. ==TRIAD admits that, as a foster family agency, it had statutory and==

24  ==regulatory duties related to the protection of J.P. and M.M. and to supervise and monitor their foster==

25  ==home placement.== Those duties and the separate duties of county child welfare departments are

26  specified in various statutes and regulations, including some of those cited in Paragraphs 47, 54

27  and 60. TRIAD denies any allegation in Paragraph 60 that it is a state or public actor or that it

28  breached a duty relative to the Emergency Response Protocol, which applies to government entities.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

61.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 as they pertain to the County and its employees, and therefore deny the same.  TRIAD denies the allegations made against it in Paragraph 61.

62.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and they pertain to the County and its employees, and therefore deny the same.  TRIAD denies the allegations made against it in Paragraph 62.

63.     TRIAD denies the allegations in Paragraph 63.

64.     TRIAD denies that M.M.'s access to drugs was predictable.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore denies the same.

65.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore denies the same.

66.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore denies the same.

67.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 67 and therefore denies the same.

68.     TRIAD admits the allegations in Paragraph 68

69.     TRIAD admits the allegations in Paragraph 69.

70.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore denies the same.

71.     TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies the same.

72.     TRIAD admits the allegation was senseless.  The remaining allegations are vague and ambiguous and contain legal contentions and are conclusory.  TRIAD denies that its acts and/or decisions contributed to M.M.'s death, or amounted to abuse or neglect of M.M.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72, to the extent that they pertain to other persons or parties.

73.     TRIAD denies that its conduct was a cause of the damages alleged in Paragraph 73.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

9

1  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the

2  remaining allegations in Paragraph 73.

3  74.    TRIAD denies the allegations in Paragraph 74.

4  75.    TRIAD denies the allegations in Paragraph 75.

5  76.    TRIAD is without sufficient knowledge or information to form a belief as to the

6  truth of the allegations in Paragraph 76, and therefore deny said allegations. TRIAD denies that is

7  liable to plaintiff for his attorney's fees and costs.

8  77.    TRIAD denies the allegations and requests in Paragraph 77.

9  78.    TRIAD incorporates by reference each of its prior responses to plaintiff's First

10 Amended Complaint.

11 79.    TRIAD denies the allegation that its employees acted under color of state law, or

12 that it was a state or public actor. TRIAD is without sufficient knowledge or information to form

13 a belief as to the truth of the remaining allegations in Paragraph 79, and therefore denies said

14 allegations.

15 80.    In answering Paragraph 80, there are no material allegations as this Paragraph

16 contains legal arguments and purported statements of law, for which no material response is

17 required. TRIAD denies that it was a state or public actor and that it acted with deliberate

18 indifference.

19 81.    TRIAD denies the allegations in Paragraph 81 that are made against it. TRIAD is

20 without sufficient knowledge or information to form a belief as to the truth of the remaining

21 allegations in Paragraph 81 and therefore denies the same.

22 82.    The allegations in Paragraph 82 state legal contentions and conclusions, for which

23 no response is required. TRIAD denies the allegations in Paragraph 82 that are made against it,

24 including the allegation that it had custody of the foster children. TRIAD is without sufficient

25 knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph

26 82 and therefore denies the same.

27 83.    TRIAD denies the allegations in Paragraph 83 that are made against it. TRIAD is

28 without sufficient knowledge or information to form a belief as to the truth of the remaining

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

allegations in Paragraph 83 and therefore denies the same.

84. TRIAD denies the allegations made against it in paragraph 84. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies the same.

85. TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

86. TRIAD denies the allegations in Paragraph 86 that are made against it. TRIAD denies that it was a state or public actor, and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 86 and therefore denies the same.

87. In answering Paragraph 87, there are no material allegations as this Paragraph contains legal arguments and purported statements of law, for which no material response is required. TRIAD denies each allegation made against it in Paragraph 87.

88. In answering Paragraph 88, there are no material allegations as this Paragraph contains legal arguments and purported statements of law, for which no material response is required. TRIAD denies each allegation made against it in Paragraph 88.

89. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies said allegations.

90. TRIAD denies the allegations in Paragraph 90 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies the same.

91. TRIAD denies the allegations in Paragraph 91 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore denies the same.

92. TRIAD denies the allegations in Paragraph 92 that are made against it. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore denies the same.

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

93.    TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

94.    TRIAD denies the allegations in Paragraph 94 that are made against it.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94 and therefore denies the same.  TRIAD denies that it was a state actor or public actor, and that it acted under color of state law.

95.    TRIAD denies the allegations in Paragraph 95 that are made against it.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95 and therefore denies the same.  TRIAD denies that it was a state actor or public actor, and that it acted under color of state law.

96.    TRIAD denies the allegations in Paragraph 96 that are made against it.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 and therefore denies the same.

97.    TRIAD denies the allegations in Paragraph 97 that are made against it.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 97 and therefore denies the same.

98.    TRIAD incorporates by reference each of its prior responses to plaintiff's First Amended Complaint.

99.    The allegation regarding "state law" is vague and ambiguous.  TRIAD denies the allegations in Paragraph 99 that are made against it.  TRIAD denies that it was a state or public actor and that it acted under color of state law. TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore denies the same.

100.    TRIAD denies the allegations in Paragraph 100 that are made against it.  TRIAD denies that it was a state or public actor and that it acted under color of state law.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 100 and therefore denies the same.

101.    TRIAD denies the allegations in Paragraph 101 that are made against it.  TRIAD

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1  denies that it was a state or public actor and that it acted under color of state law. TRIAD is without

2  sufficient knowledge or information to form a belief as to the truth of the remaining allegations in

3  Paragraph 101 and therefore denies the same.

4      102.    TRIAD denies the allegations in Paragraph 102 that are made against it. TRIAD

5  denies that it was a state or public actor and that it acted under color of state law. TRIAD is without

6  sufficient knowledge or information to form a belief as to the truth of the remaining allegations in

7  Paragraph 102 and therefore denies the same.

8      103.    TRIAD denies the allegations in Paragraph 103 that are made against it. TRIAD

9  denies that it was a state or public actor and that it acted under color of state law. TRIAD is without

10 sufficient knowledge or information to form a belief as to the truth of the remaining allegations in

11 Paragraph 103 and therefore denies the same.

12     104.    TRIAD denies the allegations in Paragraph 104 that are made against it. TRIAD

13 denies that it was a state or public actor and that it acted under color of state law. TRIAD is without

14 sufficient knowledge or information to form a belief as to the truth of the remaining allegations in

15 Paragraph 104 and therefore denies the same.

16     105.    TRIAD incorporates by reference each of its prior responses to plaintiff's First

17 Amended Complaint.

18     106-108.        It appears that the allegations in Paragraphs 106-108 are not made against

19 TRIAD. To the extent that any of said allegations are made against TRIAD, then TRIAD denies

20 the allegations in Paragraphs 106-108 that are made against it. TRIAD denies that it was a state

21 actor and that it acted under color of state law. TRIAD is without sufficient knowledge or

22 information to form a belief as to the truth of the remaining allegations in Paragraphs 106-108 and

23 therefore denies the same.

24     109.    TRIAD incorporates by reference each of its prior responses to plaintiff's First

25 Amended Complaint.

26     110.    The allegations in Paragraph 110 are vague and ambiguous and state legal

27 contentions and conclusions, for which no response is required. TRIAD denies that it was a state

28 actor and that it acted under color of state law. To the extent a response is required, TRIAD denies

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

Case 3:17-cv-05679-VBR Document 134 Filed 06/25/18 Page 17 of 28

the allegations against it in paragraph 110.

111-112.   TRIAD denies the allegations in Paragraphs 111-112 that are made against it. TRIAD denies that it was a state actor and that it acted under color of state law.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraphs 111-112 and therefore denies the same.

113.      TRIAD is without sufficient knowledge and belief to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies the same.

114-117.         TRIAD denies the allegations in Paragraphs 114-117 that are made against it.  TRIAD denies that it was a state actor and that it acted under color of state law.  TRIAD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraphs 114-117 and therefore denies the same.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In answering the Prayer for Relief, there are no material allegations as the Prayer contains legal contentions and demands. To the extent that the Prayer contains material allegations, TRIAD denies every allegation contained in the said paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

As a separate and affirmative defense to the First Amended Complaint, TRIAD alleges that the First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Deprivation of Rights)

As a separate and affirmative defense to the First Amended Complaint, TRIAD denies that it has deprived plaintiff of any rights, privileges or immunities granted by the laws or Constitution of the United States, or by the laws or Constitution of the State of California.

///

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

**THIRD AFFIRMATIVE DEFENSE**

**(Actual Cause)**

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that the acts alleged of in the First Amended Complaint, on the part of TRIAD, did not actually cause the injuries complained of by plaintiff. As such, TRIAD is not liable for the injuries complained of herein.

**FOURTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that there is no proximate causation to link the injuries complained of by plaintiff with any actions on its part.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Third Persons)**

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that the occurrence of the incidents complained of, and the loss and damage, which plaintiff allegedly sustained, were caused wholly or in part by the fault of persons, firms, corporations, or entities other than TRIAD, and such fault either eliminates or comparatively reduces the percentage of fault, if any, of TRIAD with respect to the matters complained of in the First Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

TRIAD denies that it was a state actor, or a public actor, and that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, or a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges the negligence claim is barred by the applicable statutes of limitations, including the six-month statute of limitations associated with the filing of a tort claim.

///

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**SEVENTH AFFIRMATIVE DEFENSE**

**(Policy, Custom or Practice)**

As a separate, distinct and affirmative defense to the First Amended Complaint, and to each and every claim contained therein, TRIAD alleges that it has no policy, custom or practice which violates any person's civil rights.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Control of Third Persons)**

As a separate, distinct and affirmative defense to the First Amended Complaint, and to every claim contained therein, TRIAD alleges that any damages suffered by plaintiff as alleged in the First Amended Complaint were the sole, proximate or legal result of the acts and/or omissions of third parties, who were not employees or agents of TRIAD.

**NINTH AFFIRMATIVE DEFENSE**

**(Acts in Good Faith)**

TRIAD denies that it was a state actor, a public actor, or that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate and distinct affirmative defense to the First Amended Complaint, TRIAD alleges that its employees, officials, officers and agents, and managing agents acted with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

**TENTH AFFIRMATIVE DEFENSE**

**(Immunities – State and Federal)**

TRIAD denies that it was a state actor or that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate and distinct affirmative defense to the First Amended Complaint, TRIAD alleges that the First Amended Complaint, should be dismissed because it is immune and/or are entitled to absolute and/or qualified immunity based on the applicable federal and state laws and case law, including the quasi-judicial and quasi-prosecutorial immunities, and the immunities stated in the Government Code, including, but not

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

16

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

limited to Section 815, et seq. and 820.2.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law.  If, however, it is adjudicated that TRIAD was a state actor, a public actor or that it acted under color of state law, then TRIAD asserts the following affirmative defense:  As a separate, distinct and affirmative defense to the First Amended Complaint, and to every cause of action contained therein, TRIAD alleges that any acts on its part was discretionary, and not ministerial in nature. As such, TRIAD is not liable for the injuries complained of herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that plaintiff has failed to mitigate any or all the damages alleged in the First Amended Complaint and, is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on plaintiff's part.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

As a separate, distinct and affirmative defense to the First Amended Complaint, TRIAD alleges that plaintiff has not alleged sufficient facts to state a claim for punitive or exemplary damages against it.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Malicious Intent/Deliberate Indifference)

TRIAD denies that it was a state actor, a public actor, or that it acted under color of state law.   If, however, it is adjudicated that TRIAD was a state actor, a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense:  As a separate, distinct and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, TRIAD alleges that it did not act with malicious intent or deliberate indifference to deprive plaintiff of his constitutional rights or to cause other injury.  TRIAD,

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

therefore, alleges that it is immune from liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Government Code)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate, distinct and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, TRIAD alleges that plaintiff has failed to comply with Government Code Sections 905-945.4.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Government Code)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law. If, however, it is adjudicated that TRIAD was a state actor, a public actor, that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate and distinct affirmative defense to the First Amended Complaint, TRIAD asserts all the affirmative defenses provided in Government Code Sections 810 through 1000, including but not limited to sections 815, 815.2, 815.6, 818, 818.6, 818.8, 820.2, 820.8, 820.2, 820.8, 821.4, 821.6, 822.2, 840 and 840.6.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Immunity - Good-Faith Reliance)

TRIAD denies that it was a state actor, a public actor, and that it acted under color of state law. If, however, it is adjudicated that TRIAD is a state actor, a public actor, or that it acted under color of state law, then TRIAD asserts the following affirmative defense: As a separate and affirmative defense to the First Amended Complaint, TRIAD alleges that if it performed any acts or made any omissions alleged against it, it did so in good-faith reliance on, and enforcement of, legitimate laws, rules and regulations. TRIAD therefore asserts that it is are immune from liability.

WHEREFORE, Triad Family Services prays for judgment against plaintiff as follows:

1.     That plaintiff takes nothing by way of his First Amended Complaint;

2.     That the First Amended Complaint be dismissed with prejudice and that judgment

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

be entered in favor of Triad Family Services;

3.  That all costs of suit, including attorneys' fees, be awarded to Triad Family Services; and

4.  That this Court award such further relief as the Court may deem just and proper.

Dated:  June 5, 2018                                  **MATHENY SEARS LINKERT & JAIME LLP**


By:  /s/ Ronald E. Enabnit
          RONALD E. ENABNIT, ESQ.
          Attorneys for Defendant TRIAD FAMILY
          SERVICES

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

19

*TRIAD FAMILY SERVICES' ANSWER TO FIRST AMENDED COMPLAINT*

# Exhibit 2

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY

CALIFORNIA DEPARTMENT OF SOCIAL SERVICES

# PLACEMENT AGENCY - FOSTER FAMILY AGENCY AGREEMENT
## CHILD PLACED BY AGENCY IN FOSTER FAMILY AGENCY

| | |
|---|---|
| NAME OF CHILD | FFA NAME |
| BIRTH DATE OF CHILD | DATE PLACED WITH FFA |
| CASE NUMBER | DATE FIRST ENTERED FOSTER CARE |

The Placement Agency will pay $ _____ per month in return for the above named child's care and supervision as defined in Welfare and Institutions Code 11460 and other applicable law and regulations.  First payment to be made within 45 days after placement with subsequent payments to be made monthly.

| PLACEMENT AGENCY AGREES TO | FOSTER FAMILY AGENCY AGREES TO |
|---|---|
| 1. Provide the Foster Family Agency (FFA) with knowledge of the background and needs of this child. This shall include but not be limited to the social work assessment, medical reports, educational assessments, psychiatric/psychological evaluations and identification of special needs. This shall be made available to the FFA within 14 days from date of placement. | 1. Provide this child with foster parent(s) who have been certified to care for the child's needs in accordance with applicable laws and regulations and educaitonal stability requirement. |
| 2. Inform the FFA, before placement, of this child's behaviors and proclivities that might be harmful to others (including pets) in the home, school or neighborhood. | 2. Conform to applicable Title 22, Division 6 regulations and all laws governing foster care. |
| 3. Work with the FFA in the development and progress of a needs and services plan.  The county placing agency will notify and invite the FFA to participate in any child and family team meetings to discuss the child's needs and services plan. | 3. Notify the placing agency within 24 hours (unless there is a separate written agreement with the placing agency) by phone  followed in writing of significant changes in the child's health,  behavior or location as well as significant issues including suspected physical or psychological abuse, death, injury, unusual incidents, absence of a child, placement issues and school non-attendance and all items listed under Section 80061 of Title 22, Division 6. |
| 4. Work with FFA staff toward successful completion of the child's needs and services plan, a positive placement outcome and timely permanency for tchild. Provide the FFA a JV 220A, Prescribing Physician's Statement, if  applicable, and subsequent renewals. | 4. Work together with the placing agency to encourage the maintenance of the familial-child relationship and include the child's family members, as indicated in the needs and services plan, in treatment planning and/or child and family teams whenever possible and cooperate with the reunification process. |
| 5. Work together with the FFA to develop and maintain positive relationships with the child's parents (or guardians) and other family members, and cooperate with the reunification process, e.g. provide written information regarding a child's medical and transportation needs. | 5. Use constructive alternative methods of discipline; not use corporal punishment; deprivation of meals, monetary allowances, visits from parents, or home visits; threat of removal or any degrading or humiliating punishment. |
| 6. Maintain contact with the child monthly or as specified in the child's approved case plan. | 6. Respect and keep confidential information given about this child and his/her family. |
| 7. Continue paying for the child's care as long as the child remains in placement or in the absence of the child the placing agency asks the  FFA to retain an open placement. | 7. Work with the placing agency to develop and submit to them a needs and services plan that develops an understanding of the responsibilities, objectives and requirements of the agency in regard to the care of this child, including the information listed on the reverse side of this form, within 30 days of placement of the child.  The needs and services plan shall be updated at least every six months. |
| 8. Provide a MediCal card or other  medical coverage and a Medical Consent form signed by the child's parents, legal guardian or court at the time of placement. | 8. Written progress reports shall be provided at least every six months or more frequently by mutual agreement. |
| 9. Inform the FFA of its clothing allowance policy and provide the funding consistent with those  policies or any revised policies. | 9. Give placing agency 7 day notice of intent to discharge or move this child.  Notify the placing agency of any intended move of this child between certified homes prior to the move.  The FFA has the  authority to move a child in the case of  imminent risk to the child or family.  The FFA shall notify the placing agency within 24 hours of such move. |
| 10. Pay for medical costs incurred prior to the establishment of Medi-Cal eligibility. | 10. FFA social worker shall visit this child in private in their foster home at least once per calendar month and provide documentation of these visits to the placing agency caseworker/probation officer on a flow  basis every month as visits are completed. |
| 11. Verify and remit/reconcile any underpayments within 45 days of FFA notification of such underpayments. | 11. Provide state and federal agencies access to records as provided by state and federal law. |
| 12. Notify the FFA within 12 months of suspected overpayments, in accordance with applicable laws and regulations. | 12. Notify the placing agency if the child receives any source of income such as income from work, SSI, SSA, child support, etc.  Notify the county of any property the  child obtains, including bank accounts. (It will be the county's responsibility to verify the  income/property.) |
| 13. Provide for arrangements for school of origin travel as appropriate. | 13. Follow any requirements associated with the county's clothing allowance policy and procedures. |
| 14. Provide a contact telephone number for emergencies and after business hours:<br><br>Emergency # _____ | 14. Remit any overpayment in full to the county welfare department upon receipt of a notice of action or following the completion of due process. |
| | 15. Inform county upon discovery of any apparent overpayment. |
| | 16. Immediately notify the placing agency of any changes to the child's educational travel arrangements (if applicable) including a change in certified homes. |

SOC 154A (12/11) REQUIRED FORM - NO SUBSTITUTES PERMITTED

PAGE 1 OF 2

JP 06880

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY                    CALIFORNIA DEPARTMENT OF SOCIAL SERVICES

**Initial needs and services plan summary shall include:**

A.  Medical and Dental needs

B.  Psychological/psychiatric evaluation obtained or scheduled

C.  Staffing review summaries

D.  Educational assessment

E.  Peer adjustment

F.  Relationship to adults

G.  Involvement in recreation programs

H.  Behavior Problems

I.  Short-term treatment objectives (goals established for next 3 months)

J.  Long-range goals including anticipated length of placement

K.  Tasks planned to reach objectives and goals and who will be performing these tasks, including agency service activity

L.  Identification of unmet needs

M.  Involvement of child and his parents in the treatment program

**Periodic update of needs and services plan shall include:**

A.  Current status of child's physical and psychological health as well as confirmation of medical and dental exams

B.  Reassessment of child's adjustment to the foster home, treatment program, peers and school

C.  Progress toward short-term objectives and long-range goals including tasks which have been performed to reach these objectives and goals

D.  Reassessment of unmet needs and efforts made to meet these needs

E.  Modification of treatment plan, tasks to be performed and anticipated length of placement

F.  Involvement of child and his parents in treatment program

**By this signature I attest that I have read this agreement and agree to fulfill these requirements and I am authorized on behalf of my agency to sign this.  The terms of this agreement shall remain in force until changed by mutual consent, in writing, of both parties.**

| CHILD'S PLACEMENT WORKER REPRESENTATIVE'S NAME | | PHONE | |
|---|---|---|---|
| PRINT:                                    SIGNATURE: | | (    ) | |
| COUNTY AND NAME OF AGENCY | TITLE | | DATE |
| FOSTER FAMILY AGENCY REPRESENTATIVE'S NAME | | PHONE | |
| PRINT:                                    SIGNATURE: | | (    ) | |
| NAME OF AGENCY | TITLE | | DATE |
| FFA ADDRESS | | | |

SOC 154A  (12/11) REQUIRED FORM - NO SUBSTITUTES PERMITTED                                    PAGE 2 of 2

**JP 06881**

# Exhibit 3

STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY

CALIFORNIA DEPARTMENT OF SOCIAL SERVICES
COMMUNITY CARE LICENSING DIVISION

# UNUSUAL INCIDENT/INJURY REPORT

**INSTRUCTIONS :**   NOTIFY LICENSING AGENCY, PLACEMENT AGENCY AND RESPONSIBLE PERSONS, IF ANY, BY NEXT WORKING DAY.

SUBMIT WRITTEN REPORT WITHIN 7 DAYS OF OCCURRENCE.

RETAIN COPY OF REPORT IN CLIENT'S FILE.

| NAME OF FACILITY | FACILITY FILE NUMBER | TELEPHONE NUMBER ( ) |
|---|---|---|
| ADDRESS | CITY, STATE, ZIP | |

| CLIENTS/RESIDENTS INVOLVED | DATE OCCURRED | AGE | SEX | DATE OF ADMISSION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**TYPE OF INCIDENT**

| | | | | |
|---|---|---|---|---|
| ☐ Unauthorized Absence | Alleged Client Abuse | ☐ Rape | ☐ Injury-Accident | ☐ Medical Emergency |
| ☐ Aggressive Act/Self | ☐ Sexual | ☐ Pregnancy | ☐ Injury-Unknown Origin | ☐ Other Sexual Incident |
| ☐ Aggressive Act/Another Client | ☐ Physical | ☐ Suicide Attempt | ☐ Injury-From another Client | ☐ Theft |
| ☐ Aggressive Act/Staff | ☐ Psychological | ☐ Other | ☐ Injury-From behavior episode | ☐ Fire |
| ☐ Aggressive Act/Family, Visitors | ☐ Financial | | ☐ Epidemic Outbreak | ☐ Property Damage |
| ☐ Alleged Violation of Rights | ☐ Neglect | | ☐ Hospitalization | ☐ Other *(explain)* |

DESCRIBE EVENT OR INCIDENT (INCLUDE DATE, TIME, LOCATION, PERPETRATOR, NATURE OF INCIDENT, ANY ANTECEDENTS LEADING UP TO INCIDENT AND HOW CLIENTS WERE AFFECTED, INCLUDING ANY INJURIES):

PERSON(S) WHO OBSERVED THE INCIDENT/INJURY:

EXPLAIN WHAT IMMEDIATE ACTION WAS TAKEN (INCLUDE PERSONS CONTACTED):

LIC 624 (4/99)

**OVER**

**JP 06878**

MEDICAL TREATMENT NECESSARY?   ☐ YES   ☐ NO   IF YES, GIVE NATURE OF TREATMENT:

WHERE ADMINISTERED:

ADMINISTERED BY:

FOLLOW-UP TREATMENT, IF ANY:

ACTION TAKEN OR PLANNED (BY WHOM AND ANTICIPATED RESULTS):

LICENSEE/SUPERVISOR COMMENTS:

NAME OF ATTENDING PHYSICIAN

| REPORT SUBMITTED BY: | NAME AND TITLE | DATE |
|---|---|---|
| REPORT REVIEWED/APPROVED BY: | NAME AND TITLE | DATE |

**AGENCIES/INDIVIDUALS NOTIFIED** *(SPECIFY NAME AND TELEPHONE NUMBER)*

☐ LICENSING_____     ☐ ADULT/CHILD PROTECTIVE SERVICES_____

☐ LONG TERM CARE OMBUDSMAN_____     ☐ PARENT/GUARDIAN/CONSERVATOR_____

☐ LAW ENFORCEMENT_____     ☐ PLACEMENT AGENCY_____

**JP 06879**