**KESSLER LAW OFFICE**
Darren J. Kessler (SBN 114986)
3060 El Cerrito Plaza, Ste. 371
El Cerrito, CA 94530
Telephone: (510) 524-7750
Email: Darren.j.kessler@gmail.com

**DEVRIES LAW, P.C.**
Lizabeth N. de Vries (SBN 227215)
Kelly K. Dixon (SBN 191078)
100 Pine Street, #1250
San Francisco, CA 94111
Telephone: (415) 909-4009/4007; Fax: (628) 280-6514
Email: liza@devrieslawsf.com

Attorneys for Plaintiffs J.P. and his Guardian *ad litem,*
Shannon Villaneuva

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.P., by and through his Guardian Ad Litem, SHANNON VILLANEUVA,<br><br>Plainitffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, TRIA FAMILY SERVICES, MARIA REFUGIO MOORE, and DOES 1-30, inclusive.<br><br>Defendants. | Case No.: 4:17-cv-5679-YGR<br><br>**JOINT STATUS REPORT TO COMPLY WITH COURT ORDER DKT. 145**<br><br>Date: July 17, 2020<br>Time: 9:01 a.m.<br>Place: TBD/Virtual |

Plaintiffs J.P., by and through his Guardian Ad Litem, Shannon Villanueva ("Plaintiff") and Defendants COUNTY OF ALAMEDA, DIANE DAVIS MAAS, SUE MAY, and TRIAD FAMILY SERVICES (collectively "Defendants"), jointly submit this joint status report to comply with this Court's Order Lifting Stay; Setting Compliance Deadline, Dkt. 145, filed June 29, 2020.

**JOINT STATUS REPORT TO COMPLY WITH COURT ORDER DKT. 145**

-1-

The parties met and conferred as ordered to present the below updates. The parties agree upon two issues about the Ninth Circuit's opinion. Unless and until the United States Supreme Court rules on the plaintiffs' soon-to-be filed petition for certioriari, it dismissed the plaintiff's First Amendment claims against all Defendants and all claims against individual defendants Diane Davis Maas and Sue May. Otherwise, the parties' views diverge. Three separate statements/updates follow.

### A. County Defendants' Position

Defendants County of Alameda, Diane Davis, and Sue May ("County Defendants") should each be dismissed with prejudice based on the Ninth Circuit Court of Appeals Memorandum of Opinion in this case, which reversed the denial of the County Defendants' motion to dismiss. [App. Dkt. 42-1]

On November 17, 2017, the County Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), "on the ground that it fails to state any claim upon which relief can be granted. Specifically, "Plaintiff lacks standing to assert his federal civil rights claims against the County Defendants, and has not stated the violation of any legally cognizable right under the Constitution." [Dkt 21 at p. 1.] This Court ruled on April 24, 2018, granting in part and denying in part the County Defendants' motion to dismiss. [Dkt. 52] After noting that the County "moved to dismiss all counts alleged against them" [*id.*, at 1:23], this Court denied the County Defendants' motion as to "(i) plaintiff's claim under Section 1983 for violation of his Fourteenth Amendment rights to be free from state-created danger and to minimally adequate care; (ii) plaintiff's claim under Section 1983 for violation of his First Amendment right to familial association; and (iii) plaintiff's corresponding municipal liability claims under Section 1983" [*id.*, at 14:7-11]. The County Defendants appealed from this order. [Dkt. 57]

The Ninth Circuit Court of Appeals held that the individual County Defendants were entitled to qualified immunity. [App. Dkt. 42-1, p 4.] The Court of Appeals also found there was no viable constitutional claim:

> No viable loss-of-familial-association claim exists for siblings under the First Amendment. A familial relationship grounds the loss of familial association claims under the First and Fourteenth Amendments. [Citation.] Thus far, that familial relationship has been limited to that between a parent and child. [Citation.] In *Ward v. City of San Jose*, 967 F.2d 280, 238 (9th Cir. 1991), *as amended*, we explicitly ruled that siblings do not possess a cognizable liberty

**JOINT STATUS REPORT TO COMPLY WITH COURT ORDER DKT. 145**

-2-

> interest to assert a loss of familial association claim under the Fourteenth Amendment. No basis exists to disregard this precedent simply because the claim is raised under the First Amendment rather than the Fourteenth Amendment.

[App. Dkt. 42-1, p. 4-5] As Plaintiff has not alleged the deprivation of a constitutionally protected right under the First or Fourteenth Amendments, there is no basis for a *Monell* claim against the County, as such a claim must be predicated on the deprivation of a right secured by the Constitution or federal statutes. *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 32–33 (2010), *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-695 (1978), *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 960-61 (9th Cir. 2010). The County Defendants therefore respectfully request that the Court enter an order granting the County Defendants' motion to dismiss with prejudice and entering judgment in favor of each of the County Defendants.

### B. Triad Family Services's Position

Plaintiff's third and fourth causes of action (*Monell* municipal liability 42 U.S.C. §1983) against Triad should be dismissed, not only for the reasons stated in Triad's Motion for Summary Judgment, but also because of the March 2, 2020 opinion issued by the Ninth Circuit. These two causes of action are premised on the contention that Triad (purportedly a state actor) violated plaintiff's rights under the First and Fourteenth Amendments.

The March 2, 2020 opinion concluded that County of Alameda employees May and Davis Maas did not violate plaintiff's rights under the First and Fourteenth Amendments, as alleged in plaintiff's First Amended Complaint. This opinion specifically stated, "Because no law clearly established that child welfare workers could be liable to a sibling who suffered no direct injury as a result of state-created danger or special relationship, the defendants were entitled to qualified immunity." Plaintiff's §1983 claims against Triad also alleges that its child welfare workers are liable to plaintiff based upon these same state-created danger or special relationship theories. Although the individual actions of Triad employees may differ to some extent from the individual actions of May and Davis Maas, the §1983 claims against all defendants arise out of the same transactional nucleus of facts – dereliction of duties of child welfare workers which resulted in emotional distress harm to plaintiff. Plaintiff's §1983 claims against all of the defendants are premised on the same argument – that child welfare workers caused emotional distress harm to plaintiff, because of the

direct harm suffered by his sister. These §1983 claims have been finally and conclusively adjudicated as lacking in merit. The doctrine of the law of the case will not permit this claim to be relitigated against Triad.

An essential element of any §1983 claim, including a *Monell* claim, is that the defendant deprived a plaintiff of a right secured by the Constitution or federal statutes. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988), *Navarro v. Block,* 72 F. 3d 712, 714-15 (9th Cir. 1996), *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-693 (1978), and see generally *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th Cir. 1991). Because the Ninth Circuit has ruled that plaintiff has not been deprived of a right secured by the Constitution or a federal statute, an essential element of a *Monell* claim cannot be established against Triad.

This court did not permit Triad to raise this issue in the Motion for Summary Judgment which it filed on April 12, 2019 (Dkt 117). See Civil Minutes filed on December 4, 2018 (Dkt 92), which permitted Triad to file a Motion for Summary Judgment on only two of the three grounds which it had requested (Letter request from Triad, Dkt 88).

For these reasons good cause exists to grant leave to Triad to file a supplemental brief and related motion papers on the limited issue of whether the March 2, 2020 decision also applies to Triad, so as to bar the §1983 claims against Triad. Triad respectfully requests that this court grant such leave to Triad.

Triad proposes that all papers in support of this additional basis for the granting of its Motion for Summary Judgment be filed no later than August 28, 2020, that plaintiff's Opposition be filed no later than September 11, 2020, and that Triad's Reply papers be filed no later than September 18, 2020.

**C. Plaintiff J.P.'s Position**

J.P. agrees that the Ninth Circuit's decision sets forth law of the case until the United States Supreme Court rules on his petition for cert.

As to the First Amendment, the Ninth Circuit's announcement that a sibling enjoys no right to associate with his sibling under the First Amendment is squarely contravened by an intra-circuit split. *See, Mann v. Sacramento Police Department,* 9th Cir. Case No. 19-15483, D.C. Case No. 2:17-ccv-01201-WBS-DB, Memorandum issued Apr. 30, 2020, DktEntry 4-1 in Case 19-15483 (rehearing denied on June 10, 2020).

Because of this intra-circuit (and inter-circuit) splits, and common sense, J.P. anticipates that the Supreme Court will grant cert on this issue if not also the clearly-establishd issue as well.

J.P. respectfully disagrees with the Defendants' application of the Ninth Circuit's clearly-established qualified-immunity ruling as to his Fourteenth Amendment claims. Defendants County of Alameda and Triad are *not* entitled to qualified immunity. Moreover, contrary to Defendants' dangerous and novel theory, the Ninth Circuit *did not* dismiss or rule on J.P.'s Fourteenth Amendment claims in terms of whether they were adequately alleged. The Ninth Circuit did *not* (make new law to) rule that a foster child's emotional-distress damages are insufficient to allege *any* Fourteenth Amendment violation. Nor should this Court.

J.P. believes the Ninth Circuit has no impact on the Fourteenth Amendment claims now pending against both Defendants, the County of Alameda and Triad.

As to the County of Alameda's request for a dismissal, J.P. would be substantially prejudiced if he were not able to fully respond as appropriate, including potentially a request to amend to conform to proof.

As for Triad, J.P. believes the Ninth Circuit's decision is not relevant to the two issues briefed for summary judgment, i.e. state action and negligence. Moreover, this Court's ruling on those issues may be the subject of yet another appeal. And, this Court has a process for summary-judgment motions which cannot be satisfied by the filing of a supplemental brief on an entirely new claim not raised in an initially-filed summary-judgment motion, i.e., *Monell*. Finally, the Supreme Court may grant cert and rule differently from the Ninth Circuit on the viability of a sibling's First Amendment association claim.

In the interim and in the interest of advancing this case to adjudication, J.P. invites this Court to set a hearing on Triad's fully-briefed motion for summary judgment. For convenience-of-counsel purposes, J.P. requests this be set on a Monday, Wednesday, or Friday if scheduled before September 2020.

If this Court is inclined to accept further briefing as requested by Triad, J.P. believes it would be prudent to schedule this after the Supreme Court has weighed in to preserve this Court's resources.

///

///

///

Respectfully submitted.

Dated: July 10, 2020                    MATHENY SEARS LINKERT JAIME LLP

By: /s/ Ronald E. Enabnit
Ronald E. Enabnit, Attorney for Defendant TRIAD FAMILY SERVICES

Dated: July 10, 2020                    HAAPALA, THOMPSON & ABERN, LLP

By: /s/ Jody Struck
Jody Struck, Attorney for Defendants COUNTY OF ALAMEDA, DIANE DAVIS MAAS, AND SUE MAY

Dated: July 10, 2020                    KESSLER LAW OFFICE

By: /s/ Darren J. Kessler
Darren J. Kessler, Attorney for Plaintiffs J. P., by and through his GAL, SHANNON VILLANUEVA

Dated: July 10, 2020                    DE VRIES LAW, P.C.

By: /s/ Lizabeth N. de Vries
Lizabeth N. de Vries, Attorney for Plaintiffs J. P., by and through his GAL, SHANNON VILLANUEVA

## ELECTRONIC CASE FILING ATTESTATION

I, Lizabeth N. de Vries, am the ECF user whose identification and password are being used to file the foregoing documents. Pursuant to Civil Local Rule 5.1(i), I hereby attest that concurrence in the filing of these documents has been obtained from each of its signatories.

Dated: July 10, 2020                    DE VRIES LAW, P.C.

By: /s/ Lizabeth N. de Vries
Lizabeth N. de Vries, Attorney for Plaintiffs J. P., by and through his GAL, SHANNON VILLANUEVA